AEllis D'Artisan
c/o: 3479 Coastline Pl
San Diego, CA 92110
(808) 800.7477
obtenebrix@protonmail.com



**FILED**

Jan 03 2024

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ RodrigoContreras  DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

## SAN DIEGO

| | |
|---|---|
| AELLIS D'ARTISAN,<br><br>        Plaintiff,<br><br>vs.<br>KELLI MARIE CONNOR DBA KELLI MARIE PHOTOGRAPHY DBA BOUDOIR BY KELLI, JILL LEUER, ALICIA MILLER, ERIC MILLER, JEFFREY BENNION, SARA PASTRANO, THERESA STRATTON GARRETT, JOHN DOE(S) 1-100, JANE DOE(S) 1-100,<br><br>        Defendants. | Case No.:<br><br>'24CV0017 JO   DEB<br><br>**VERIFIED COMPLAINT**<br><br>A-G: **LIBEL**<br> H: **CONSPIRACY**<br> I: **FEDERAL FALSE ADVERTISING AND UNFAIR COMPETITION**<br> J: **VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**<br><br>**JURY TRIAL DEMANDED** |

## **PARTIES**

**I.**     Plaintiff AEllis D'Artisan[1] is a well recognized individual photographer and artist with international publications and sales who operated a nationally recognized brand name of "Seaside Boudoir" out of southern California, in pursuit of his constitutionally guaranteed right to the pursuit of happiness including the rights to be safe and secure in his person, property, and lawful commerce activities to develop, extend, and further his property interests.

**II.**     Defendant Kelli Marie Connor is an individual and purported photographer who has registered trade names of Kelli Marie Photography and Boudoir by Kelli, believed to be a dba of Kelli Marie Photography, in the state of New Hampshire, with multiple stated business addresses including 250 Commercial Road #3020 of Manchester, New Hampshire.

**III.**     Defendant Jill Leuer is an individual purported photographer and resident of Tonawanda, New York, with a principal stated business address of 1333 Strad Ave, N. Tonawanda, New York.

**IV.**     Defendant Alicia Miller is an individual purported photographer and former resident of Copperas Cove, Texas at time of initial commission, now with a self declared domicile of Camp Atterbury, Indiana.

**V.**     Defendant Eric Miller is the individual purported husband and active duty armed service member of purported photographer and defendant Alicia Miller, a former resident of Copperas Cove, Texas at time of initial commission, now with a declared duty assignment & domicile of Camp Atterbury, Indiana.

---

[1] better known in business and creative circles & formally recognized by CA state in 2021 administrative proceedings by the a.k.a. AEllis Obtenebrix, which aka plaintiff used in all public activities.

VERIFIED COMPLAINT [2024] - 2

**VI.** Defendant Jeffrey Bennion aka Jeff Bennion aka Jeffrey Mark Bennion aka Jeff B Photography is an individual purported to be a photographer and resident of Santee, California, with a principal stated business address of 7960 Silverton Ave, Unit 125, San Diego, CA.

**VII.** Defendant Sara Pastrano is an individual who claims to be a photographer with a self reported business address of 135 E Florida Ave, Hemet, California 92543 with self reported business interests in the state of Georgia and dealings with codefendant Jeffrey Bennion.

**VIII.** Defendant Theresa Stratton Garrett is an individual and self reported resident of Oceanside, California claiming to be a photographer.

**IX.** Defendant(s) John Doe(s) 1-100 & or Jane Doe(s) 1-100 are one or more additional yet unidentified private individual(s) or businesses of unknown location(s), acting in concert with one or more other named defendant(s) identified above towards the same goal(s) who have engaged in the same or parallel unlawful activities whose role(s) cannot be fully credited absent further discovery.[2]

---

[2] Defendant Jeffrey Bennion has published that there are at least eighty eight more participants in the activities cited against him in this complaint and more whose identities have not yet been disclosed which are known to include characters of such disrepute as "Dinosaur Man Photography" Nick, "Reina Alissa," both of whom have supported Jeff Bennion's protection of a confirmed sexual predator, & codefendants Sara Pastrano & Theresa Garrett, whose behavior appears to have been incited in part by this Court's November 2, 2023 Order as misreported to them by Jeffrey Bennion, encouraging & inciting their subsequent lawless activities.

## **JURISDICTION**

**X.**      This court holds jurisdiction based on: diversity of citizenship of the
parties in suit[3]; the fact that the related events pertain to interstate commerce;
violation of the Lanham Act; 28 USC 1332; and 28 USC 1367 to hear otherwise
state claims included herein due in part to being part of the ongoing misconduct.

---

[3] None of the original parties taking the actions that initiated this complaint were present or
resident in California. Kelli Connor had and maintained business ties & commerce with individual photographers as
well as speaking at and attending photographer conventions and events in California, including defendant Jeffrey
Bennion, who appears to be an associate and protege of Kelli Connor. In combination with her placing a "bounty"
against plaintiff, California defendants came to be added to this action for subsequent involvement derived from
Connor's initial misconduct and unending campaigns of libel against plaintiff. Connor seems to think she can have
other people continue to wage her shadow war against plaintiff and escape responsibility when in fact all events
named in this complaint trace their original causation and initiation to Kelli Marie Connor acts in New Hampshire.

VERIFIED COMPLAINT [2024] - 4

## COMPLAINT

**XI.**        Plaintiff hereby brings action for damages in equity against named defendants for the following violations of law, some of which originated as far back as 2021 but in all noted instances continue uninterrupted today with active and current ongoing original and derivative acts by the named defendants.

**A.**        **LIBEL**: Beginning in 2021 with continuing publication[4] KELLI MARIE CONNOR harmed AELLIS D'ARTISAN by making one or more of the following false and unprivileged statement(s):

1. "'Aellis' aka 'Seaside Boudoir' aka 'Art by AEllis' has been STEALING from me consistently, across all of his platforms";

2. "Many of the images he displays on this site, his website, and social medias are MY IMAGES that I retain legal copyright to and never gave him permission to use or share for his own financial gain";

3. "I am taking legal action against him as well";

4. "…he [AEllis D'Artisan] uses them [Kelli Marie Connor's images] to lure underage girls";

5. Claiming Kelli Connor is a dissatisfied former customer of plaintiff's, when she has never had any business relationship with plaintiff;

and that KELLI MARIE CONNOR published one or more of these statement(s) in writing to one or more persons other than AELLIS D'ARTISAN; that these people reasonably understood that the statement(s) was/were about AELLIS D'ARTISAN; that these people reasonably understood these statement(s) to mean that AELLIS D'ARTISAN had committed one or more criminal acts related to his professional boudoir photography practice and or violated accepted

---

[4] Publications on at least yelp.com and bark.com verified January 2, 2024.

professional ethics and practices common to his peer photographers in his use of related photographic images; and that as a result AELLIS D'ARTISAN was humiliated and shunned by a number of persons, that this harm was exacerbated to an egregious degree by and thru Kelli Marie Connor's use of one or more other person(s) agency to continue and expand widespread publication of her false statement(s) and or variations of these false statement(s) and where one or more of: Alicia Miller, Ang,  Austin Snider, Christine LaMore, David Jones, Eric Miller, Jessica Ketter, Jill Leuer, Joe Dial, Laura Keaton, Sebastian Guillory, Theodore Sheldon, Jeffrey Bennion, Sara Pastrano, Theresa Stratton Garrett or other individuals have complied with Kelli Marie Connor's urges and requests for agency by themselves publishing additional false written statement(s) against AEllis D'Artisan; by the continued publication of one or more false statement(s); all of which have resulted in continuing deliberate commercial and professional damages to AEllis D'Artisan that include: loss of opportunity, loss of commerce, loss of revenue, and loss of reputation as well as resulting ongoing mental anguish, emotional distress, and perpetual injury to his reputation and business endeavors that have further deprived him of revenue and prospects.

    **B.**    **LIBEL:** AELLIS D'ARTISAN claims he was harmed by ALICIA MILLER by her past and current publication of one or more false and unprivileged statement(s) that:

      **1.** AEllis D'Artisan stole one or more of her images and published them on his website;

      **2.** Alicia Miller is a dissatisfied former customer of plaintiff's, when she has never had any business relationship with plaintiff;

      **3.** "this creep stole an image from my Instagram and posted it on his website";

**4.** "there are about 20 of us in the Boudoir industry who he is harassing";

**5.** "stealing our content";

**6.** "threats he has sent these women";

and that ALICIA MILLER published one or more of these statement(s) in writing to one or more persons other than AELLIS D'ARTISAN; that these people reasonably understood that the statement(s) was/were about AELLIS D'ARTISAN; that these people reasonably understood these statement(s) to mean that AELLIS D'ARTISAN had committed one or more criminal acts related to his professional photography practice and or violated accepted professional practices common to his peer photographers in his use of related photographic images; and that as a result AELLIS D'ARTISAN was humiliated and shunned by other(s).

**C.**   **LIBEL:** AELLIS D'ARTISAN claims he was harmed by ERIC MILLER by his past and current publication of one or more false and unprivileged statement(s) that:

**1.** AEllis D'Artisan stole "renowned photographers work";

**2.** Eric Miller is a dissatisfied former customer of plaintiff's, when he has never had any business relationship with plaintiff;

and that ERIC MILLER published one or more of these statement(s) in writing to one or more persons other than AELLIS D'ARTISAN; that these people reasonably understood that the statement(s) was/were about AELLIS D'ARTISAN; that these people reasonably understood these statement(s) to mean that AELLIS D'ARTISAN had committed one or more criminal acts related to his professional photography practice and or violated accepted professional practices common to his peer photographers in his use of related photographic images; and that as a result AELLIS D'ARTISAN was humiliated and shunned by other(s).

**D.**   **LIBEL:** AELLIS D'ARTISAN claims he was harmed jointly & or severally by JILL LEUER by her past and or current publication of one or more false and unprivileged statement(s) that:

    **1.** imply AEllis D'Artisan is stealing nude images;

    **2.** imply AEllis D'Artisan is selling nude images without permission;

and that JILL LEUER published one or more of these statement(s) in writing to one or more persons other than AELLIS D'ARTISAN; that these people reasonably understood that the statement(s) was/were about AELLIS D'ARTISAN; that these people reasonably understood these statement(s) to mean that AELLIS D'ARTISAN had committed one or more criminal acts related to his professional photography practice and or violated accepted professional practices common to his peer photographers in his use of related photographic images; and that as a result AELLIS D'ARTISAN was internationally humiliated and shunned by other(s).[5]

**E.**   **LIBEL**: JEFFREY BENNION harmed AELLIS D'ARTISAN by his past and current publishing one or more of the following false and unprivileged statement(s), which continue since discovered September 20, 2023[6]:

    **1.** 'most of his pictures on his website and his Yelp are stolen";

    **2.** "He even steals several images of this gothic fairy from @emackelder …";

    **3.** Incorrectly identify AEllis D'Artisan: "his real name is Lachlan Rotschrek aka Ellis Templar";

---

[5] Statements produced by a photographer associate of plaintiff's in Australia.
[6] Verified continued publications on at least instagram.com November 27, 2023.

4. "he has been kicked out of every large Facebook Boudoir Group [...] Jen Smith"[7];

5. "okay here is the truth about lachlan Rotschrek aka Ellis Templar aka AEllis Obtenebrix aka seaside boudoir aka enchanted realm boudoir. He is a theif [sic] and a criminal";

6. Explicitly implicate AEllis D'Artisan in a nonexistent "murder" of Heather LaBounty in San Diego on November 10, 2023;

and that JEFFREY BENNION published one or more of these statement(s) in writing to one or more persons other than AELLIS D'ARTISAN; that these people reasonably understood that the statement(s) was/were about AELLIS D'ARTISAN; that these people reasonably understood these statement(s) to mean that AELLIS D'ARTISAN had committed one or more criminal acts related to his professional photography practice and or violated accepted professional ethics and practices in his use of related photographic images; and that as a result AELLIS D'ARTISAN was humiliated and shunned by a number of other persons; that this harm was egregious and exacerbated by and thru JEFFREY BENNION's use of one or more other person(s) agency where JEFFREY BENNION encouraged and urged other persons in writing to repeat these false statement(s) and or variations of one or more of these false statement(s) and where one or more other individuals have complied with Jeffrey Bennion's urgings and request for agency on his behalf as originally begun by his publishing false written statement(s) against AEllis D'Artisan; all of which direct and indirect acts of libel and harassment have resulted in intentional commercial and professional damages to AEllis D'Artisan

---

[7] In addition to this outright falsehood, the unquoted parts of this publication omit a key element and fact: these very same events are proof conclusive of the harm stated in the first count of libel against Kelli Marie Connor. It was her actions as set forth in that count that caused his 'kicked out' as to the other named parties in this false publication and act of libel by Jeffrey Bennion. This action intends to address only the total outright lie.

therefrom that include: loss of opportunity, loss of commerce, loss of revenue, and loss of reputation as well as resulting ongoing mental anguish, emotional distress, and perpetual injury to his reputation and business endeavors that have deprived him further of revenue and prospects; aggravated by Jeffrey Bennion's deliberate persistence in continuing these publications and encouraging others to promote and publish the same themselves following formal notice and warning by both AEllis D'Artisan and sitting judge(s)[8] that Jeffrey Bennion's noted behavior was unlawful and actionable.

      **F.**    **LIBEL:** AELLIS D'ARTISAN claims he was harmed jointly & or severally by SARA PASTRANO beginning on or before November 7, 2023 in continuation by her past and or current publication on Instagram.com of one or more of the following false and unprivileged statement(s), originally published by Jeffrey Bennion on instagram.com, which continue since discovered:

    **1.** Incorrectly identify AEllis D'Artisan;

    **2.** Explicitly implicate AEllis D'Artisan in a nonexistent "murder" of Heather LaBounty in San Diego on November 10, 2023;

    **3.** Claims AEllis D'Artisan "stole" photographs posted on "his" Yelp and website;

    **4.** "He even steals several images of this gothic fairy from @emackelder …".

and that SARA PASTRANO published one or more of these statement(s) in writing to one or more persons other than AELLIS D'ARTISAN; that these people reasonably understood that the statement(s) was/were about AELLIS D'ARTISAN; that these people reasonably understood these statement(s) to mean that AELLIS D'ARTISAN had committed one or more criminal acts related to his

---

[8] stated in person to Jeffrey Bennion October 11, 2023 by a sitting state judge from the bench.

professional photography practice and or violated accepted professional practices
in his use of related photographic images; and that as a result AELLIS
D'ARTISAN was humiliated and shunned by other(s).

**G.    LIBEL:** AELLIS D'ARTISAN claims he was harmed by THERESA
STRATTON GARRETT on November 7, 2023 by her past and or current
publication on Instagram.com of the false and unprivileged statement that AEllis
stole from her, when she stated "he took one of my images as well," despite the
fact there was never any interaction between her & plaintiff before this published
false statement and plaintiff was unaware of her very existence prior to that same
deliberate false statement, and that TEHRESA STRATTON GARRETT published
this statement in writing to one or more persons other than AELLIS D'ARTISAN;
that these people reasonably understood that the statement(s) was/were about
AELLIS D'ARTISAN; that these people reasonably understood these statement(s)
to mean that AELLIS D'ARTISAN had committed one or more criminal acts
related to his professional photography practice and or violated accepted
professional practices in his use of related photographic images; and that as a
result AELLIS D'ARTISAN was humiliated and shunned by other(s).

**H.    CONSPIRACY:** AELLIS D'ARTISAN claims he was harmed jointly &
or severally by KELLI MARIE CONNOR, JILL LEUER, ALICIA MILLER,
ERIC MILLER, JEFFREY BENNION, SARA PASTRANO, THERESA
STRATTON GARRETT, and other's acts of libel and that one or more of: KELLI
MARIE CONNOR, JILL LEUER, ALICIA MILLER, ERIC MILLER, JEFFREY
BENNION, SARA PASTRANO, THERESA STRATTON GARRETT, & others,
are responsible for the harm because they are or were part of a conspiracy to
commit libel against AELLIS D'ARTISAN with the intent of depriving him of
future business and opportunities as a photographer as openly declared in

publications by parties named above, and one or more of the named defendants in
this declared conspiracy published one or more deliberate false and unprivileged
statements to advance this conspiracy and its stated goal(s).

I.    **FEDERAL FALSE ADVERTISING AND UNFAIR**
**COMPETITION**: (LANHAM ACT § 43(A)(1)(B), 15 U.S.C. § 1125(A)(1)(B)):
KELLI MARIE CONNOR, JILL LEUER, ALICIA MILLER, ERIC MILLER,
JEFFREY BENNION, SARA PASTRANO, THERESA STRATTON GARRETT,
& others acting in concert with or at their request and urging, have published
deliberate false and misleading representations concerning plaintiff AEllis'
personal and professional activities in commerce on Facebook, Instagram, Google,
Yelp and other informational platforms accessible by the public, which platforms'
exclusive use is the commercial advertising and promotion of AEllis D'Artisan's
photographic services, namely one or more of the following statements:

**1.**    AEllis D'Artisan "stealing" photographs or images from defendant
Connor and or other photographers;

**2.**    Inducement of underage women by AEllis D'Artisan;

**3.**    Explicit implication of AEllis D'Artisan in a nonexistent "murder," that
of Heather LaBounty on November 10, 2023;

**4.**    Additional other false claims as to plaintiff's business practices;
and defendants' false claims related to AEllis D'Artisan's professional
photography conduct and practices related to defendant(s)'s self promotion and
which same public advertisements have deceived and are very likely to deceive
consumers regarding plaintiff's professional services and cause them to avoid
patronage of plaintiff's professional practices, these defamatory statements
were and are now published and disseminated in interstate commerce via
commercial internet publication(s) used for public advertisement, are clear and

apparent were intended for defamatory effect, and have and continue to harm plaintiff's ability to retain and expand his professional audience and clientele.

**J.      VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW:** Defendants KELLI MARIE CONNOR, JILL LEUER, ALICIA MILLER, ERIC MILLER, JEFFREY BENNION, SARA PASTRANO, THERESA STRATTON GARRETT, & others, violated Cal. Bus. & Prof. Code § 17200 ("UCL")[9] which prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited" when Defendants published as nominal peer(s) and competitor practice(s):

**1.**      that plaintiff "stole" images from Kelli Marie Connor and others;

**2.**      enticed potential consumers and their related parties to publish false statements and negative reviews against Seaside Boudoir without ever having interacted or patroned either AEllis D'Artisan or Seaside Boudoir;

**3.**      alleged that AELLIS D'ARTISAN induced adult activities with underage women thru the course of creating, developing, or using these images & his related photographic business activities;

**4.**      Implicated AEllis D'Artisan as a participant in a nonexistent "murder," that of Heather LaBounty on November 10, 2023; and these same false published statements did deter and discourage other adults from communicating with, patroning, or lawfully transacting with plaintiff, causing economic loss to plaintiff.

**XII.**      Defendants' actions have persisted since August 2021 or earlier and continue without cessation today with numerous false written publications including those above against AEllis D'Artisan by defendants with multiple

---

[9] Noted separately twice by state court judges, once direct to codefendant Jeffrey Bennion who has not ceased or altered his misinformation and deliberate false publications since being so reprimanded October 11, 2023..

published false statements verified active, published and displayed by defendants as recent as November 27, 2023 on multiple websites.

**XIII.**    Despite numerous demands to cease and desist to the named defendants and their agent(s), defendant(s) have instead escalated and diversified their deliberate public false statements against plaintiff, his brand, and his reputation, while continuing to themselves operate as competitive peers, several of whom daily boast their own advertised unlawful corporate policies and practices (e.g. Connor's & others' deliberate unlawful gender discrimination), and with continual violations of the required and mandatory terms of service of the publishing platforms on which they publish these acts of libel.

**XIV.**    Kelli Marie Connor, contrary to her false statement, has never initiated any legal action(s) whatsoever towards AEllis D'Artisan or Seaside Boudoir, including but not limited to any cease and desist or public takedown request.

**XV.**    Kelli Marie Connor, Jeffrey Bennion, Sara Pastrano, Theresa Stratton Garrett, and others have however received a cease and desist notice from plaintiff in an attempt to avoid necessity of a suit in equity. Rather than keep the peace or admit error, every single party given notice not only continues the unlawful activities cited herein but has 'doubled down' in their unlawful efforts to harass and oppress plaintiff as well as recruit others to assist them in publishing and promoting their unlawful efforts, even after a sitting judge in session, the second judge to so state, noted that Jeffrey Bennion's activities were unlawful and likely violated at least California's Unfair Competition Law and suit should be filed for their harassment(s) and misconduct.

**XVI.**    Defendants' acts of libel include but are not limited to deliberate false statements with malicious intent published on Google, Yelp, & Meta[10] platforms

---
[10] combined Facebook & Instagram brands.

first in both public and semi-public published personal and business pages, peer photography groups dedicated to boudoir photography and related professional concerns including at least one peer group dedicated more generally to efficiency and creativity in studio spaces unrelated to boudoir, all of which peer groups expelled and banned AEllis D'Artisan upon the personal urging and demands of Kelli Marie Connor, which same pattern of behavior was adopted soon thereafter by Jeffrey Bennion who has replicated and continues this activity to spread these false statements far and wide in the broader photography community such that they are now widely known in San Diego and have cost plaintiff paid work and employment. These undisputed public statements by defendants are explicit acts of libel are in no way protected forms of speech. They are instead known false statements delivered and published with malicious, hateful, dedicated, and determined unlawful intent to incite hatred and or violence towards the plaintiff. These statements epitomize the rash of unlawful and unreasoning "cancel culture" mob attacks that have swept the nation in recent years in response to and spurred by recent leftist attacks on society and our national dialogues.

XVII.    Defendants herein have conspired with intent to deprive plaintiff of any opportunity to conduct photographic business or generate revenue, at first within the boudoir niche of portrait photography, now at present in any photographic forum involving people, and by their own declaration(s) intended to force him out of business, which intent and actions are indisputable, contrary to law, and one or more defendant(s) have acted to further this declared conspiracy as witnessed by such well renowned industry figures as Alayna Marr, Sue Bryce, & Michael Sasser, among others available to testify against defendants.

XVIII.    One or more agents of defendants, including one or more of: David Jones, Austin Snider, Laura Keaton, Ang, Theodore Sheldon. Christine LaMore,

have reported to plaintiff in private communication that they received promises of rewards and incentives from at least Kelli Marie Connor in exchange for their participation in these activities, for "posting a negative review" against Seaside Boudoir, AEllis D'Artisan boudoir photography brand, in the form of cash or discounts on professional photography education, services, or products with Kelli Marie Connor.

**XIX.**    None of defendants' published false statements involve any registered or recognized copyrighted work by any related defendant or known party. Rather, each of the final edited images displayed on plaintiff AEllis D'Artisan websites under his control include his own work product, license, or were released into the public domain. It is important to note that defendants' libel began within and related to the boudoir photography niche but have since been expanded to include plaintiff's other published photography including undisputed original work products of AEllis D'Artisan alone.

**XX.**    These unlawful acts by defendants continue regularly today by defendants and or their associates including several figures who conceal their true identity behind false identities such as "Dino Man Nick" aka "Dinosaur Man," aka "Dinosaur Man Photography," "Nick" of Santee, California[11], which take every opportunity to unlawfully malign, slander, stalk, harass, annoy, and oppose the plaintiff in any public forum, even to the point of harassing other lawful business owners who conducted business with the plaintiff to the point that they have in fact interfered and continue to interfere with plaintiff's professional and personal endeavors and employability.

---

[11] Self-published phone #: (619) 647-5531, email: dinosaur_man2002@yahoo.com, per https://www.facebook.com/DinoMan.Photography accessed most recently November 27, 2023.

## FACTUAL & HISTORICAL BASIS OF THIS ACTION

**XXI.**        Any business must find an effective path to consumers for it to be successful. In recent years Google has accounted for nearly 90 percent of all general-search-engine queries in the United States, and almost 95 percent of queries on mobile devices. It is therefore by far the most successful platform for any business marketing effort or strategy available today and also an unavoidable platform, whether as a monopoly or otherwise, it has the single largest voice that provides any merchant an opportunity to appeal and present to consumers in any marketplace in the nation. Google has foreclosed competition for internet searches to such a degree in this country that general search engine competitors have no real chance to challenge Google and thereby force both merchants and consumers to deal with Google on Google's terms. Google is so dominant that "Google" is not only a noun to identify the company and the Google search engine but also a verb that means to search the internet. Whatever Google chooses to promote, promulgate, or advertise is unavoidable and cannot be concealed from the market, whether true or false. Facebook and Yelp's platforms, while secondary to Google's, have similar market influence on public consumers. These platforms in effect provide no effective way to dispute their decisions on the information they or a registered user on their platform publishes against a person or business. Further, Google & Facebook choose at whim whether or not to enforce or not their stated and published policies, negating numerous efforts by plaintiff to have such false statements removed following their deliberate false publication by defendants.

**XXII.**        Defendant Kelli Marie Connor operates a line of business in New Hampshire parallel to plaintiff's former brand of photography in southern

California, ("Seaside Boudoir"), and further claims to educate others who aspire to operate a similar business for themselves anywhere in the nation. Connor reports her studios produce "seven figure annual revenue" to attract more students who spend significant sums for her advice and teaching, with a document of about ninety pages priced $699 & others offered for thousands of dollars[12]. Kelli Marie Connor speaks as a guest at events in California, visits California on "working vacations" related to photography, and communicates on a regular basis as a routine course of her business with photographers in California including codefendant Jeffrey Bennion.

**XXIII.**     AEllis began the Seaside Boudoir photography brand after consulting and researching a number of related peers, groups, and educators in a variety of photographic arts with which he was experienced. In attempting to understand the unique business aspects of this niche in the United States and identify a market for himself, plaintiff encountered Connor, who provided numerous materials, documents, and information gratis, for their adaptation & general use in promoting this business niche. These materials are themselves in the public domain as provided by Connor for prospective students' alteration and use, meant to tease and entice prospects into spending the outrageous sums she requests for tutelage. Plaintiff ultimately selected more compatible peers of comparable quality whom plaintiff deemed less predatory, less narcissistic, professional, and relatable. While it is possible that plaintiff may have incorporated isolated elements acquired from Connor at some point, any such items would already be in the public domain due to Connor's unrestricted public release of these same images without any reserved licensing restrictions, no stated or implied limitations on their use, and the

---

[12] https://kelliconnor.podia.com/posing-guides-apps accessed December 16, 2021, verified November 27, 2023. Related photo shoots with Connor or her staff also cost clients several thousand dollars to assuage Connor's unquenchable ego.

widespread public dissemination of these materials by Connor. At no time has
Connor registered any image in question for copyright or restricted their use and
plaintiff is unaware of any specific image or original template in use now or then
that is attributable to Connor or her work product. Connor makes it clear
throughout her advertising & indoctrination efforts that materials, methods, and
practices she supplies to students and prospective students are for use and or
adaptation by the student or prospect. These permissions were clear, express, and
explicit.

**XXIV.**     Photographers maintain a number of peer forums and networks whereby
they encourage and promote their arts, knowledge, and share creative, artistic,
technical, and business tips, strategies, and common use materials with peers as
well as aspiring peers. These forums include several online Facebook groups.

**XXV.**     In June or July 2021, plaintiff shared in one such Facebook forum a tip
to another photographer who took an unintended offense. In addition to being
postpartum, the reason she claimed to seek that advice, that same photographer
was associated with defendant Connor. Immediately thereafter, defendant Connor
began a personal "cancel culture" campaign against plaintiff across a number of
platforms. Plaintiff no longer has access to this original exchange or many of the
resulting actions against him within the Facebook groups due to Kelli Marie
Connor's requests to those group moderators and administrators to ban and expel
plaintiff from all such groups where she had a presence.

**XXVI.**     Defendants(s) have stated in writing that this particular niche of
photography is extremely sensitive to a practitioner's personal reputation.
Defendant's acts of libel include publication of known false statements alleging
theft of Kelli Marie Connor's photographs by plaintiff, and statements that plaintiff
induces inappropriate contact or exchanges with underage females. In making

these false statements, defendants' had full knowing intent to damage and destroy plaintiff's reputation, credibility, and any potential trust with his local clientele and future prospects, even though these same clientele were likely never potential clients of defendants' for any similar product or service as the overwhelming majority of consumers find and utilize a local practitioner that they identify through a local search for a practitioner, most often through Google, Facebook, or word of mouth from associated local consumers.

**XXVII.**     Defendants have undertaken an ongoing & persistent campaign of malicious harassment, slander, and defamation against plaintiff designed and intended to, in defendant Connor's own words "drive [plaintiff] out of business forever." The resulting publications have been reported to plaintiff form as far away as Australia as well as all corners of the United States, from which plaintiff has received regular harassment and even death threats, from Eric Miller as well as numerous other persons incited by defendant(s).

**XXVIII.**     Defendant Connor personally harassed plaintiff with derogatory remarks and comments on several platforms: Facebook, Instagram, Yelp, Google, and others[13]. In her comments and remarks, defendant Connor raised a variety of allusory and false claims against plaintiff without an iota of proof for any claim made. This harassment by Connor spread from Connor's own personal harassment to a wave of "cancel culture" efforts as her fans & others responded out of emotion devoid of any reasoned analysis of Connor's false statements, often added their own false statements and accusations, some of which were in response to Connor's publishing a "bounty" reward for anyone who published a negative review against AEllis D'Artisan or his Seaside Boudoir business brand on Facebook, Google, or

---

[13] Additional platforms routinely duplicate and repeat these public comments in the routine course of business, thus these publications are now found in duplicate in places not originally posted by Connor herself.

Yelp. Thereafter a mob mentality took hold in the related photographic niche community that included several individuals[14], but not within the larger photographic communities as a whole until the summer of 2023. Defendant Connor encouraged others acts of libel by repetitions of her known false published statements.

XXIX.      During the summer of 2023 Jeffrey Bennon paralleled and expanded upon Connor's initial efforts at libel against plaintiff in the broader photographic community at large well beyond the original boudoir niche. Plaintiff has confirmed accounts of his written publication to third parties throughout southern California, Arizona, and Nevada due to those parties contacting plaintiff with harassment and threats, as well as threatening and harassing third party businesses and individuals engaged in commerce with AEllis D'Artisan.

XXX.      Jeffrey Bennion continues to publish deliberate false public statements about and against AEllis D'Artisan and encourage others to do the same, with individuals such as Sara Pastrano mimicking Bennion's behavior as he requests in his malicious publications intended to further Connor's original strategy. Bennion has already established in court records his related communication with Connor, who has referred to these same communications in her declaration before this court, though she doesn't provide Bennion's name.

XXXI.      On November 7, 2023, Theresa Stratton Garrett chose to 'jump on the bandwagon' along with several other individuals repeating Bennion's libel by adding her own false claim in hopes of garnering personal attention, claiming plaintiff had "stolen" from her as well, despite the fact there was never any interaction between her & plaintiff before her published false statement. When

---

[14] Commented on with confirmation of intent in writing by private taunts from Connor's associate Jessica Ketter on December 19, 2021.

directly messaged by plaintiff on November 7, 2023 with a request to disclose exactly what image plaintiff "stole" from her or retract her false statement, Theresa Stratton Garrett refused to respond, even after being warned she risked addition to the formal court action for her participation in deliberate libel.

XXXII.     When confronted by plaintiff, some parties who repeated Connor's false statements and claims without any personal knowledge of or contact with plaintiff apart from Connor's incitement reported to plaintiff that Connor had offered them or their spouse $50 incentives or discounts on photographic products or education products in return for filing a negative review or repeating her false narrative against plaintiff in a public review, such as on Google, Facebook, or Yelp. Countless individuals accepted this reported incentive and plaintiff's Facebook business page[15], Google Business listing[16], Instagram account[17], and other advertising platforms were flooded with false and hateful declarations which included widespread threats of violence, harm, and even threats against the plaintiff's life. The false statements were replete with repetitions of Connor's original false claims related to intellectual property theft and pedophilia. Behavior by Connor and those she influenced that rose to felony criminal levels[18], all at the instigation and incitement of defendant Connor.

XXXIII.    As a result of these behaviors, plaintiff's original business platform on Instagram was terminated by Instagram and after several months offered to another photographer in the same niche who voluntarily surrendered and returned it to AEllis D'Artisan once becoming aware of the events related to this suit, whereupon AEllis D'Artisan regained access to and control of that brand asset in or about

[15] https://www.facebook.com/boudoir007
[16] https://goo.gl/maps/nCiVMPcbARdneQ186
[17] https://www.instagram.com/seasideboudoir
[18] interstate communications by phone and internet included explicit death threats to plaintiff.

VERIFIED COMPLAINT [2024] - 22

April 2022. Several other participants in this "cancel culture" campaign that
Connor incited against plaintiff lost temporary access to their accounts for a month
or more while Instagram researched the flood of hate messages and threats against
plaintiff, who had blocked more than fifty unique individuals prior to Instagram's
own censure of these illegal activities and termination of plaintiff's account to
quell the unrest. Connor however continued her unlawful harassment and slander
of plaintiff with known false statements on other platforms, knowing all along that
her statements were false, deliberate lies told by her to inflame public opinion
against plaintiff in part based on his masculine gender and his opposition to her
egotistical behavior, peer influence[19], and predatory practices upon both her clients
and peers.

XXXIV.     In response to these attacks, Plaintiff restricted unsolicited public
comments on his Facebook page[20] to minimize the effects of this harassment,
began new Instagram accounts, and attempted to continue his business and ignore
Connor and her efforts, after issuing written warnings to her against pursuing him
in any venue or persisting in her personal or professional attacks, in light of the
threats against his life made on her behalf, and in at least two instances, declared
as being made on Connor's behalf and at her urging. Many of these written
statements have since been lost, destroyed by Instagram when it locked plaintiff
out of his @seasideboudoir account, eventually terminated that account, and
transferred that handle to another user at Connor's instigation.

_____

[19] Plaintiff has made comments to peers in private discussion based on his interactions with and
observations of Connor that he felt Connor conducted her business and encourages others to conduct business in a
manner reminiscent of a sexual predator and maintains that personal opinion to this day. It is plaintiff's personal
belief that another party relayed one or more of these opinions back to Connor, and this may be the origin of her
deliberate false allegations of pedophilia.
[20] Facebook provides no mechanism for anyone but the original author to remove these posts.
Thus, they remain posted and published to this day by defendants and their associates, a continuing act of libel.

**XXXV.**     Many of the other original comments by Connor as well as more recently
Bennion as well as the threats from their agents remain inaccessible to plaintiff as
they are published within Meta[21] groups that plaintiff no longer has membership or
access to view due to the requests by Connor that plaintiff be expelled and banned
from those same groups and thereby denied a voice or professional participation.
These bans also continue to this day.

**XXXVI.**     Connor's harassment and knowing false statements were published and
promoted across numerous platforms, including Google, Facebook, Instagram, and
Yelp, all contrary to the published terms of service and policies required for her
lawful use of each and every one of those platforms, illustrating her egregious and
malicious intent and action against plaintiff, as does her reported "bounty" against
plaintiff.

**XXXVII.**     There is no known evidence that plaintiff has ever published any other
photographer's protected work without permission or in violation of any registered
copyright or intellectual property law. Requests by plaintiffs to parties claiming
otherwise to produce proof have not produced a single example to the contrary,
only silence or abusive epithets.

**XXXVIII.**     Connor's harassment of plaintiff continued unabated, even after plaintiff
added restrictions on who could comment or contact him on Instagram, Facebook,
or Google platforms, despite knowing that these same measures must by necessity
throttle his business prospects as he had no way to exclusively restrict or censure
unknown antagonists incited by Connor to contact and harass him without also
restricting possible business clients from likewise contacting him for legitimate
economic exchanges. As a result, plaintiff suffered substantial loss of economic
and business opportunities, as well as actual lost revenue, exacerbated by the

---

[21] Facebook and Instagram's corporate identity of which they remain branded products thereof.

necessity of plaintiff taking time away from productive efforts to stymie and combat the constant harassment by Connor and those associated with or recruited by her. Plaintiff's business has never recovered from these attacks and sufficient client traffic has never returned to his website or platforms since these attacks began and Seaside Boudoir was forced to cease operations as a brand identity early in 2023.

XXXIX.     Plaintiff issued a Cease and Desist notice to defendant Connor and Google November 18, 2021, noting plaintiff's intent to seek damages if defendant Connor failed to end all of her harassment and defamatory efforts against plaintiff and remove all of her own false posted claims against him at once as well as the removal of those posted by others as agents on her behalf or at her request. Connor instead responded two days after the notice was electronically delivered to her with increased threats and harassment from a number of individuals familiar to Connor, several of which remain posted and visible to the public on Google and Yelp platforms, posted from November 20th thru 23rd inclusive on those platforms[22], all of which reference a false claim of "stealing" from Kelli Marie Connor and or others and attempting to warn prospective clients away from plaintiff's business. As with the direct complaints, threats, and harassment by Connor herself to the sustained and ongoing detriment of plaintiff and his business.

XL.     Plaintiff first issued a Cease and Desist notice to defendant Jeffrey Bennion August 3, 2023, noting plaintiff's intent to seek damages if defendant Bennion failed to end all of his harassment and defamatory efforts against plaintiff

---

[22] Including but not limited to e.g. https://goo.gl/maps/BbqtpFcxfqPD9if76; https://goo.gl/maps/FqN5JZCHysBFD4zT8; https://goo.gl/maps/2SUNZd9U9Lbhj1CQ6; https://goo.gl/maps/3CxXSkmT3sp8ekZ96; https://goo.gl/maps/hxRkUxDzqqjCYnCE6; a 1-star review (no sharable link provided) by "Sebastian Guillory," as well as by related party "Laura Keeton" on December 18, 2021, as well as any and all review(s) attributable to Kelli Marie Connor herself and fake appointments scheduled to harass plaintiff. These false statements reached the public and were acted upon as far away as Australia.

and remove all of his own false posted claims against him at once as well as the removal of those posted by others as agents on his behalf or at his request. Bennion instead responded with taunts to the plaintiff as well as increased threats and harassment from a number of Bennion's associates, several of which remain posted and visible to the public to the sustained and ongoing detriment of plaintiff and his business.

**XLI.**      Sara Pastrano & Theresa Stratton Garrett responded to plaintiff's cease and desist demand and notice of claims issued November 2023 by blocking plaintiff's social media account, followed by continuing to publish their former as well as additional false unprivileged false statements against plaintiff.

**XLII.**      Defendant Jill Leuer, an aspiring photographer who has idolized Connor due to Connor's purported successes herself furthered these efforts by publishing written posts in a number Facebook groups with photographers in them that might operate within the same niche as plaintiff and herself. Leuer posted statements she knew or had good reason to know were false within these Facebook groups, without realizing these posts would be forwarded to the plaintiff. Plaintiff thereafter researched to determine if he had ever had any contact with Jill Leuer and learned the only common denominator was defendant Connor, who had originated Leuer's false declarations as repeated by Leuer, taken as they were from Connor at face value without any investigation whatsoever.

**XLIII.**      When confronted by plaintiff with a demand to cease and desist or face legal action, defendant Leuer denied all knowledge of plaintiff, who he was, or any prior contact with him whatsoever, the only truth she ever told any party in related matters. Connor, the author and instigator of this entire drama made the exact same statement when confronted in a public forum that her potential clients might view. Facebook records and images Leuer had uploaded to her personal page remove any

doubt as to her identity as the responsible party publishing the false posts constituting the libel that is the subject of this action with Leuer's apparent intent to harm plaintiff's business endeavors and reputation. Leuer persisted in her misconduct despite being given multiple written opportunities to avoid this litigation and has not to plaintiff's knowledge ever removed her publications or recanted in any forum.

XLIV.      About this same time, in November 2021, Connor revealed that she was behind all of these ongoing efforts against plaintiff, not only through her own posts, the content of which was in essence repeated in part in each of her associates's hostile and adverse publications, many of whom plaintiff had never encountered or interacted with, but by also revealing she was the influence who placed extreme pressure on a number of niche photography peer groups to expel, sever all ties with, and otherwise ostracize plaintiff, depriving him of those creative resources, networking, educational, and referral opportunities.

XLV.      Connor's intimidation of others to these ends resulted in one Michael Sasser of Sasser Stills Boudoir, to sever ties and distance himself from plaintiff in order to alleviate harassment by Connor and her associates over his continued business association with plaintiff. This pattern of behavior was adopted and pursued by Jeffrey Bennion who has encouraged and incited numerous others to join the conspirators' crusade of harassment and libel against plaintiff. This fact is heavily documented and boasted about by himself as recent as November 27, 2023 when plaintiff last checked and actions by those Bennion has incited against plaintiff as recent as November 27, 2023 where he boasts at least 88 active participants[23] promoting his malicious false publications.

---

[23] The foremost cause of the revised John Doe & Jane Doe parties count.

VERIFIED COMPLAINT [2024] - 27

**XLVI.**     The result of Connor's bullying and intimidation of supposed peers in
her industry has been aimed all along at ostracizing plaintiff from the community
of similar entrepreneurs, badmouthing him to such a degree that no clients would
likely trust him for their professional services, and deprive plaintiff of income and
opportunity until he abandoned his enterprises. As Connor's efforts to these ends
are clearly unlawful and exceed any reason or legal right in addition to violating all
applicable laws, both civil and criminal, Connor and her co defendants must be
held accountable for all such losses of opportunity and revenue until such time
plaintiff has recovered in full from the damages they have caused to plaintiff by
and thru their conscious and deliberate adverse and unlawful efforts. The further
his professional reputation is attacked, the greater their recompense to him for
deprivation of income and opportunities.

**XLVII.**     False and libelous claims against plaintiff and his business continue to be
posted & published by defendants on the internet, including on yelp.com,
bark.com, Google, and websites Google catalogs. The content and circumstances
of these publications reveal them to be part of Connor's et al., ongoing unlawful
terror campaign against plaintiff and his lawful business endeavors, initiated under
the influence of Connor as deliberate acts of fraud and libel still published today
despite repeated provision to Google and others by plaintiff of sound information
that these publications violate extant law, are false, and violate multiple terms of
Google's policies and terms of service.

**XLVIII.**     Instead of defending or justifying their conduct when publicly
challenged by plaintiff, each defendant has denied that they have ever interacted
with plaintiff AEllis, Seaside Boudoir, any other business brand or entity of
plaintiff's;  contrary to the evidence at hand that they had each published false
unprivileged statements against AEllis & or Seaside Boudoir without ever

engaging in any prior business whatsoever with plaintiff or any of his photographic brands, despite their false publications denouncing plaintiff.

**XLIX.**    Published false statements of defendants remain active and visible on the internet, with ongoing continued defamation, ostracisation, and marginalization by peers of the plaintiff. These represent ongoing & continued damages impacting plaintiff & plaintiff's professional efforts & endeavors as reported to plaintiff by potential models & clients as well as a marketing firm that approached plaintiff seeking to represent his business efforts and produced numerous such published false statements plaintiff was unaware remained displayed or published. On information and belief, defendant(s) also pursue this entire pattern of behavior against other professional peers of the plaintiff in San Diego today.

## **REQUEST FOR RELIEF**

Plaintiff now seeks:

**A)**    Declaration that defendant's "cancel culture" terror tactics are and were in fact prohibited unlawful acts;

**B)**    Injunction ordering the permanent and total removal by defendants and all related parties from all platforms of all related false statements constituting acts of libel or slander against plaintiff related to any statements shown false;

**C)**    Permanent injunction enjoining defendants from engaging in any and all further acts of harassment against plaintiff, direct or thru any intermediary agency, with clear explicit civil penalties for any & all such future violations;

**D)**    Compensatory monetary damages to fully compensate AEllis for the permanent harm, emotional distress, mental anguish, loss of business, loss of income, loss of opportunity, and loss of reputation suffered as a result of the defendants' public and false attacks in a minimum amount of twenty five million dollars ($25,0000,000);

**E)**    Punitive monetary damages in the amount of seventy-five million dollars ($75,000,000) for the unlawful egregious misconduct of defendants given the permanent and indelible nature of these false statements and the deliberate injury caused with malice, to deter defendants and those who follow them from engaging in such unconscionable and lawless behavior towards plaintiff or anyone else;

**F)**    Costs and expenses related to this action against defendants;

**G)**    Any additional relief the Court finds just and proper.

RESPECTFULLY SUBMITTED THIS __2nd__ DAY OF __January__, 2023.

VERIFIED COMPLAINT [2024] - 30

RESPECTFULLY SUBMITTED this 2nd day of January, 2023

/s./ AELLIS D'ARTISAN
*pro se*

obtenebrix@protonmail.com *
(808) 800.7477
Transient, no address
%:
3479 Coastline PL
San Diego, CA 92110
(all service to be electronic)

VERIFIED COMPLAINT [2024] - 31

## VERIFICATION

### STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I, AEllis D'Artisan, hereby declare:

I am the plaintiff in this action. I have read the foregoing complaint and know

its contents. The matters stated in the foregoing complaint are true of my own

knowledge and belief and I believe them to be true in their entirety as presented and

otherwise documented. I hereby declare under penalty of perjury under the laws of the

State of California that the foregoing is true and correct.

Executed on this __2-λ__ day of January, 2024 in San Diego County, California.

_____
AELLIS D'ARTISAN
plaintiff, pro se
obtenebrix@protonmail.com


*ALL Notice(s) to be provided to email address above and in no other fashion until further notice is given
as postal mail delivery is untimely.