UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AELLIS D'ARTISAN,<br><br>                    Plaintiff,<br><br>v.<br><br>KELLI MARIE CONNOR dba KELLI MARIE PHOTOGRAPHY dba BOUDOIR BY KELLY; JILL LEUER; ALICIA MILLER; ERIC MILLER; JEFFREY BENNION aka JEFF BENNION aka JEFFREY MARK BENNION aka JEFF B PHOTOGRAPHY; SARA PASTRANO; THERESA STRATTON GARRETT; COREY ANN BELAZOWHICH; JOHN DOES 1-100; JANE DOES 1-100,<br><br>                    Defendants. | Case No.: 24-cv-17-JO-DEB<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915** |

      Plaintiff AEllis D'Artisan ("Plaintiff"), proceeding *pro se*, filed a false advertising action under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), alleging that his competitors and other individuals conspired to defame his photography business. Dkt. 3, First Amended Complaint ("FAC"). Plaintiff also filed a request to proceed *in forma pauperis* ("IFP") and a "motion for service by U.S. Marshall." Dkts. 2, 4. For the reasons below, the Court grants Plaintiff's motion to proceed IFP and denies as moot Plaintiff's request for Marshal Service.

## I. MOTION TO PROCEED IFP

Plaintiff has not prepaid the civil filing fee and instead requested to proceed IFP, claiming an inability to pay. Dkt. 2. A plaintiff instituting any civil action, suit, or proceeding in a federal district court, except an application for writ of habeas corpus, must pay a filing fee of $405. 28 U.S.C. § 1914(a). However, a district court may waive the filing fee by granting the plaintiff leave to proceed IFP. 28 U.S.C. § 1915(a)(1). To proceed IFP, a plaintiff must submit an affidavit that includes a statement of all assets and demonstrates an inability to pay the filing fee. 28 U.S.C. § 1915(a); *see also* Local Civ. R. 3.2. An affidavit is "sufficient where it alleges that the [plaintiff] cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted). "The granting or refusing of permission to proceed [IFP] is a matter committed to the sound discretion of the district court." *Skelly v. U.S. Dep't of Educ.*, 2019 WL 6840398, at *2 (S.D. Cal. Dec. 16, 2019) (quoting *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965)).

In support of his IFP motion, Plaintiff has filed an affidavit under the penalty of perjury explaining his financial circumstances. Dkt. 2. He indicates that he is self–employed with a gross monthly income of $500.00. *Id.* at 2. Plaintiff indicates he has no assets. *Id.* at 3. The affidavit has "sufficiently show[n] that he lacks the financial resources to pay filing fees." *Dillard v. So*, 2013 WL 4857692, at *1 (S.D. Cal. Sept. 11, 2013). Accordingly, the Court GRANTS Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a).

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

Because Plaintiff is granted leave to proceed IFP, his FAC must undergo a *sua sponte* screening for dismissal. Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*,

254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). *Pro se* complaints are construed "liberally" and may be dismissed for failure to state a claim only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Wilhelm v. Rotman*, 680 F.3d at 1113, 1121 (9th Cir. 2012).

Upon screening Plaintiff's FAC, the Court concludes that Plaintiff has satisfied the "low threshold" set for *sua sponte* screening as required by 28 U.S.C. § 1915(e)(2) for stating a plausible claim for defamation, libel, violation of California's UCL, and violation of the Lanham Act against all Defendants. *See Wilhelm*, 680 F.3d at 1121.

### III. CONCLUSION

For the reasons explained above, the Court:

1. **GRANTS** Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a). Dkt. 2.

2. **DENIES** as moot Plaintiff's motion for Marshal Service. Dkt. 4.

3. **DIRECTS** the Clerk of the Court to issue a summons as to Plaintiff's First Amended Complaint (Dkt. 3) upon Defendants and to forward it to Plaintiff along with a blank U.S. Marshal Form 285 for the named Defendants. The Clerk will also provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons (together, the "IFP Package") so that he may serve Defendants. Upon receipt of the IFP Package, Plaintiff must complete the Form 285 as completely and accurately as possible, include an address where Defendants may be found and/or subject to service pursuant to S.D. Cal. Civ. LR 4.1c., and return it to the United States Marshal according to the instructions the Clerk provides.

4. **ORDERS** the U.S. Marshal to serve a copy of the First Amended Complaint and summons upon Defendants as directed by Plaintiff on the completed USM Form 285, and to promptly file proof of service, or proof of all attempts at service unable to be executed, with the Clerk of Court. *See* S.D. Cal. Civ. LR 5.2.

All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

**IT IS SO ORDERED.**

Dated: June 18, 2024

_____
Honorable Jinsook Ohta
United States District Judge