Jeffrey M. Bennion, Esq.
LAW OFFICE OF JEFF BENNION
7960 Silverton Ave, Suite 125
San Diego, CA 92126-6345
Tel: (619) 850-4859
Email: jeff@jbennionlaw.com

Attorneys for Defendant Jeffrey
Bennion aka Jeff Bennion aka Jeffrey
Mark Bennion aka Jeff B Photography

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AELLIS D'ARTISAN<br>Plaintiff,<br><br>vs.<br><br>KELLI MARIE CONNOR dba KELLI MARIE PHOTOGRAPHY dba BOUDOIR BY KELLY; JILL LEUER; ALICIA MILLER; ERIC MILLER; JEFFREY BENNION aka JEFF BENNION aka JEFFREY MARK BENNION aka JEFF B PHOTOGRAPHY; SARA PASTRANO; THERESA STRATTON GARRETT; COREY ANN BALAZOWICH; JOHN DOES 1-100; JANE DOES 1-100,<br><br>Defendants. | Case No.: 24-cv-17-JO-DEB<br><br>**DEFENDANT JEFFREY BENNION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[FRCP 12(b)(1), 12(b)(6)]<br><br>Complaint Filed: January 3, 2024<br>Judge: Hon. Jinsook Ohta<br>Courtroom No.: 4C<br><br>Hearing Date: October 31, 2024<br>Hearing Time: 9:30 am |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that this matter shall be scheduled for hearing at the U.S. District Court Southern District of California located at 333 W Broadway, San Diego California 92101, Hon Jinsook Ohta in Courtroom 4C, on October 31, 2024 at 9:30 am. Pursuant to local rule, the Court may rule without oral argument. This motion is made on the following

1

1    grounds: 1) FRCP 12(b)(1), FRCP 12(b)6). Although pursuant to chambers

2    rules IIA, meet and confer is not required where a party is pro se and not an

3    attorney, Defendant attempted to meet and confer with Plaintiff and received

4    no response.

5           This motion will be based on this notice of motion, the memorandum

6    of points and authorities, the accompanying request for judicial notice, the

7    declaration of Jeffrey Bennion, and any other oral or documentary evidence

8    as may be presented to the Court in support of this motion.

9

10   Dated: August 28, 2024              Law Office of Jeff Bennion

11

12                                       By:   s/Jeffrey M. Bennion
                                         Jeffrey M. Bennion, Esq.
13                                       Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT JEFFREY BENNION'S MOTION TO DISMISS

1

2

# **TABLE OF CONTENTS**

I.    FACTUAL BACKGROUND ................................................... 1

II.   SUMMARY OF MOTION ...................................................... 3

III.  PLAINTIFF'S IFP APPLICATION SHOULD BE SUSPENDED........ 5

IV.   PLAINTIFF SHOULD BE DECLARED A VEXATIOUS LITIGANT 8

V.    THERE IS NO DIVERSITY JURISDICTION .................................... 10

VI.   THE   LANHAM   ACT   DOES   NOT   APPLY   BECAUSE   THE
      STATEMENTS   ALLEGED   IN   THE   COMPLAINT   WERE   NOT
      ADVERTISEMENTS .......................................................... 11

      I.    THE STATEMENTS DO NOT MEET THE DEFINITION OF
            AN ADVERTISEMENT ........................................... 13

      II.   THE COURT MAY DISMISS THE REMAINING STATE
            CLAIMS IF THE ORIGNAL JURISDICTION CLAIMS ARE
            DISMISSED ................................................... 14

VII.  PLAINTIFF'S CLAIM FOR LIBEL FAILS ........................................ 15

VIII. PLAINTIFF'S   CLAIM   FOR   CONSPIRACY   SHOULD   BE
      DISMISSED   BECAUSE   CONSPIRACY   IS   NOT   A   SEPARATE
      CAUSE OF ACTION ........................................................ 18

IX.   CALIFORNIA UNFAIR COMPETITION LAW SUFFERS FROM THE
      SAME DEFECT AS THE TRADEMARK CLAIMS .......................... 19

X.    THE COMPLAINT VIOLATES FRCP AND LOCAL RULES ABOUT
      BEING SHORT AND PLAIN ................................................ 20

XI.   CONCLUSION ............................................................. 21

i

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Abdullah v. Gatton*, 773 F.2d 487 (2nd Cir. 1985) ..................................... 10

*Abear v. Teveliet,* Case No. C06-5220 FDB (W.D. Wash. Aug. 28, 2006)16

*Andrews v. King*, 398 F.3d 1113 (2005)...................................................... 10

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd*. (1994) 7 Cal.4th 503 ...................................................................................................... 21

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)........................................... 6

*Bolger v. Youngs Drug Products Corp*., 463 U.S. 60 (1983)..................... 15

*City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410 (1993)......... 15

*Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992 (9th Cir. 2010)............... 6

*Delong v. Hennesey*, 912 F.2d 1144 (9th Cir. 1990).................................. 10

*Encompass Insurance Co. Of Mass. v. Giampa*, 522 F.Supp.2d 300, 311 (D.Mass. 2007) ........................................................................... 16

*IIG Wireless, Inc. v. Yi* (2018) 22 Cal.App.5th 630 .................................. 21

*In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049 (9th Cir. 2008)...................... 6

*Lucas v. Dep't. of Corr.*, 66 F.3d 245 (9th Cir. 1995) ................................. 7

*Manzarek v. St. Paul Fire & Marien Ins. Co.*, 519 F.3d 1025 (9th Cir. 2008) ........................................................................................................ 6

*Podiatrist Association, Inc. v. La Cruz Azul De Puerto Rico, Inc.*, 332 F.3d 6 (1st Cir. 2003) ....................................................................... 15

*Safir v. United States Lines*, Inc., 729 F.2d 19 (2nd Cir. 1986) ................ 10

**Statutes**

15 U.S. Code § 1125......................................................................................... 6

15 U.S.C §1125(a)(1)(B)........................................................................... 15, 16

28 U.S.C. §1651(a) ......................................................................................... 10

DEFENDANT JEFFREY BENNION'S MOTION TO DISMISS

Cal. Bus. & Prof. Code §17200 ................................................... 21

Cal. Civ. Code §45a ................................................................. 19

Cal. Civ. Proc. §340 ................................................................ 22

Fed. R. Civ. P. 12(b)(1) ............................................................. 5

Fed. R. Civ. P. 12(b)(6) ............................................................. 5

Fed. R. Civ. P 8(a)(2) .............................................................. 22

**Rules**

Southern District Local Rule 15(k) ............................................ 22

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    FACTUAL BACKGROUND

This is Plaintiff's fourth time filing this same action. The other three attempts were dismissed. This attempt should be no different, other than a request that Plaintiff, who has been declared already a vexatious litigant in California state court, be declared a vexatious litigant in federal court and have his campaign of harassment finally put to an end.

Plaintiff's real name is Larry Ellis Campbell, Jr. He has changed his name several times. Past aliases include Ciaran Templar-O'Brien, Lachlan Rotschrek, Aleksei Kharovsky, Ellis Templar, LS Templar, Aellis D'Artisan, Aellis Obtenebrix, and Jason Bourne (See Request for Judicial Notice, Exhibits 1 and 3.) Most recently, his third attempt to bring this lawsuit was dismissed because the court ordered him to produce records establishing his identity after he lied on his IFP application, and he refused. Plaintiff later bragged on Facebook about how he was outsmarting the federal court system by refiling after that dismissal. (See Declaration of Jeffrey M. Bennion, Exh 1.)

Plaintiff was released from prison in Arizona in August 2020 where he served time for felony forgery (he had previously served time in Florida prison multiple times for custodial interference, trespass, assault, and aggravated stalking and is currently on probation in California for assault with a deadly weapon See RJN, Exh 2, 3, and 4.) After his release from prison, he moved to California and decided he would become a photographer of naked women. The only problem was that he had no portfolio because he had been in prison for the better part of the last 15 years. So he decided to just steal photos from other people that he found online and post them on his website as if they were his own so that he could lure women into hotel rooms

1

DEFENDANT JEFFREY BENNION'S MOTION TO DISMISS

1    and shoot them naked and charge them thousands of dollars. Plaintiff claims

2    in his First Amended Complaint that these photographs were in the public

3    domain because he found them online. He also acknowledges that he used

4    other people's work, but he believed that he had their consent. He believes

5    everyone who has called him out for stealing photos has defamed him and

6    owes him an apology and millions of dollars. That is the basis of this lawsuit.

7    He has sued a number of people in state court in San Diego and in Orange

8    County. He represents himself in every matter and has lost every single

9    motion hearing, appeal, and case he has ever brought. When he was in prison,

10   he brought numerous appeals and habeas petitions acting in pro per and lost

11   every single one.

12       He routinely brags online about this federal lawsuit and threatens

13   people that he's going to add them to this case (See Declaration of Jeffrey

14   M. Bennion, Exh. 2.) This current case is a patchwork of people who never

15   met and have no connection. He just concludes (admittedly in the Complaint,

16   Plaintiff notes that he has no evidence of any connection) that the only way

17   all of these people could possibly have any problem with him is if it's some

18   kind of national conspiracy to take down this homeless newcomer

19   photographer who, according to his own IFP declarations, has never made

20   more than $500 a month doing photography. It is important to note that in

21   2016, in one of his Florida criminal trials, he was declared mentally

22   incompetent to stand trial (See RJN, Exh 5.)

23       Each defendant in this case has independently had their own run-in

24   with Plaintiff, and he has Frankensteined together this mish-mash of

25   allegations, which originally started as a Complaint against Kelli Connor,

26   Jill Leuer, and Google for ninety million dollars, and then slowly added more

27   people to it over the last three years (3:22-cv-00200-JLS-WVG Document 1

28

2

DEFENDANT JEFFREY BENNION'S MOTION TO DISMISS

1  Filed 02/11/22.) As he states in one of the footnotes of the FAC, he plans on
2  bringing in at least another 88 people into the national conspiracy.
3  (Document 3, footnote 2 on page 3.)

4      The reason for filing the FAC was to add Defendant Corey Ann
5  Balazowich, who runs a nationally-recognized website called Photostealers
6  where she calls out photographers who steal other people's photos.
7  Independent of any other Defendant in this case, Balazowich wrote an article
8  about Plaintiff where she identified a total of about 300 pictures on Plaintiff's
9  website that were stolen from other photographers, as well as virtually all of
10  his website text. (https://stopstealingphotos.com/art-by-dartisan-in-san-
11  diego-ca-aka-seaside-boudoir/) She sourced links to the original photos that
12  he stole for all 300 photos to various photographers around the world. So,
13  naturally, Balazowich was added to the Complaint as a co-conspirator and
14  malicious defamer. Plaintiff's website has since been disabled by the hosting
15  company.

16

17      ## II.    SUMMARY OF MOTION

18      This motion is brought under Fed. R. Civ. P. 12(b)(1) – lack of subject
19  matter jurisdiction and Fed. R. Civ. P. 12(b)(6) – failure to state a claim upon
20  which relief can be granted. The court is not required to accept as true
21  "allegations that are merely conclusory, unwarranted deductions of fact, or
22  unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055
23  (9th Cir. 2008). *See also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992,
24  998 (9th Cir. 2010) (citing *Manzarek v. St. Paul Fire & Marien Ins. Co.*, 519
25  F.3d 1025, 1031 (9th Cir. 2008). The "facial plausibility" standard requires
26  the plaintiff to allege facts that add up to "more than a sheer possibility that
27  a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

28

DEFENDANT JEFFREY BENNION'S MOTION TO DISMISS

1   (2009). Plaintiff cannot meet these standards.

2       Plaintiff alleges that this court has diversity jurisdiction, subject matter
3   jurisdiction for the single federal claim, and supplementary jurisdiction over
4   the remaining state claims. However, several of the defendants are from
5   California, so there can be no diversity jurisdiction.

6       Further, for the reasons stated below, the single federal claim, based
7   on 15 U.S. Code § 1125 - False designations of origin, false descriptions,
8   and dilution, is improper. Plaintiff, without any legal authority, assumes that
9   unfair advertising and unfair competition laws are just different ways of
10  framing defamation to turn defamation into a federal cause of action. He's
11  wrong. None of the statements alleged meet the factors outlined by the courts
12  to be considered advertising. Without diversity jurisdiction or subject matter
13  jurisdiction, there can be no jurisdiction over the remaining state claims.

14      The remaining state court claims also contain serious defects that
15  cannot be cured. Several of the statements Plaintiff lists as defamatory, he
16  later concedes in the FAC are true, or they don't rise to the level of a
17  defamatory statement. Conspiracy is not a separate cause of action and
18  should be dismissed. The state unfair competition claim also suffers from the
19  same defect as the federal false advertising claim – none of the claimed
20  statements are advertisements. In short, every claim fails.

21      Plaintiff's claims cannot be cured by amendment, and therefore the
22  claims should be dismissed with prejudice without leave to amend. Leave to
23  amend should not be granted if it is clear that the complaint's deficiencies
24  cannot be cured by amendment. *Lucas v. Dep't. of Corr.*, 66 F.3d 245, 248
25  (9th Cir. 1995).

26      However, as a threshold issue, there remains the glaring issue with
27  Plaintiff's identity. In his previous iteration of this case that was dismissed

28

DEFENDANT JEFFREY BENNION'S MOTION TO DISMISS

1    in December 2023, Plaintiff's IFP status was suspended and the case was

2    dismissed for failure to failure to provide information and documentation

3    establishing his identity, which remains a mystery. (3:23-cv-00814-RSH-

4    VET Document 25 Filed 12/21/23.) His IFP status should remain suspended.

5

6    ### III.  PLAINTIFF'S IFP APPLICATION SHOULD BE

7    ### SUSPENDED

8         In the previous iteration of this case, Defendant Kelli Connor filed a

9    Motion to Dismiss on several grounds, including a lack of standing because

10   Plaintiff filed under the name Aellis Obtenebrix, but his real name was

11   Lachlan Rotschreck. Connor attached as an exhibit a copy of Plaintiff's

12   Arizona Driver's License with Plaintiff's picture and the name Lachlan

13   Rotschreck. (3:23-cv-00814-RSH-MMP Document 14 Filed 10/10/23.)

14        Defendant opposed, stating that Connor lied about every fact in her

15   motion to dismiss. He said his real name wasn't Lachlan Rotschrek, it was

16   Aellis D'Artisan. Plaintiff also noted that Aellis Obtenebrix has never been

17   a real legal name:

18

19         "Plaintiff is and has been widely recognized as AEllis
20         Obtenebrix for well in excess of 20 years, contrary defendant's
           statements. **While this has never been the legal name of**
21         **plaintiff**, it is the only name apart from the DBA of 'Seaside
           Boudoir'' under which defendant and her confederates knew
22         plaintiff." Case 3:23-cv-00814-RSH-MMP Document 15 Filed
           10/11/23 Page 9 of 23. (Emphasis added.)

23

24        The court conditionally granted the motion on the grounds of lack of

25   standing and ordered Plaintiff to make certain disclosures regarding his

26   identity. In the order conditionally granting the motion to dismiss, the Court

27   noted it is concerned that Aellis D'Artisan is also not Plaintiff's real name:

28

DEFENDANT JEFFREY BENNION'S MOTION TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"The Court is concerned, additionally, by the possibility that Plaintiff's real name may be something other than 'AEllis D'Artisan.'… The Court notes that the name "Lachlan Rotschrek" appears as a plaintiff or petitioner in numerous federal cases—civil lawsuits as well as petitions for writ of habeas corpus—filed in federal court in Florida and Texas in the past five years. *See Rotschrek v. Penzone et al.*, Case No. 2:19-cv-222-JAT-CDB (D. Ariz.); *Rotschrek v. Penzone et al.*, Case No. 2:19-cv-4450-ROS-CDB (D. Ariz.); *Rotschrek v. Ariz. Dep't of Corr. et al.*, Case No. 4:20-cv-363-DCB-PSOT (D. Ariz.); Rotschrek v. Penzone et al., 8:19-cv-465-WFJ-TGW (M.D. Fla.); *Rotschrek v. Sec., Dep't of Corr. et al.,* 8:19-cv-1663-CEH-TGW (M.D. Fla.); *Rotschrek v. Sec., Dep't of Corr. et al.,* 8:21-cv-1728-WFJ-AEP. In some of those lawsuits, the plaintiff or petitioner also provides names for himself as "Aleksei Kharovsky" or "Ciaran Templarobrien" (or "Templar-Obrien"). These names are found in documents submitted by the plaintiff or petitioner. See, e.g., Case No. 8:19-cv-465-WFJ-TGW, ECF No. 1 at 1; Case No. 20-cv-363-DCB-PSOT, ECF No. 1 at 1. There is also a reference to the same individual being named "Larry Ellis Campbell" or "Larry Ellis Campbell Jr." See, e.g., Case No. 8:19-cv-465-WFJ-TGW, ECF No. 22-3 at 6; ECF No. 22-15 1 at 38, 48. The Rotschrek case files contain significant amounts of handwritten material. The Court notes that examples of such handwriting resemble the handwriting used by Plaintiff in filings he has made in his four lawsuits in this District. The Rotschreck case files also contain some photographs of the petitioner, which bear some resemblance to the photographs submitted in this case by Defendant." Case 3:23-cv-00814-RSH-VET Document 19 Filed 11/02/23 Page 6 of 9.

Plaintiff never complied with the Court's order and the case was dismissed.

However, in a 2021 state unemployment action, Plaintiff who has served prison time for forgery, submitted in an appeal a passport and a social security card with the names Aellis Obtenebrix – the name he admitted was never a real legal name. (See Declaration of Jeffrey M. Bennion, Exh 3.) Plaintiff references this administrative action on page 2 of his FAC (Document 3) in the footnote: "…as well as formally recognized by CA state

DEFENDANT JEFFREY BENNION'S MOTION TO DISMISS

1    in 2021 administrative judicial proceedings by the a.k.a. AEllis Obtenebrix."

2    If Aellis Obtenebrix was never a legal name, Plaintiff could not have

3    received these documents and any documents submitted to the Orange

4    County Office of Appeals must have been forged.

5        To further add to the confusion, after the filing of this action under the

6    name Aellis D'Artisan in January 2024, Plaintiff filed an appeal in his

7    criminal court action stating that is Aellis D'Artisan is not his real name –

8    It's Lachlan Rotschrek. In that case, where he pleaded guilty to assault with

9    a deadly weapon, he was charged under the name Ellis Templar. His

10   appellate brief was filed March 11, 2024 and a supplemental brief was filed

11   March 19, 2024 – over two months after filing the original Complaint in this

12   action. (See RJN Exh. 6.) The appellate opinion was filed July 12, 2024. The

13   appellate court noted:

> "In his materials Templar, for the first time claims he was not
> properly charged. 'Ellis Templar' is a fictitious person. He now
> claims his real name is Lachlan Rotechrek, thus he argues the
> trial court did not have jurisdiction to try the case because Ellis
> Templar does not exist." (See RJN, Exh 7.)

18   It is important to note that Plaintiff has raised this defense before in

19-20   both Arizona and Florida when he was charged with forgery and his other

21   Florida crimes and requested that all charges be dropped because he was

22   charged under an alias and not his real name. He has not once won on this

23   ground. (See RJN Exh 8, 9, 10, 11, 12, 13, and 14.)

24       The Court should require that original certified documents

25   establishing Plaintiff's identity be provided to the Court for review in camera

26   to establish Plaintiff's identity based on his history of felony forgery and

27   evading Court orders to produce his identifying documents.

28

7

1
2

## IV.   PLAINTIFF SHOULD BE DECLARED A VEXATIOUS LITIGANT

3        A District Court is empowered to enjoin litigants who have abusive

4    histories of litigation or who file frivolous lawsuits from continuing to do so.

5    *See* 28 U.S.C. § 1651(a). Section 1651 states that "[t]he Supreme Court and

6    all courts established by Act of Congress may issue writs necessary and

7    appropriate in aid of their respective jurisdictions and agreeable to the usages

8    and principles of law." 28 U.S.C. § 1651(a). "'A District Court not only may,

9    but should, protect its ability to carry out its constitutional functions against

10   the threat of onerous, multiplicitous, and baseless litigation.'" *Safir v. United*

11   *States Lines*, Inc., 729 F.2d 19, 24 (2nd Cir. 1986), quoting *Abdullah v.*

12   *Gatton*, 773 F.2d 487, 488 (2nd Cir. 1985). Federal courts possess the

13   inherent power "to regulate the activities of abusive litigants by imposing

14   carefully tailored restrictions under the appropriate circumstances." *Delong*

15   *v. Hennesey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Enjoining litigants from

16   filing new actions under 28 U.S.C. § 1651(a) is one such restriction that the

17   District Court may take. *DeLong*, 912 F.2d at 1147. A Defendant who has

18   been enjoined under §1651 from filing new actions is deemed a "vexatious

19   litigant" for federal purposes.

20       The Ninth Circuit, in *Andrews v. King*, 398 F.3d 1113 (2005), held

21   that the Defendant bears the burden of producing sufficient documentary

22   evidence that will allow the court to conclude that a **plaintiff has filed at**

23   **least three prior actions that were dismissed as frivolous, malicious or**

24   **faile[ed] to state a claim**. *Andrews v. King*, 398 F.3d 1113, 1120 (2005).

25   (Emphasis added.) Once the Defendant has made out a prima facie case, the

26   burden shifts to the plaintiff to persuade the court that § 1915(g) does not

27   apply. *Id*.

28

DEFENDANT JEFFREY BENNION'S MOTION TO DISMISS

1    On 5/6/24, Plaintiff was declared a vexatious litigant in California

2    (See https://www.courts.ca.gov/documents/vexlit.pdf page 46 for the

3    publicly available list, RJN Exh 15) Defendant ask that this Court do the

4    same for federal court. Not counting his state court cases that have been

5    dismissed (OCSC No. 30-2022-01243681-CU-BC-CJC dismissed 8/1/22,

6    37-2022-00014330-CU-DF-CTL dismissed 4/20/22, 37-2022-00015984-

7    CU-DF-CTL dismissed 5/10/24, 37-2023-00018980-CU-NP-CTL set for

8    OSC re dismissal 9/6/24), Plaintiff has four federal civil lawsuits that were

9    dismissed, including the three prior iterations of this case. Every single case

10    he files is frivolous and malicious.

11    The first iteration was dismissed on 7/5/22 (3:22-cv-00200-JLS-WVG

12    Document 6 Filed 07/25/22) for failure to state a claim and failure to

13    prosecute. The second iteration was dismissed 11/29/22 by her Honor for

14    failure to prosecute (3:22-cv-00597-JO-AHG Document 8 Filed 11/29/22).

15    The third iteration was dismissed on 12/21/23 for failure to comply with the

16    court's order regarding producing supplementary evidence on Plaintiff's

17    identity and for lying on his in forma pauperis application (3:23-cv-00814-

18    RSH-VET Document 25 Filed 12/21/23) See also docket 19 and 23 for the

19    Court's orders regarding Plaintiff's identity.

20    Plaintiff also brought a lawsuit against Woods Cove Art Studio and

21    Gallery, LLC and Tony Cox. He refiled it in the Southern District of

22    California after he lost the exact same claim in state court in Orange County

23    just prior to filing his Complaint. (OCSC No. 30-2022-01243681-CU-BC-

24    CJC dismissed 8/1/22, RJN Exh 16 and 17.) The Court set an order to show

25    cause on 2/7/23 giving Plaintiff a month to respond with a basis for why he

26    filed an action in the Southern District when all of the events took place

27    outside of the court's jurisdiction. (3:23-cv-00205-RBM-DEB Document 3

28

DEFENDANT JEFFREY BENNION'S MOTION TO DISMISS

1    Filed 02/07/23.) He did not respond in any way. The case was dismissed on

2    3/16/23 (3:23-cv-00205-RBM-DEB Document 4 Filed 03/16/23.)

3    Every single one of Plaintiff's lawsuits is ridiculous and without basis

4    and has placed a significant strain on the judicial system and the defendants.

5    Suing people because you stole their photos is frivolous and malicious.

6    Refiling an action in federal court after losing it in state court is frivolous

7    and malicious. Defendant ask that this Court exercise its discretion and have

8    Plaintiff declared a vexatious litigant in federal court.

9

10    ## V.    THERE IS NO DIVERSITY JURISDICTION

11    Plaintiff alleges that this court has jurisdiction based on federal

12    question jurisdiction and diversity pursuant to 28 U.S.C. 1332. (See

13    Document 3, Page 4, Paragraph XI.) However, diversity jurisdiction only

14    relates to cases involving foreign states (28 U.S.C. 1332(a)(2)-(4) or where

15    the citizens are from different states 28 U.S.C. 1332(a)(1). Here, Plaintiff

16    alleges that three of the Defendants, Jeff Bennion, Sara Pastrano, and

17    Theresa Stratton Garrett are from California (See Document 3 pages 2-3,

18    paragraphs VI and VII.)

19    Plaintiff attempts to excuse this critical error in a footnote on page 4

20    stating that:

21

22    "None of the original parties taking the actions that initiated this
      complaint were present or resident in California. Kelli Connor

23    had and maintained business ties & commerce with individual
      photographers as well as speaking at and attending photographer

24    conventions and events in California, including defendant
      Jeffrey Bennion, who appears to be an associate and protege of

25    Kelli Connor. In combination with her placing a "bounty" against
      plaintiff, California defendants came to be added to this action

26    for subsequent involvement derived from Connor's initial
      misconduct and unending campaigns of libel against plaintiff

27    Connor seems to think she can have other people continue to

28

10

DEFENDANT JEFFREY BENNION'S MOTION TO DISMISS

wage her shadow war against plaintiff and escape responsibility when in fact all events named in this complaint trace their original causation and initiation to Kelli Marie Connor acts in New Hampshire."

Although the exact meaning of Plaintiff's ramblings can only be speculated, it does not excuse the technical and unavoidable fact that 28 U.S.C. 1332 does not apply to this case because three oft the parties are not from different states.

## VI.   THE LANHAM ACT DOES NOT APPLY BECAUSE THE STATEMENTS ALLEGED IN THE COMPLAINT WERE NOT ADVERTISEMENTS

Plaintiff's sole federal cause of action is for a violation of 15 U.S.C §1125(a)(1)(B) - False designations of origin, false descriptions, and dilution Forbidden. The code states:

> "(a) CIVIL ACTION (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which-…(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

The elements of a claim under 15 U.S.C §1125(a)(1)(B) are as follows:

> "To prove a false advertising claim under the Lanham Act, a plaintiff must demonstrate that (1) the defendant made a false or misleading description of fact or representation of fact in a

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

commercial advertisement about his own or another's product; (2) the misrepresentation is material, in that it is likely to influence the purchasing decision; (3) the misrepresentation actually deceives or has audience; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products." *Cashmere Camel Hair Manuf. Inst. v. Saks Fifth Avenue*, 284 F.3d at 310-11.

Plaintiff alleges (without identifying which Defendant made each statement) in the FAC four statements as violation of this prohibition on false advertising: 1. AEllis D'Artisan "stealing" photographs or images from defendant Connor and or other photographers; 2. Inducement of underage women by AEllis D' Artisan; 3. Explicit implication of AEllis D' Artisan in a nonexistent "murder," that of Heather LaBounty on November 10, 2023; 4. Additional other false claims as to plaintiff's business practices; (See Document 3 filed 2/5/24 page 13 Paragraph J.)

As a threshold issue, Plaintiff doesn't even state conclusively that these statements were made by any of the defendants. He states that the above statements were made either by the defendants or others at the "urging" of defendants. The statute requires that the Defendant be the one who actually makes the statement, not a third party.

More importantly, Plaintiff does not allege that the statements were part of a "commercial advertising or promotion that misrepresents the nature, characteristics, qualities, or geographic origin of goods or services" as required by the statute. Instead, Plaintiff states the statements were made on platforms that *he* uses exclusively for advertisement. A "crucial [statutory] limitation" of the Lanham Act, is that it only applies to "commercial advertising or promotion." *Podiatrist Association, Inc. v. La Cruz Azul De Puerto Rico, Inc.*, 332 F.3d 6, 19 (1st Cir. 2003).

12

DEFENDANT JEFFREY BENNION'S MOTION TO DISMISS

1     Nor would plaintiff be able to cure this defect by changing the

2 allegation language because the above statements do not meet the criteria of

3 an advertisement.

4

5 ## I. THE STATEMENTS DO NOT MEET THE DEFINITION

6 ## OF AN ADVERTISEMENT

7     The "core notion" of commercial speech is "speech which does no

8 more than propose a commercial transaction." *City of Cincinnati v.*

9 *Discovery Network, Inc.*, 507 U.S. 410, 422 (1993) (quoting *Bolger v.*

10 *Youngs Drug Products Corp.*, 463 U.S. 60, 66 (1983).

11     Courts use a four-part test to determine which representations fall into

12 the category of "commercial advertising or promotion" pursuant to 15 U.S.C.

13 § 1125(a)(1)(B). To constitute commercial advertising or promotion, the

14 "representation must (a) constitute commercial speech (b) made with the

15 intent of influencing potential customers to purchase the speaker's goods or

16 services (c) by a speaker who is a competitor of the plaintiff in some line of

17 trade or commerce and (d) disseminated to the consuming public in such a

18 way as to constitute `advertising' or `promotion.'" *Podiatrist Association,*

19 *Inc. v. La Cruz Azul De Puerto Rico, Inc.*, 332 F.3d 6, 19 (1st Cir. 2003.) The

20 failure to provide factual support for any of these elements is fatal to a false

21 advertising claim under the Lanham Act. *See Encompass Insurance Co. Of*

22 *Mass. v. Giampa*, 522 F.Supp.2d 300, 311 (D.Mass. 2007).

23     The above four statements quoted in Paragraph J of Plaintiff's FAC

24 do not propose a commercial transaction, nor do they attempt to influence

25 the potential customer to purchase the speaker's goods or services.

26 Accordingly, 15 U.S.C §1125(a)(1)(B) does not apply and this cause of

27 action should be dismissed without leave to amend. It is not curable by

28

DEFENDANT JEFFREY BENNION'S MOTION TO DISMISS

1    amendment.

2

3          **II.THE COURT MAY DISMISS THE REMAINING STATE**

4              **CLAIMS IF THE ORIGNAL JURISDICTION CLAIMS**

5                          **ARE DISMISSED**

6          The Court in *Abear v. Teveliet,* Case No. C06-5220 FDB (W.D. Wash.

7    Aug. 28, 2006) addressed the court's authority to decline to exercise

8    supplemental jurisdiction when there is no claim with original jurisdiction.

9

10          Under 28 U.S.C. § 1367(c)(3), a district court may decline to
      exercise supplemental jurisdiction over state law claims where
11    the court has dismissed all claims over which it has original
      jurisdiction. *Voigt v. Savell*, 70 F.3d 1552, 1565 (9th Cir. 1995).
12    "In the usual case in which all federal-law claims are eliminated
      before trial, the balance of factors to be considered under the
13    pendent jurisdiction doctrine-judicial economy, convenience,
      fairness, and comity-will point toward declining to exercise
14    jurisdiction over the remaining state-law claims. "*Carnegie-
      Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988). The
15    balance of factors generally indicates that a case belongs in state
      court when the federal-law claims have dropped out of the
16    lawsuit in its early stages and only state-law claims remain. *Id*.
17    Here, Plaintiffs' sole federal claim is being dismissed prior to
      trial. Because the Court is able to decide Plaintiffs' federal claim
18    without reaching the issues underlying Plaintiff's state-law
      claims remaining in this case, the Court declines to exercise
19    supplemental jurisdiction over the state law claims pursuant to
      28 U.S.C. § 1367(c)(3). *See, Acri v. Varian Assocs., Inc.*, 114
20    F.3d 999, 1001 (9th Cir. 1997).

21

22

23          *Abear*, Case No. C06-5220 FDB, 6 (W.D. Wash. Aug. 28, 2006) The

24    Court should decline to exercise supplemental jurisdiction over the

25    remaining state claims and force Plaintiff to file in the appropriate state court

26    for each defendant.

27

28
                                        14

## VII. PLAINTIFF'S CLAIM FOR LIBEL FAILS

Plaintiff's claim for libel fails because the statements are either not libelous or Plaintiff admits that the statements are true.

Plaintiff alleges that Defendant Bennion made the following six libelous statements in paragraph E on pages 8-9 of Document 3:

1. 'most of his pictures on his website and his Yelp are stolen"; 2. "He even steals several images of this gothic fairy from @emackelder... "·' 3. Incorrectly identify AEllis D' Artisan: "his real name is Lachlan Rotschrek aka Ellis Templar"; 4. "he has been kicked out of every large Facebook Boudoir Group[ ... ] Jen Smith. 5. "okay here is the truth about lachlan Rotschrek aka Ellis Templar aka AEllis Obtenebrix aka seaside boudoir aka enchanted realm boudoir. He is a theif [sic] and a criminal"; 6. Explicitly implicate AEllis D' Artisan in a nonexistent "murder" of Heather LaBounty in San Diego on November 10, 2023;

Regarding the allegations that he uses stolen pictures in statements 1, 2, and 5, Plaintiff admits in paragraph XX on page 17 of Document 3 that he uses "images released into the public domain." In paragraph XXIV on page 20, Plaintiff explains what he means by "public domain" and further rationalizes his "finders keepers" understanding of copyright law by acknowledging that he might have taken some images from other people, but the images were not registered with the copyright office:

> XXIV. While it is possible that plaintiff may have incorporated isolated elements acquired from Connor at some point, any such items would already be in the public domain due to Connor's unrestricted public release of these same images without any reserved licensing restrictions, no stated or implied limitations on their use, and the widespread public dissemination of these materials by Connor. At no time has Connor registered any image in question for copyright or restricted their use and plaintiff is unaware of any specific image or original template in

1    use now or then that is attributable to Connor or her work
2    product.

3        This is curious because he had filed a copyright action a year prior
4    (which was also dismissed) where he alleged that works do not need to be
5    registered in order to receive Copyright protection:

6
7        Under the Copyright Act of 1976, any original work of
     authorship fixed in any tangible medium of expression receives
8    copyright protection. This protection attaches to the work as soon
     as it has been "fixed" by being written down, recorded, or
9    embodied in a stable and permanent way. This includes
     photographic images. Section 504 of the Copyright Act
10   designates base statutory damages in an amount from seven
     hundred fifty ($750) to thirty thousand ($30,000) dollars for each
11   act of infringement upon an owner's copyright. Each individual
12   work attaches separate copyright. Page 4 Case 3:23-cv-00205-
     RBM-DEB Document 1 Filed 02/02/23 Page 20 of 33
13

14
15       In short, he stole images. He knows he stole them. He admits that he
16   stole them. He knows that his basis for defending his theft is wrong. His
17   allegations that accusations of theft are false statements are not supported by
     his own admissions in the FAC.
18
19       Regarding statement number 3 and 5 that his real name is Lachlan
20   Rotschrek, aside from him raising this as a defense for why he should no
21   longer be on probation for assault with a deadly weapon, the statements is
22   not libelous on its face. Such statements require special pleadings
     requirements under Cal. Civ. Code §45a "Defamatory language not libelous
23   on its face is not actionable unless the plaintiff alleges and proves that he has
24   suffered special damage as a proximate result thereof." There are no
25   allegations of special damages proximately caused by identifying Plaintiff
26   by the name on his driver's license.
27       Regarding statement 4 that he has been kicked out of every large
28

16

DEFENDANT JEFFREY BENNION'S MOTION TO DISMISS

Facebook group, again, Plaintiff admits that this is true in the FAC. In a footnote to this statement, he states that the fact that he was kicked out of the Facebook groups is proof of his damage against Defendant Kelli Connor:

> "…these very same events are proof conclusive of the harm stated in the first count of libel against Kelli Marie Connor. It was her actions as set forth in that count that caused his 'kicked out' as to the other named parties in this false publication and act of libel by Jeffrey Bennion…." Document 3. Page 9, footnote 7.

Later on in the FAC, Plaintiff states that he was kicked out of several Facebook groups because a postpartum women took offense at something he said and then Defendant Connor got him kicked out of more Facebook groups. Later, he states that he doesn't have evidence of the things people said about him or are saying about him because he was "expelled and banned" from those Facebook groups (Document 3):

> "XXVI. In June or July 2021, plaintiff shared in one such Facebook forum a tip to another photographer who took an unintended offense. In addition to being postpartum, the reason she claimed to seek that advice, that same photographer was associated with defendant Connor. Immediately thereafter, defendant Connor began a personal "cancel culture" campaign against plaintiff across a number of platforms. Plaintiff no longer has access to this original exchange or many of the resulting actions against him within the Facebook groups due to Kelli Marie Connor's requests to those group moderators and administrators to ban and expel plaintiff from all such groups where she had a presence."
>
> …
>
> XXXVI. Many of the other original comments by Connor as well as more recently Bennion as well as the threats from their agents remain inaccessible to plaintiff as they are published within Meta groups that plaintiff no longer has membership or access to view due to the requests by Connor that plaintiff be expelled and banned from those same groups and thereby denied a voice or professional participation. These bans also continue to this day.

17

DEFENDANT JEFFREY BENNION'S MOTION TO DISMISS

Regarding statement 6: "Explicitly implicate AEllis D' Artisan in a nonexistent "murder" of Heather LaBounty in San Diego on November 10, 2023" – this is not a statement. Plaintiff needs to identify the false statement that was made, not the effect of the false statement or what people took the false statement to mean.

None of Plaintiff's alleged libelous statements are actionable and this claim should be dismissed.

## VIII. PLAINTIFF'S CLAIM FOR CONSPIRACY SHOULD BE DISMISSED BECAUSE CONSPIRACY IS NOT A SEPARATE CAUSE OF ACTION

Plaintiff mistakenly believes that conspiracy is a cause of action. Criminal conspiracy is a something that can be charged in criminal court, but civil conspiracy is not a separate cause of action. As explained in the use notes for the CACIs on conspiracy:

> "Conspiracy is not a separate tort, but a form of vicarious liability by which one defendant can be held liable for the acts of another. . . . A conspiracy requires evidence 'that each member of the conspiracy acted in concert and came to a mutual understanding to accomplish a common and unlawful plan, and that one or more of them committed an overt act to further it.' Thus, conspiracy provides a remedial measure for affixing liability to all who have 'agreed to a common design to commit a wrong' when damage to the plaintiff results. The defendant in a conspiracy claim must be capable of committing the target tort." (*IIG Wireless, Inc. v. Yi* (2018) 22 Cal.App.5th 630, 652 [231 Cal.Rptr.3d 771], internal citations omitted.)

> "Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration. By participation in a civil conspiracy, a coconspirator effectively

18

1
2
3
4

adopts as his or her own the torts of other coconspirators within the ambit of the conspiracy. In this way, a coconspirator incurs tort liability co-equal with the immediate tortfeasors." (*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503, 510–511 [28 Cal.Rptr.2d 475, 869 P.2d 454], internal citations omitted.)

5
6

Accordingly, this non-cause of action should be denied.

7
8
9
10

## IX.  CALIFORNIA UNFAIR COMPETITION LAW SUFFERS FROM THE SAME DEFECT AS THE TRADEMARK CLAIMS

11
12
13
14
15
16

Plaintiff alleges that California Unfair Competition law as codified in Cal. Bus. & Prof. Code §17200 prohibits any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising and any act prohibited. Plaintiff then repeats essentially the same four statements as a basis for this violation that he used in the Trademark claims:

17
18
19
20
21
22
23

1. that plaintiff "stole" images from Kelli Marie Connor and others; 2. enticed potential consumers and their related parties to publish false statements and negative reviews against Seaside Boudoir without ever having interacted or patroned either AEllis D'Artisan or Seaside Boudoir; 3. alleged that AELLIS D'ARTISAN induced adult activities with underage women thru the course of creating, developing, or using these images & his related photographic business activities; 4. Implicated AEllis D'Artisan as a participant in a nonexistent "murder," that of Heather LaBounty on November 10, 2023; (3:24-cv-00017-JO-DEB Document 3 Filed 02/05/24, pages 14-15.)

24

25
26
27

Again, Plaintiff mistakenly believes that §17200 is another bite at defamation. Again, he is wrong. None of the above statements constitute unlawful business acts or misleading advertising. Instead Plaintiff argues

28

19

1     that the above statements deterred and discouraged people from doing

2     business with him (Document 3, paragraph K, page 15.) That is not the basis

3     for an unfair competition claim.

4         As with his trademark claim, Plaintiff fails to specify which defendant

5     made each statement, so it is unclear and impossible to respond to.

6         Plaintiff also has a problem with the statute of limitations. These

7     claims hinge on allegations of libel, which bears a one-year statute of

8     limitations as set forth in Cal. Civ. Proc. §340.  In paragraph XII, Plaintiff

9     states that these statements began in August 2021 or earlier. Statements that

10     were made outside of the statute of limitations period should be removed as

11     they are not actionable.

12

13    **X.  THE COMPLAINT VIOLATES FRCP AND LOCAL**

14         **RULES ABOUT BEING SHORT AND PLAIN**

15

16         Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain

17     statement of the claim showing that the pleader is entitled to relief."

18     Allegations are to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

19         Southern District Local Rule 15(k) by failing to contain "a short and

20     plain statement of the claim showing that the pleader is entitled to relief,"

21     and failing to state his claims in numbered paragraphs…which must be

22     limited, as far as is practicable, to a statement of a single set of

23     circumstances."

24         Plaintiff's FAC is a rambling mess. Despite removing Google as a co-

25     conspirator of this alleged $100 million claim after the first attempt at this

26     litigation, Plaintiff chose to keep the lengthy preamble about Google's role

27     in the world in paragraph XXII.

28

DEFENDANT JEFFREY BENNION'S MOTION TO DISMISS

1    In every cause of action other than libel, Plaintiff fails to allege what

2  each party specifically did. Instead he just collectively complains of things

3  that were done to him and statements that were made about him without

4  specifying which party actually said or did to harm him.

5    Plaintiff's FAC is anything but short, plain, simple, direct, or concise

6

7                          **XI.    CONCLUSION**

8    For the foregoing reasons, Defendant requests the following:

9

10    1.    That Plaintiff's IFP application be suspended.

11    2.    That Plaintiff be declared a vexatious litigant and not be

12        allowed to file any more claims under 28 U.S.C. § 1651.

13    3.    That Plaintiff's claim for 15 U.S.C §1125(a)(1)(B) be dismissed

14        for failure to state a claim.

15    4.    That the Court decline to exercise diversity jurisdiction or

16        supplemental jurisdiction over the remaining claims.

17    5.    That the entire matter be dismissed with prejudice.

18    6.    That Plaintiff be ordered to pay costs and fees of the

19        Defendants.

20

21  Dated: August 28, 2024            Law Office of Jeff Bennion

22

23                                By:   s/Jeffrey M. Bennion
                                   Jeffrey M. Bennion, Esq.
24                                 Attorneys for Plaintiff

25

26

27

28

DEFENDANT JEFFREY BENNION'S MOTION TO DISMISS

1

## <u>CERTIFICATE OF SERVICE</u>

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
**Case No. 24-cv-17-JO-DEB**
**Aellis D'Artisan v. Kelli Marie Connor, et al.**

I hereby certify that I electronically filed the following document(s) with the Clerk of the United States District Court for the Southern District of California by using the CM/ECF system on August 28, 2024:

    1.    Defendant Jeffrey Bennion's Notice of Motion and Motion to Dismiss Plaintiff's First Amended Complaint;

    2.    Defendant Jeffrey Bennion's Declaration in Support of the Motion to Dismiss the FAC

    3.    Defendant's Request for Judicial Notice Pursuant to Rule 201 of the Federal Rules of Evidence; and

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this certificate was executed on August 28, 2024, in San Diego, California.

By:   Jeffrey M. Bennion             s/Jeffrey M. Bennion

        Declarant                       Signature