1  Jeffrey M. Bennion, Esq.
   LAW OFFICE OF JEFF BENNION
2  7960 Silverton Ave, Suite 125
   San Diego, CA 92126-6345
3  Tel: (619) 850-4859
   Email: jeff@jbennionlaw.com
4
   Attorneys for Defendant Jeffrey
5  Bennion aka Jeff Bennion aka Jeffrey
   Mark Bennion aka Jeff B Photography
6

7

8                 **UNITED STATES DISTRICT COURT**

9                 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  AELLIS D'ARTISAN                          Case No.: 24-cv-17-JO-DEB
    Plaintiff,
12                                            **REQUEST FOR JUDICIAL**
    vs.                                       **NOTICE IN SUPPORT OF**
13                                            **DEFENDANT'S MOTION TO**
    KELLI MARIE CONNOR dba KELLI              **DISMISS**
14  MARIE PHOTOGRAPHY dba
    BOUDOIR BY KELLY; JILL                    [FRCP 12(b)(1), 12(b)(6)]
15  LEUER; ALICIA MILLER; ERIC
    MILLER; JEFFREY BENNION aka
16  JEFF BENNION aka JEFFREY                  Complaint Filed:  January 3, 2024
    MARK BENNION aka JEFF B                   Judge:            Hon. Jinsook Ohta
17  PHOTOGRAPHY; SARA                         Courtroom No.:    4C
    PASTRANO; THERESA
18  STRATTON GARRETT; COREY                   Hearing Date:     October 31, 2024
    ANN BALAZOWICH; JOHN DOES                 Hearing Time:     9:30 am
19  1-100; JANE DOES 1-100,

20  Defendants.

21

22

23          Pursuant to Federal Rule of Evidence 201, and in connection with

24  Defendant's Motion to Dismiss, Defendant respectfully requests that the

25  Court take judicial notice of the following public court records:

26

27          1.    Plaintiff's application for a name change to Lachlan Ylya

28  Graendl Ellis Rotschrek Case number CV2014-094886 filed in Superior Court

                                    1

1   of the State of Arizaon in Maricopa County on 11/19/2014. This is offered to

2   show Plaintiff's many aliases. See also Case 3:23-cv-00814-RSH-MMP

3   Document 14-2 Filed 10/10/23 Declaration of Defendant Kelli Connor

4   attaching a drivers license of Plaintiff with the name Lachlan Ylya Graendl

5   Ellis Rotschrek.

6        2.    Plaintiff's Sentencing Order for Felony Forgery filed 10/18/2019

7   in the State of Arizona Maricopa County Case No. CR2013-004727-001 DT.

8   Page 3 also identifies his alias as Lachlan Rotschrek. This is offered to show

9   Plaintiff's criminal history of forgery.

10       3.    Plaintiff's Uniform Commitment to Custody of Department of

11  Corrections for case number 14-CF-000629-A in Hillsborough County in the

12  State of Florida. This document also references his aliases of Aleksei

13  Kharovsky Templar, Ciaran E Lachlan Templarobrien, Ellis Campbell

14  Warren, and Aleksei Sergianovic Kharovsky. This document shows he was

15  found guilty after a jury trial of Stalking, Aggravated Stalking (injunction),

16  violation of stalking injunction, and trespass.

17       4.    Plaintiff's Felony minutes – pronouncement of judgment for

18  violation of PC 245(a) assault with a deadly weapon, San Diego Superior

19  Court Case SCD295831. This is offered to show Plaintiff's criminal history

20  linked to his appeal where he argued his true name in 2024 is Lachlan

21  Rotschrek.

22       5.    Order adjudicating Plaintiff mentally incompetent in State of

23  Florida vs. Ciaran E L Templarobrien in Hillsborough County case number:

24  14CF000629A. The order also included involuntary confinement due to a

25  "substantial likelihood that he will inflict serious bodily harm on himself or

26  others.

27

28

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS

6.    The Docket for Plaintiff's criminal appeal for case number D082875 stemming from his charge in San Diego Superior Court for assault with a deadly weapon. This is offered to show the dates of the filing of the appellate briefs mentioned in the Court's appellate opinion referencing his argument that his real name is Lachlan Rotschrek.

7.    The appellate opinion in People v. Templar case number D082875 stemming from his assault on his ex-girlfriend Heather LaBounty (victim of homicide). In the opinion, the court states that Plaintiff argues his real name is Lachlan Rotschrek.

8.    Plaintiff's handwritten Demand to Dismiss in State of Arizona v. L.S. Templar (return address C.Obrien prisoner number 13028601) Case number 2012-111474-001 in Maricopa County in the State of Arizona, based in part on a misidentification of Plaintiff. The lengthy Exhibit A showing Plaintiff's education history of his highest grade achieved being 10th grade is omitted as irrelevant.

9.    Plaintiff's Writ of Habeas Corpus in Hillsborough County State of Florida Case No. 16-CF-15822 State v. "C.Templarobrien" (incorrectly id'd) showing Plaintiff's repeated attempt to evade prosecution by claiming confusion with his many many aliases.

10.    Plaintiff's letter to the Court Clerk in Arizona Case County of Maricopa CR2012-11474/CR2013004727-001 State of Arizona v. Aleksei Sergionovich Kharovsky showing yet another attempt to evade conviction by raising confusion with his aliases.

11.    Plaintiff's Petition for a write of habeas corpus in the case "Lachlan Rotschrek v Paul Penzone, US District Court for the District of Arizona Case 2:19-cv-04450-ROS--CDB Document 1 Filed 06/12/19. The return address is for Aleksei Kharovsky. This petition is another attempt to

evade conviction based on his confusion with his many aliases in his convictions for custodial interference, trespass, and assault

12.    Plaintiff's Memorandum of Law in Support of Motion to Correct Sentencing Errors in State v C. Templarobrien in Hillsborough County State of Florida Case Number 14-cf-629. The petition, which is yet another attempt to evade conviction based on his many aliases, is signed Lachlan Rotschrek.

13.    Plaintiff's Motion to Extend Time in State of Arizona v. Aleksei Kharovsky in Maricopa County State of Arizona case CR2013-004727-001 signed Lachlan Rotschrek c/o Ellis Templar Prisoner number 22738417 in the George Bailey Detention Facility in San Diego. This is another attempt to evade conviction by hiding behind his many aliases.

14.    Plaintiff's letter to the Judge Hon. Ashley Moody Circuit Judge in Hillsborough County State of Florida Case number 14-cf-629. Plaintiff's "final warning" to the judge in his case after his involuntary commitment after the finding of his mental incompetency to stand trial. It contains threats of criminal charges against the judge for his attempted murder. Signed "Still a prisoner of war in the corrupt state of FL." Page 2 of the document includes his petition for write of habeas corpus on the grounds that he was misidentified again.

15.    Minute Order declaring Plaintiff a vexatious litigant in the State of California on 5/6/2024 in Obtenebrix v. Maxwell San Diego Superior Court case number 37-2023-00018980-CU-NP-CTL.

16.    Plaintiff's Complaint in Obtenebrix v. Cox, et al. Orange County Superior Court Case 30-2022-01243681. This case is identical to the case he refiled in Southern District of California after this case was dismissed, and is offered to show his abusive litigation tactics of refiling matters after losing.

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS

1    17.    Minute Order in Plaintiff's case *Obtenebrix v. Cox* Orange

2    County Superior Court Case 30-2022-01243681 dismissing the entire action

3    on 8/1/22.

4

5

6    ## I.    LEGAL STANDARD

7    Federal Rule of Evidence 201(b)(2) permits the court to take judicial

8    notice of facts that "can be accurately and readily determined from sources

9    whose accuracy cannot reasonably be questioned." Courts regularly take

10    judicial notice of "undisputed matters of public record, including documents

11    on file in federal or state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126,

12    1132 (9th Cir. 2012) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th

13    Cir. 2001) and *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir.

14    2002)). "[W]e 'may take notice of proceedings in other courts, both within

15    and without the federal judicial system, if those proceedings have a direct

16    relation to matters at issue.'" *United States ex rel. Robinson Rancheria*

17    *Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

18

19

20    Dated: August 28, 2024           Law Office of Jeff Bennion

21

22                                     By:   s/Jeffrey M. Bennion

23                                     Jeffrey M. Bennion, Esq.

24                                          Attorneys for Plaintiff

25

26

27

28

1

# TABLE OF CONTENTS

2

3    Exhibit 1................................................................................................7

4    Exhibit 2................................................................................................10

5    Exhibit 3................................................................................................16

6    Exhibit 4................................................................................................33

7    Exhibit 5................................................................................................35

8    Exhibit 6................................................................................................41

9    Exhibit 7................................................................................................44

10   Exhibit 8................................................................................................49

11   Exhibit 9................................................................................................54

12   Exhibit 10..............................................................................................56

13   Exhibit 11..............................................................................................58

14   Exhibit 12..............................................................................................71

15   Exhibit 13..............................................................................................74

16   Exhibit 14..............................................................................................76

17   Exhibit 15..............................................................................................83

18   Exhibit 16..............................................................................................87

19   Exhibit 17..............................................................................................104

20

21

22

23

24

25

26

27

28

Exhibit 1

MICHAEL K. JEANES
Clerk of the Superior Court
By Georgia Shamon, Deputy
Date 11/19/2014 Time 09:00:18
Description                    Amount
--------- CASE# CV2014-094886 ---------
PET FOR NAME CHANGE            319.00 D
---------------------------------------
TOTAL AMOUNT                     0.00
      Receipt# 24152297

1  Ciaran Templar-O'Brien
2  ~~602 W Eleanor Ln~~
3  ~~Payson, AZ 85541~~
4  willhavejustice@gmail.com

5

6

7        **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8          **IN AND FOR THE COUNTY OF MARICOPA**

9

10 In the matter of:                    No.  CV2014-094886

11

12 CIARAN E LACHLAN TEMPLAR-OBRIEN,

13 (a.k.a. Aleksei Sergeianovich Kharovsky)    **APPLICATION FOR CHANGE OF NAME FOR AN ADULT**

14                                              **(A.R.S. § 12-601)**

15  _____

16        Petitioner, CIARAN E LACHLAN TEMPLAR-OBRIEN, as shown on

17 Birth Certificate, of record in Denver, Colorado, whose date of birth is

18 ▮▮▮▮▮▮▮, also recognized, by the Social Security Administration, as

19 Aleksei Sergeianovich Kharovsky, whose current residence address is:

20 ▮▮▮▮▮▮▮▮▮▮▮▮▮, hereby asks this court to change my

21 name to:  **LACHLAN YLYA GRAENDL ELLIS ROTSCHREK.**

22

23 **STATEMENTS TO THE COURT**

24 (REQUIRED BY ARIZONA LAW (A.R.S. § 12-601(C))

25 Under Penalty of Perjury, I state the following as true:

26 **1. I submit this application solely for the benefit and in the best interests of**

27 **the person for whom the name change is requested.**

2. I understand and acknowledge that this change of name, if granted, will not release me from any obligations incurred or harm any rights of property or action in any previous name.

3. I am not knowingly requesting this change of name to that of another individual for the purpose of committing or furthering any offense of theft, forgery, fraud, perjury, organized crime or terrorism or any other offense involving false statements.

4. I request this name change because: I am known and have been professionally published under this identity, and wish to properly reconcile state records with the Social Security Administration to better facilitate day to day financial activities.

I affirm under penalty of perjury the information provided on this document is true and correct this _19th_ day of November, 2014.

/s./ Ciaran Templar-O'Brien

Signed & Affirmed before me this date:
(by Deputy Clerk or Notary Public): _____

NOV 19 2014

MICHAEL K. JEANES, CLERK
G. Shamon
Deputy Clerk

Exhibit 2

Clerk of the Superior Court
*** Electronically Filed ***
Y. Zych, Deputy
10/18/2019 8:00:00 AM
Filing ID 10997078

# SUPERIOR COURT  OF ARIZONA

# COUNTY OF MARICOPA

CR2013-004727-001 DT

HONORABLE RONDA R FISK

| | | |
|---|---|---|
| THE STATE OF ARIZONA | ) | |
| | ) | LINDSAY MICHELLE GEPHARDT |
| V. | ) | |
| | ) | |
| ALEKSEI SERGEIANOVICH KHAROVSKY (001) | ) | JESUS M ACOSTA |
| DOB: ▆▆▆▆ | ) | |
| | ) | |

## SENTENCING ORDER
Imprisonment

This is the time set for Sentencing hearing held on October 17, 2019 at 9:30 AM in the South Court Tower - 5B for CR2013-004727-001 DT and Defendant ALEKSEI SERGEIANOVICH KHAROVSKY.

Hearing Start: 09:38 AM

**Present in the courtroom,**

| | |
|---|---|
| Attorney | Gephardt, Lindsay Michelle |
| Defendant | Aleksei Kharovsky |
| To Be Determined | Jesus Acosta |

A record of the proceedings is recorded by Court Reporter, SCOTT KINDLE.

IT IS THE JUDGMENT of the Court that the Defendant is guilty of the following offense(s):

**Count 001**

WAIVER OF TRIAL: The Defendant knowingly, intelligently and voluntarily waived all pertinent constitutional and appellate rights and entered a plea of guilty.
§13-2002 FORGERY, Felony 4
A.R.S. § 13-702, 13-703
Date of Offense: 11/19/2012
Non Dangerous - Non Repetitive

---

AS PUNISHMENT, IT IS ORDERED the Defendant is sentenced to a term of imprisonment and is committed to Department of Corrections/Arizona State Prison as follows:

**Count  001 - A Presumptive term of 2.5 years to begin on: 10/17/2019 with a presentence credit for 461 day(s) (time served).**

IT IS ORDERED that the Defendant shall pay financial obligations through the Clerk of the Superior Court as directed.

|  | Total | Payment | Begin | Note |
|---|---|---|---|---|
| Time Payment Fee | $20.00 | | To be determined | |
| Warrant Charge | $45.00 | | To be determined | |
| Other | $5505.50 | | To be determined | MCSO Extradition Costs |
| Probation Assess. | $20.00 | | To be determined | |
| Criminal Penalty Assessment | $13.00 | | To be determined | MCAO |
| Victim Rights Enforcement Assessment | $2.00 | | To be determined | |

AS PUNISHMENT, IT IS ORDERED the Defendant is sentenced to a term of imprisonment and is committed to Department of Corrections/Arizona State Prison as follows:

**Count  001 - A Presumptive term of 2.5 years to begin on: 10/17/2019 with a presentence credit for 461 day(s) (time served).**

IT IS ORDERED that the Defendant shall pay financial obligations through the Clerk of the Superior Court as directed.

|  | Total | Payment | Begin | Note |
|---|---|---|---|---|
| Time Payment Fee | $20.00 | | To be determined | |
| Warrant Charge | $45.00 | | To be determined | |
| Other | $5505.50 | | To be determined | MCSO Extradition Costs |
| Probation Assess. | $20.00 | | To be determined | |
| Criminal Penalty Assessment | $13.00 | | To be determined | MCAO |
| Victim Rights Enforcement Assessment | $2.00 | | To be determined | |

Community Supervision: Count(s) [001] imposed pursuant to A.R.S. § 13-603(I).

The Arizona Department of Corrections shall notify the Clerk of the Court of Maricopa County of Defendant's release from custody via e-mail cforesponse@mail.maricopa.gov. The Clerk of the Court, upon said notification, shall furnish financial information for a Criminal Restitution Order for Judicial signature for any unpaid monies to date.

The Court will retain jurisdiction over restitution for Count 001. No hearing is set at this time. In the event a restitution hearing is set, Defendant waives presence.
Restitution is to remain open for 6 Months.

Restitution is not to exceed $420,000.00.

LET THE RECORD REFLECT Defendant identifies himself as one of his listed AKAs, Lachlan Rotschrek.

The Court has received and reviewed Defendant's Request to Withdraw from Plea Agreement filed 10/07/2019.

Argument is held.

For the reasons stated on the record,

IT IS ORDERED denying Defendant's Request to Withdraw from Plea Agreement.

The Court has received and reviewed State's Memorandum Regarding Credit for Time Serviced filed 09/24/2019, Defendant's Memorandum Regarding Credit for Time Served filed 09/25/2019, and Exhibits A-E therein.

Argument is held.

For the reasons stated on the record,

IT IS ORDERED giving Defendant 461 days pretrial credit.

IT IS FURTHER ORDERED running this sentencing consecutively with any sentence imposed in Florida prior to this sentencing date.

IT IS ORDERED The defendant shall have no contact with the victim(s) whatsoever.

IT IS ORDERED Defendant shall pay restitution for all economic loss to all victims.

Defendant has stipulated to pay restitution for all economic loss to all victims not to exceed a total of $420,000 on three separate cases, with not-to-exceed caps as follows: CR2013-004727-001, $20,000; CR2017-002810-001, $300,000; and CR2012-111474-001, $100,000.

IT IS ORDERED authorizing the Sheriff of Maricopa County to deliver the Defendant to the Arizona Department of Corrections to carry out the term of imprisonment set forth herein.

IT IS ORDERED that a copy of the Order of Confinement together with all presentence reports, probation violation reports and medical and psychological reports that are not sealed in this case be remitted to the Arizona Department of Corrections.

IT IS FURTHER ORDERED dismissing:  Count(s):   **[002].**

IT IS ORDERED dismissing allegation(s) as listed in paragraph 3 of the Plea Agreement.

IT IS FURTHER ORDERED that the Defendant must submit to DNA testing for law enforcement identification purposes in accordance with ARS §13-610.

Defendant is advised that pursuant to ARS §13-805 that failure to maintain contact with the Adult Probation Department may result  in  the issuance of:
1. A criminal restitution order in favor of the state for the unpaid balance, if any, of any fines, costs, incarceration costs, fees, surcharges or assessments imposed.
2. A criminal restitution order in favor of each person entitled to restitution for the unpaid balance of any restitution ordered.

The Adult Probation Department has prepared a presentence investigation and recommendation to be filed under the case number.

Hearing Concludes: 10:29 AM

_Ronda R Fisk_

_____        _____
DONE IN OPEN COURT 10/17/2019          Hon.  Ronda R Fisk
                                       Maricopa County Superior Court

IT IS ORDERED that defense counsel shall preserve defendant's file for post-conviction relief purposes. If defense counsel receives notice that defendant is seeking post-conviction relief, counsel shall prepare the file for delivery to PCR counsel and shall make timely arrangements for the exchange thereof when notified. Further, upon exchange of the file, defense counsel shall file with the court a Notice of Compliance that shall, at a minimum, include the date of compliance, recipient of the file, and an itemization of contents of the file. A copy of the Notice shall be provided to PCR counsel, the State and the PCR Unit.

Let the record reflect that the Defendant's right index fingerprint is attached to this sentencing order in open court.

        Right Index finger

**ENDORSEMENT PAGE**

CASE NUMBER: CR2013-004727-001       SIGNATURE DATE: 10/17/2019

E-FILING ID #: 10997078       FILED DATE: 10/18/2019 8:00:00 AM

JESUS M ACOSTA

LINDSAY MICHELLE GEPHARDT

AZ DOC

RFR

Exhibit 3

CIARAN E LACHLAN TEMPLAR-OBRIEN - 14-CF-000629-A

STATE OF FLORIDA

UNIFORM COMMITMENT TO CUSTODY

OF DEPARTMENT OF CORRECTIONS

IN CIRCUIT COURT OF HILLSBOROUGH COUNTY, IN THE SPRING TERM, 2018

IN THE CASE OF                              CASE ID: 14-CF-000629-A

STATE OF FLORIDA                            DIVISION: C

VS

DEFENDANT: CIARAN E LACHLAN TEMPLAR-OBRIEN

AKA: TEMPLAR, ALEKSEI KHAROVSKY; TEMPLAROBRIEN, CIARAN E LACHLAN; WARREN, ELLIS CAMPBELL; KHAROVSKY, ALEKSEI SERGEIANOVIC


IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA, TO THE SHERIFF OF THE ABOVE-REFERENCED COUNTY AND THE DEPARTMENT OF CORRECTIONS, GREETINGS:


The above-named defendant has been duly charged, convicted, adjudicated guilty, and sentenced for the offense(s) set forth in the attached certified copies of the Indictment(s)/Information(s), Original Judgment(s) Adjudicating Guilt, and Sentencing Order(s). In addition to the Original Judgment, if judicial supervision has been revoked subsequent to the entry of the judgment adjudicating guilt, a certified copy of the order revoking supervision (rather than a duplicative judgment adjudicating guilt) is also attached in support of this commitment.

Now therefore, this is to command you, the Sheriff, to take and keep and, within a reasonable time after receiving this commitment, deliver the defendant into the custody of the Department of Corrections; and this is to command you, the Secretary of the Department of Corrections, to keep and imprison the defendant for the term of the sentence. Herein fail not.

WITNESS THE CLERK, AND THE SEAL THEREOF,
THIS THE 31ST DAY OF January 2018
PAT FRANK , CLERK

BY:

LARISA REID, Deputy Clerk

02/02/2018 10:12:56 AM Electronically Filed: Hillsborough County/13th Judicial Circuit.          Page 1

3-01                                      016

CIARAN E LACHLAN TEMPLAR-OBRIEN - 14-CF-000629-A

# IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
### CRIMINAL DIVISION

____ Suspended

____ Amended

____ Corrected

____ Probation Violator

____ Community Control Violator

____ Retrial

____ Resentence

State of Florida

v.

<u>CIARAN E LACHLAN TEMPLAR-OBRIEN</u>

Defendant

Division:    C

Case No:    14-CF-000629-A

OBTS Number: 2939027005

## JUDGMENT

The Defendant, CIARAN E LACHLAN TEMPLAR-OBRIEN being personally before this court represented by BRYANT RAYMOND CAMARENO, ATTORNEY the attorney of record, and the state represented by CHRISTINE SHIVER BROWN and having

_X_been tried and found guilty by jury/by court of the following crime(s) – **CTS 1-4**

___entered a plea of guilty to the following crime(s)

___entered a plea of nolo contendere to the following crime(s)

| Cnt | Charge Description | Lev/Deg | Plea | Disp Date | Disposition |
|-----|--------------------|---------|------|-----------|-------------|
| 1 | 784.048(2) STALKING | M1 | NOT GUILTY | 1/31/2018 | JT - ADJUDICATED GUILTY |
| 2 | 784.048(4) AGGRAVATED STALKING (INJUNCTION) | F3 | NOT GUILTY | 1/31/2018 | JT - ADJUDICATED GUILTY |
| 3 | 784.0487(4)a VIOLATION OF STALKING INJUNCTION | M1 | NOT GUILTY | 1/31/2018 | JT - ADJUDICATED GUILTY |
| 4 | 810091A2A TRESPASS ON PROPERTY OTHER THAN STRUCTURE OR CONVEYANCE | M1 | NOT GUILTY | 1/31/2018 | JT - ADJUDICATED GUILTY |
| 5 | 901.36(1) FALSE NAME TO LAW ENFORCEMENT OFFICER | M1 | NOT GUILTY | 12/21/2017 | JT - JUDGMENT OF ACQUITTAL/NOT GUILTY |

If you are a "Qualified Offender" under §943.325, Florida Statutes, you are required to submit a DNA sample in the manner consistent with Florida law.

**DONE AND ORDERED** in open court in Hillsborough County, Florida, 1/31/2018.

14-CF-000629-A 2/2/2018 10:12:40 AI

**14-CF-000629-A 2/2/2018 10:12:40 AM**

Christopher C. Nash, Circuit Judge

STATE OF FLORIDA

VS.

*TEMPLAR - O BRIEN, CIARAN*

CASE NUMBER: *14CF 629*

**DEFENDANT**

FILED

*JAN 31 2018*

# FINGERPRINTS OF DEFENDANT

| 1. Right Thumb | 2. Right Index | 3. Right Middle | 4. Right Ring | 5. Right Little |
|---|---|---|---|---|
| | | | | |

| 6. Left Thumb | 7. Left Index | 8. Left Middle | 9. Left Ring | 10. Left Little |
|---|---|---|---|---|
| | | | | |

Fingerprints taken by: _____ *3800*

NAME

*BAILIFF*

TITLE

I HEREBY CERTIFY that the above and foregoing are the fingerprints of the defendant, *CIARAN TEMPLAR - O'BRIEN* , and that they were placed thereon by the defendant in my presence in open court this date.

DONE AND ORDERED in open court in Hillsborough County, Florida, this *31* day of *JANUARY* , 20 *18* .

_____

JUDGE

02/02/2018 10:12:56 AM Electronically Filed: Hillsborough County/13th Judicial Circuit.          Page 3

3-03                                                                                                018

CIARAN E LACHLAN TEMPLAR-OBRIEN - 14-CF-000629-A

================================**SENTENCE**================================

The Defendant, being personally before this court, accompanied by the defendant's attorney of record, BRYANT RAYMOND CAMARENO, and having been adjudicated guilty herein, and the court having given the defendant an opportunity to be heard and to offer matters, in mitigation of sentence, and to show cause why the defendant should not be sentenced as provided by law, and no cause being shown

**The defendant is hereby committed to the custody of the Department of Corrections: Florida State Prison**

### Ct.1,3,4   SENTENCE: CRIMINAL

Provisions
- SENTENCED TO TIME SERVED - LENGTH UNSPECIFIED

### Ct.2   SENTENCE: CRIMINAL

Confinement (Effective 01/31/2018, TO BE IMPRISONED FOR A TERM OF 60 MONTHS, FLORIDA DEPARTMENT OF CORRECTIONS)
Provisions
- MANDATORY COURT COST IMPOSED

**Fee Totals:**
- COP STATE ATTY OFFICE - FEL $100.00
- DOMESTIC VIOLENCE SURCHARGE FELONY $201.00
- FEL MANDATORY COURT COSTS $410.00
- COST - STATE AND LOCAL ASSESSMENTS $5.00
- NOTICE OF APPEAL TO SECOND DCA $100.00
- PD APP FEE $100.00
- RAPE CRISIS TF (938.085) $151.00
- CONVERTED FEES CRIMINAL PHASE $50.00
- ADDITIONAL COP TO SAO $50.00
Fee Totals $1167.00

**\*\*FEE TOTALS INCLUDE ALL OUTSTANDING FEES OWED ON THE CASE AT THE TIME OF THIS JUDGMENT**

In the event the above sentence is to the Department of Corrections, the Sheriff of Hillsborough County, Florida, is hereby ordered and directed to deliver the defendant to the Department of Corrections at the facility designated by the department together with a copy of this judgment and sentence and any other documents specified by Florida Statute.

The defendant in open court was advised of the right to appeal from this sentence by filing notice of appeal within 30 days from this date with the clerk of this court and the defendant's right to the assistance of counsel in taking the appeal at the expense of the State on showing of indigency.

In imposing the above sentence, the court further recommends:

DONE AND ORDERED in open court at Hillsborough County, Florida, on 01/31/2018

14-CF-000629-A 2/2/2018 10:12:40 AI

**14-CF-000629-A 2/2/2018 10:12:40 AM**

Christopher C. Nash, Circuit Judge

02/02/2018 10:12:56 AM Electronically Filed: Hillsborough County/13th Judicial Circuit.    Page 4

3-04    019

CIARAN E LACHLAN TEMPLAR-OBRIEN - 14-CF-000629-A

**CERTIFICATE OF SERVICE**

I, PAT FRANK, Clerk of the Circuit and County Court of the County of Hillsborough, State of Florida, having by law the custody of the seal and all records, books, documents and papers of or appertaining to the County Court, do hereby certify that a true and correct copy of this document has been hand delivered or mailed to the Office of the State Attorney, the Defense Attorney, and/or Defendant, if appearing Pro Se.

IN WITNESS WHEREOF, I have hereunto set my hand and seal of said County Court, this 2nd day of

February        , 20 18

PAT FRANK

As Clerk of the Circuit and County Court

As Deputy Clerk

**Larisa Reid**

02/02/2018 10:12:56 AM Electronically Filed: Hillsborough County/13th Judicial Circuit.        Page 5

3-05

020

**Use Ballpoint Pen Press Firmly**

## CRIMINAL REPORT AFFIDAVIT / NOTICE TO APPEAR

1825071

GRID # _____

COURT CASE/ J.F. ID # _____    SAO # 723715    OBTS # _____

AGENCY REPORT # 2013-5331    AGENCY NAME USFPD    ORI # _____

LOCATION OF OFFENSE 13152 USF Maple    DATE OF OFFENSE 5/1/13 - 6/28/13    TIME OF OFFENSE 1630

WITHIN: Tampa, Fl 33612
TAMPA ☑ PLANT CITY ☐ TEMPLE TERRACE ☐ UNINCORPORATED AREA ☐ SUPPLEMENTAL CRA ATTACHED ☐

**FILED**

**OCT 2 2017**

**CLERK OF CIRCUIT COURT**

COURT:
TAMPA COURT ☒ PLANT CITY CT ☐

LOCATION OF ARREST _____    DATE OF ARREST _____    TIME OF ARREST _____

BOOKING # _____    SOID # _____    WEAPON TYPE _____    WEAPON SEIZED Yes ☐ No ☐

**ARREST**
☐ Probable Cause  ☐ Adult
☐ Capias  ☐ Juvenile
☐ Fugitive Warrant ☐ Delinquency
☐ VOP/VOCC  ☐ Dependency
☐ Warrant  ☐ Felony
☐ Juvenile Pickup ☐ Traffic MISD

**REQUEST FOR:**  ☐ Traffic MISD
☐ Direct File/SAO  ☐ Traffic FEL
  Review  ☐ Ordinance
☐ Warrant  ☐ Pickup
☐ Summons  ☐ Other
☐ Juvenile Pickup

**NOTICE TO APPEAR:**
☐ Arresting officer
☐ Booking supervising officer

---

NAME Templar-O'Brien   Ciaran F. Lichlan    ALIAS (S. Templar)
Last   First   Middle

RACE:
W-White  AI-American Indian/Alaskan
Race W   SEX M   D.O.B. ▮▮▮▮    Black  B-Black  O-Oriental/Asian    APPROXIMATE AGE

COMPLEXION ▮▮▮  BUILD LG
HEIGHT 6'4  WEIGHT 240
COLOR: EYES GRN  HAIR BLK

LOCAL ADDRESS (Street, Apt. #, City, State, Zip) ▮▮▮▮    1635 Ph #: _____

Permanent Address (Street, Apt. #, City, State, Zip) ▮▮▮▮    Ph #: _____

Business Address ▮▮▮▮    Ph #: _____
Driver's License No. ▮▮▮▮  FC  SS # ▮▮▮▮    PLACE OF BIRTH CO    DOC # _____

Gang Member: Yes ☐ No ☐   Gang Name _____
SCARS, MARKS, TATOOS,
UNIQUE FEATURES (Loc., Type, Desc.) UNK
IF JUVENILE:
School Name _____
Mother/Guardian _____ Address _____ Ph #: _____
Father/Guardian _____ Address _____ Ph #: _____
Released To: JAC ☐  Parent ☐  Guardian ☐  Other Relationship ☐ _____ ☐ Other _____

---

Co-Defendant (Last, First, Middle _____    Sex: __ Race: __ DOB _____
Arrested ☐  At Large ☐  Capias/Warrant Requested ☐  Felony ☐  Misdemeanor ☐  Juvenile ☐

Co-Defendant (Last, First, Middle _____    Sex: __ Race: __ DOB _____
Arrested ☐  At Large ☐  Capias/Warrant Requested ☐  Felony ☐  Misdemeanor ☐  Juvenile ☐

---

| STATUTE (subsec.) / ORD # | DV | CP | CHARGE STATUS | BOND SET | CHARGE | TRAFFIC CITATION # | DRUG ACT/TYPE |
|---|---|---|---|---|---|---|---|
| 784.048(3) | N | N | F | | Agg. Stalking | N/A | N/A |
| 784.048(4) | N | N | F | | Stalking (Injunction) | N/A | N/A |
| 810.09(a) | N | M | M | | Trespass | N/A | N/A |
| 784.048(4) | N | N | M | | Viol Injunction (Stalking) | N/A | N/A |

CHARGE STATUS: F-Felony  M-Misdemeanor  T-Traffic  O-Ordinance  FT-Felony Traffic  DV-Domestic Violence  CP-Child Present
ACTIVITY:  N-N/A  P-Possess  S-Sell  B-Buy  T-Traffic  R-Smuggle  D-Deliver  E-Use  K-Dispense/Distribute  M-Manufacture/Produce/Cultivate  Z-Other
Type: N-N/A A-Amphetamine B-Barbiturate C-Cocaine E-Heroin H-Hallucinogen M-Marijuana O-Opium/Deriv. P-Paraphernalia/Equipment S-Synthetic U-Unknown Z-Other

A LIST OF TANGIBLE EVIDENCE (If none, write "None") (Evidence List must be provided for all NOTICES TO APPEAR)

| DESCRIPTION/AMOUNT PER UNIT | RECOVERED BY | GIVEN TO | PRESENT LOCATION |
|---|---|---|---|
| Victim Witness Statement | Deliquor/Team | USFPD | USFPD CID |
| Court document | Givens | USFPD | USFPD CID |

---

Mandatory Appearance in Court ☐

**COURT INFORMATION:** You must appear in County Court at:
COURTHOUSE TOWER ANNEX, 801 E. TWIGGS STREET
(Corner of Jefferson & Twiggs Street), TAMPA, FLORIDA 33602
Division _____ COURTROOM # _____ ON _____, 20__, AT _____ a.m. ☐ p.m. ☐

You need not appear in Court, but must comply with instructions on Reverse Side. ☐
COUNTY OFFICE BUILDING, MICHIGAN & REYNOLDS STREET
PLANT CITY, FLORIDA 33566

I agree to appear at the time and place designated above to answer for the offense(s) charged or to pay the fine subscribed. I understand that if I willfully fail to appear before the Court as required by the Notice to Appear, I may be held in contempt of Court and a warrant for my arrest shall be issued. You may also be charged with the crime of Failure to Appear, F.S. 843.15. I certify that my address as listed above is correct and I further understand that I have a continuing duty to advise the Court of any changes in my address as set forth above.

Signature of Defendant/Juvenile _____

Use Ballpoint Pen
Press Firmly

# SUPPLEMENTAL CRIMINAL REPORT AFFIDAVIT

COURT CASE /
J.F. ID # _____ SAO # _____ OBTS # _____    ORIGINAL CRA # _____

AGENCY REPORT # 2013583  AGENCY NAME USFPD  ORI # _____    PAGE _____ OF _____

LOCATION OF OFFENSE 13152 SF..... DATE OF OFFENSE 3/13/6/2  TIME OF OFFENSE _____
WITHIN:
TAMPA ☐  PLANT CITY ☐  TEMPLE TERRACE ☐  UNINCORPORATED AREA ☐
COURT:
TAMPA COURT ☐  PLANT CITY CT ☐  BOOKING # _____ SOID # _____    ARREST DATE _____

NAME Tempia - Omen Cigun E, Corlanas ____ is Timpia
RACE: Last          First          Middle
W-White   I-American Indian/Alaskan ____ Black   B-Black   O-Oriental/Asian
Race __ W  SEX __ M  D.O.B. [redacted]

| STATUTE (subsec.) / ORD # | DV | CP | CHARGE STATUS | BOND SET | CHARGE | TRAFFIC CITATION # | DRUG ACT/TYPE |
|---|---|---|---|---|---|---|---|
| 901.261 | N | N | M | | False N... to LEO | Nr | N/A |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

CHARGE STATUS:  F-Felony  M-Misdemeanor  T-Traffic  O-Ordinance  FT-Felony Traffic  DV-Domestic Violence  CP-Child Present
ACTIVITY:  N-N/A  P-Possess  S-Sell  B-Buy  T-Traffic  R-Smuggle  D-Deliver  E-Use  K-Dispense/Distribute  M-Manufacture/Produce/Cultivate  Z-Other
TYPE: N-N/A A-Amphetamine B-Barbiturate C-Cocaine E-Heroin H-Hallucinogen M-Marijuana O-Opium/Deriv. P-Paraphernalia/Equipment S-Synthetic U-Unknown Z-Other

Co-Defendant (Last, First, Middle) _____ Sex: ____ Race: ____ DOB ____
Arrested ☐    At Large ☐       Capias/Warrant Requested ☐       Felony ☐    Misdemeanor ☐       Juvenile ☐
Co-Defendant (Last, First, Middle) _____ Sex: ____ Race: ____ DOB ____
Arrested ☐    At Large ☐       Capias/Warrant Requested ☐       Felony ☐    Misdemeanor ☐       Juvenile ☐

A LIST OF TANGIBLE EVIDENCE (If none, write "None") (Evidence List must be provided for all NOTICES TO APPEAR)

| DESCRIPTION/AMOUNT PER UNIT | RECOVERED BY | GIVEN TO | PRESENT LOCATION |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Additional facts to establish probable cause that a crime was committed by the defendant or that the child is dependent _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

The above additional facts were sworn to on the second page of the original Criminal Report Affidavit.

White - Clerk of Court       Green - State Attorney       ...

**AGENCY REPORT #** 2013-502    **AGENCY NAME** _____    1825071

State facts to establish probable cause that a d___ was committed by the defendant or that the child is depen___

See attachment "A"

(Refile)

Judgement requested against defendant for agency investigative cost per Florida Statute 938.27: $ _____

OFFICER _Nancy Fercker_

I.D. # _____ Dist. & Squad _____

POLICE REPORT WRITTEN: Yes ☐ No ☐    Dist. & Squad _____

OFFICER _____ I.D. # _____

SWORN TO AND SUBSCRIBED BEFORE ME THIS 13th DAY OF January, 20 14

I SWEAR THAT THE ABOVE STATEMENTS ARE CORRECT TO THE BEST OF MY KNOWLEDGE, FOR NOTICES TO APPEAR, I ALSO CERTIFY THAT A COMPLETE LIST OF WITNESSES AND EVIDENCE KNOWN TO ME IS ATTACHED.

NAME/Title of Person Authorized to Administer Oath

AFFIANT: Signature _____

AFFIANT: Print/Type Name _____

I am the Victim ☐    Contact person for the victim ☐    or, Next of Kin of the victim ☐    in a    Homicide ☐    Sexual Offense ☐    Stalking ☐    Domestic Violence ☐
Child Abuse ☐    (Including Attempts)    Other ☐ _____ .    I wish to be notified if the defendant is released from jail. Yes ☐ No ☐

NAME _____
      Last            First            Middle            Phone _____ (area code) phone - number

Address _____
      Street            Apt #            City, State, Zipcode

VICTIM'S SIGNATURE _____    DATE _____    PIN # _____

## STATE ATTORNEY

SAO FORM-425. 10/03

WITNESS STATUS: ☐ V-VICTIM    ☐ C-Complainant    ☐ W-All Other Witnesses    ☐ Check if Witness Was Sworn

| STATUS | Last | First | Middle | Race | Sex | Date of Birth |
|---|---|---|---|---|---|---|
| V | Kukulina | Ksenia | Sergeeevna | W | F | 1825071 |
| W | Duyette | Linda | M. | | W | F |

| STATUS | Last | First | Middle | Race | Sex | Date of Birth |
|---|---|---|---|---|---|---|
| Home Address (Street, Apartment Number) | | | City | State | Zipcode | Phone |
| Business Address (Street, Apartment Number) | | | City | State | Zipcode | Phone |
| STATUS | Last | First | Middle | Race | Sex | Date of Birth |
| Home Address (Street, Apartment Number) | | | City | State | Zipcode | Phone |
| Business Address (Street, Apartment Number) | | | City | State | Zipcode | Phone |
| STATUS | Last | First | Middle | Race | Sex | Date of Birth |
| Home Address (Street, Apartment Number) | | | City | State | Zipcode | Phone |
| Business Address (Street, Apartment Number) | | | City | State | Zipcode | Phone |

PROBABLE CAUSE STATEMENT    REPORT #    VICTIM NOTIFICATION    AGENCY NAME    WIT




CRA 1423396

### ATTACHMENT A

Within Hillsborough County, the defendant willfully and maliciously harassed the victim. The victim obtained a temporary injunction for protection against stalking listing the defendant as the respondent. The defendant was served with the injunction on 6/24/2013 by HCSO Deputy R. Hernandez ID number 208441. The affiant, Det. G. Givens, was present at the time of the serving. On 6/24/2013 at the time of the injunction serving, Det. G. Givens informed the defendant that he was trespassed from the USF Tampa Campus. On 6/25/2013, after having been served with the injunction, the defendant filed an Ex-Parte order with Hillsborough County Court which requested that the victim be involuntarily Baker Acted. The Ex-Parte case number is 13-MH-002039. The verbiage contained in the application of the Ex-Parte was false based on a court hearing where the Judge Espinosa rescinded the order on 6/27/2013. The victim had had no contact with the defendant after 6/8/2013. The fact that the defendant filed a false Ex-Parte application for the victim after having been served with a temporary injunction for protection against stalking from the defendant indicates an attempt to continue to harass and intimidate the victim after injunction service. On 6/27/2013 the victim was granted a permanent injunction for protection against stalking for 50 years listing the suspect as the respondent.

On 6/28/2013 the suspect was found at the USF Marshall Student center 4rth floor computer lab. His presence was in violation of the trespass issued by Det. G. Givens on 6/24/2013. When approached by USFPD officers at the Marshall Center the defendant and he identified himself as Aleksei Kharovsky with Social Security number ▮▮▮▮▮▮ The name given was false. The defendant was arrested without incident.

Agency Report # 2013-005831

G. Givens

Affiant

CASE NUMBER *14-CF-629*
DIVISION *G.*

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN AND FOR
THE COUNTY OF HILLSBOROUGH, STATE OF FLORIDA

TAMPA DISTRICT

__JAN 1 3 2014_____, Fall Term, 2013

STATE OF FLORIDA

V

CIARAN E LACHLAN TEMPLAR-OBRIEN

DIRECT
INFORMATION FOR:

**COUNT ONE**
AGGRAVATED STALKING
F.S. 784.048 (3)

**COUNT TWO**
AGGRAVATED STALKING
(INJUNCTION)
F.S. 784.048 (4)

**COUNT THREE**
VIOLATION OF STALKING
INJUNCTION
F.S. 784.0487(4)(a)

**COUNT FOUR**
TRESPASS ON PROPERTY
OTHER THAN STRUCTURE
OR CONVEYANCE
F.S. 810.09(1)(a) AND
(2)(a)

**COUNT FIVE**
FALSE NAME TO LAW
ENFORCEMENT OFFICER
F.S. 901.36(1)

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA, MARK A. OBER, STATE
ATTORNEY OF THE THIRTEENTH JUDICIAL CIRCUIT IN AND FOR THE COUNTY OF
HILLSBOROUGH, CHARGES THAT:

**COUNT ONE**

CIARAN E LACHLAN TEMPLAR-OBRIEN, from the 1st day of May, 2013, to the 23rd

day of June, 2013, inclusive, in the County of Hillsborough and State of

2014-002676/
Page 1 of 6
Information

14-CF-003629     F6D-0600002436-028
TEMPLAR-OBRIEN,CIARAN E LACH 7 PAGES
J ROBLES           01/13/2014   FORIF

Florida, did willfully, maliciously, and repeatedly follow, harass or cyber-stalk another person, to-wit:  KSENIA SERGEEUNA KULAKOVA, and made a credible threat to the said KSENIA SERGEEUNA KULAKOVA.

### COUNT TWO

CIARAN E LACHLAN TEMPLAR-OBRIEN, from the 24th day of June, 2013, to the 28th day of June, 2013, inclusive, in the County of Hillsborough and State of Florida, being under an injunction for protection pursuant to Florida Statute 784.0485 prohibiting conduct toward KSENIA SERGEEUNA KULAKOVA or her property, did knowingly, willfully, maliciously, and repeatedly follow, harass or cyber-stalk KSENIA SERGEEUNA KULAKOVA.

### COUNT THREE

CIARAN E LACHLAN TEMPLAR-OBRIEN, on the 28th day of June, 2013, in the County of Hillsborough and State of Florida, did willfully violate an injunction for the protection against stalking issued pursuant to Florida Statute 784.0485, by entering upon or into or being within 500 feet of the place of employment of KSENIA SERGEEUNA KULAKOVA.

### COUNT FOUR

CIARAN E LACHLAN TEMPLAR-OBRIEN, on the 28th day of June, 2013, in the County of Hillsborough and State of Florida, did without being authorized, licensed or invited, willfully enter upon or remain in property other than a structure or conveyance the property of UNIVERSITY OF SOUTH FLORIDA as to which notice against entering or remaining had been given, either by actual communication or by posting, fencing or cultivation.

### COUNT FIVE

CIARAN E LACHLAN TEMPLAR-OBRIEN, on the 28th day of June, 2013, in the County of Hillsborough and State of Florida, having been arrested or lawfully detained by a law enforcement officer, did unlawfully give a false name, or

2014-002676/
Page 2 of 6
Information

did otherwise falsely identify himself to a law enforcement officer, by providing the false name, to wit: ALEKSEI KHAROVSKI. Contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Florida.

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

2014-002676/
Page 3 of 6
Information

Personally appeared before me the undersigned Assistant State Attorney of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, who, being first duly sworn, says that this prosecution is set forth in the foregoing INFORMATION are based upon facts that have been sworn to as true by the material witness or witnesses for the offense and which, if true, would constitute the offense therein charged, and that the prosecution is being instituted in good faith.

Assistant State Attorney of the
Thirteenth Judicial Circuit in and
For Hillsborough County, Florida

Florida Bar # 973008

Sworn to and subscribed before me at Tampa, Florida

This _____ 13th _____ day of _____ January _____, 2014

Signature of Notary Public - State of Florida

TRACEY A. TUCKER
Commission # FF 022192
Expires August 13, 2017

Print, Type or Stamp Commissioned Name of Notary
And Date Commission Expires

Personally known ___ or Produced Identification ____

_____
Type of Identification Produced

January 13, 2014
MAYELIN CESPEDES/cmc

!MailProcessingStaff@sao13th.com

Parent

2014002676/ CIARAN E LACHLAN TEMPLAR-OBRIEN                    (Open)

2014-002676/
Page 4 of 6
Information

3-13                                                                028

Include N/A

Consolidate N/A

*****NOTICE TO CLERK OF COURT*****

**THIS CASE IS A RE-FILE FROM CASE NUMBER 2013-CF-009181/ SAO #2013-042617**

ISSUE CAPIAS:

```
DEFENDANT: TEMPLAR-OBRIEN, CIARAN E LACHLAN
DOB       :
RACE      : White
GENDER    : Male
SSN       :
DL#       :
HAIR      : Black
EYES      : Brown
ADDRESS   :
```

Agency :   University of South Florida Police Department 2013-00005831

```
2014-002676/
Page 5 of 6
Information
```

**COUNT ONE**
AGGRAVATED STALKING
F.S. 784.048 (3)
THIRD DEGREE FELONY - (6)

ASSA6001

**COUNT TWO**
AGGRAVATED STALKING
(INJUNCTION)
F.S. 784.048 (4)
3RD DEGREE FELONY - (7)

ASSA6002

**COUNT THREE**
VIOLATION OF STALKING
INJUNCTION
F.S. 784.048/(4)(a)
1ST DEGREE MISDEMEANOR

MISC2110

**COUNT FOUR**
TRESPASS ON PROPERTY
OTHER THAN STRUCTURE
OR CONVEYANCE
F.S. 810.09(1)(a) AND (2)(a)
1ST DEGREE MISDEMEANOR

TRES4001

**COUNT FIVE**
FALSE NAME TO LAW
ENFORCEMENT OFFICER
F.S. 901.36(1)
1ST DEGREE MISDEMEANOR

COPS2060

2014-002676/
Page 6 of 6
Information

3-15                                                            030



**MARK A. OBER**
**STATE ATTORNEY**
419 N. Pierce Street
TAMPA, FLORIDA 33602
813-272-5400

**Notice of Division**

Date:  January 13, 2014

To:   Clerk of Court

From:  SAO Personnel

Defendant's Name: CIARAN E LACHLAN TEMPLAR-OBRIEN

Case Number:

Division: G

Pending Case: _____

_____ Assign by Blind Rotation, Defendant has no other pending case.

Other Blind Rotation Cases: _____

2014-002676/
Page 1 of 1
Notice of Division

Exhibit 4

10⁴ SDS                                          OR        DS

SCI295831DA    AEZ02901              **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

☒CENTRAL    ☐ EAST    ☐ NORTH    ☐ SOUTH

DATE ___09-25-23___ AT ___01:30___ M.                    PROB. HEAR-SENTENCING

PRESENT: HON ___DWAYNE K. MORING___, JUDGE PRESIDING, DEPARTMENT ___1101___

CLERK ___D. VanMouwerik___ REPORTER                                CSR# _____

**C. Gibson, CSR 13937**

REPORTER'S ADDRESS: P.O. BOX 120128, SAN DIEGO, CA 92112

THE PEOPLE OF THE STATE OF CALIFORNIA                         ___C. French___
                        VS.                           DEPUTY DISTRICT ATTORNEY / DEPUTY ATTORNEY GENERAL

___TEMPLAR    ELLIS    B___         ☐ s ☐ PROPER ___G. Macias___
                        DEFENDANT              ATTORNEY FOR DEFENDANT (PD / APD / OAC / RETAINED) CT 2

VIOLATION OF ___PC245(A)(4)___                          P.O. ___C. Smith___
ENH(S) _____    INTERP. _____ OATH ON FILE / SWN.
PRIOR(S) _____    LANGUAGE _____

DEFENDANT ☒ PRESENT ☐ SELF REPRESENTED ☐ NOT PRESENT ☐ PC977 ☐ NOT PRODUCED ☐ FAILED TO APPEAR TW/CPO

**PROB. REV.** ☐ DEFENDANT ADVISED OF RIGHTS AND ADMITS / DENIES A VIOLATION OF PROBATION _____ ☐ WAIVES HEARING.
PROBATION IS : REMAINS: FORMALLY / SUMMARILY ☐ REVOKED ☐ REINSTATED ☒ MODIFIED ☐ CONT. ☐ SAME CONDITIONS ☐ TERMD. ☐ EXT. TO: _____
**JUDGMENT** ☒ WAIVES ARRAIGNMENT ☐ ARRAIGNED FOR JUDGMENT. ☐ IMPOSITION / EXECUTION OF SENTENCE IS SUSPENDED.
☐ PROBATION IS: ☐ DENIED ☒ GRANTED 2 YEARS ☐ FORMAL ☒ TO COURT) TO EXPIRE 09-24-25. ☐ CONVERTS TO PROB. TO COURT _____
☒ COMMITMENT TO SHERIFF FOR 205 DAYS. STAYED TO _____ PENDING SUCCESSFUL COMPL. OF PROBATION. ☐ PAROLE NOT TO BE GRANTED.
☐ PERFORM _____ DAYS PSP. ☐ HOURS VOL. WORK AT NONPROFIT ORG.  SUBMIT PROOF TO PROBATION / COURT BY _____
☒ 4ᵀᴴ AMENDMENT WAIVER: ☒ IMPOSED / REMAINS IN EFFECT. / DELETED. ☒ PROTECTIVE ORDER: ISSUED. / REMAINS IN EFFECT. / MODIFIED. (TERMINATED.)
☒ FURTHER CONDITIONS ARE SET FORTH IN PROBATION ORDER. ☐ WORK FURLOUGH, REPORT: _____ TO 5600 OVERLAND AVE. STE 190, SAN DIEGO 8:00 A.M.
☐ **COMMITMENT TO** ☐ CA. DEPT. OF CORRECTIONS & REHAB. ☐ DIVISION OF JUVENILE JUSTICE ☐ SAN DIEGO COUNTY SHERIFF (PC1170(h)/2057) ON
COUNT _____ CODE & NO. _____ FOR _____ LOWER / MIDDLE / UPPER / INDETERMINATE TERM OF _____ YEARS / MONTHS / TO LIFE.
☐ EXECUTION OF CONCLUDING ☐ _____ DAYS ☐ _____ MONTHS ☐ _____ YEARS OF SENTENCE IS SUSPENDED. DURING WHICH TIME THE DEFT. SHALL BE SUBJECT
TO MANDATORY SUPV. BY THE PROB. DEPT. (PC1170(h)(5)(b)). TERMS AND CONDITIONS SET FORTH IN THE ORDER GRANTING MANDATORY SUPV. (CRM-255).
☐ PER PC1170(d) ☐ PER WI1737 ☐ PRINCIPAL COUNT. ☐ STIPULATED SENTENCE. ☐ NO EARLY RELEASE OF ANY TYPE AUTHORIZED.
☐ SENTENCE PER PC667(b)-(i)/1170.12.  ☒ NOTICE OF FIREARMS PROHIBITION GIVEN PER PC29805.
☐ NO VISITATION PER PC1202.05.  VIOLATION WITH UNDER 18 YRS. OF AGE.  DA TO COMPLY WITH NOTICES.
☐ TESTING: ☐ COMPLIANCE WITH PC296 VERIFIED. ☐ DNA (PC296) ☐ HIV (PC1202.1)
☐ DEFENDANT ADVISED RE: PAROLE / APPEAL RIGHTS. ☐ **REGISTER** PER ☐ PC290 ☐ PC457.1 ☐ PC186.30
☐ **DEFENDANT TO PAY: FINE OF** $_____ INCLUDING PENALTY ASSESSMENT, PLUS THE FOLLOWING:
☐ INSTALLMENT/ACCOUNTS RECEIVABLE FEE (PC1205(e)) $_____. ☐ DRUG PROGRAM FEE (HS11372.7) $_____
☐ LAB ANALYSIS FEE (HS11372.5) $_____ ☐ THEFT FINE (PC1202.5) $_____
☒ COURT OPERATIONS ASSESSMENT (PC1465.8) $ 40
☒ CRIMINAL CONVICTION ASSESSMENT (GC70373) $ 30 ☐ SEX OFFENDER REG. FINE (PC290.3) $_____
☐ PROB. HAVING BEEN FORMALLY REVOKED, THE PREVIOUS REST. FINE OF $_____ SUSP. PER PC1202.44, IS NOW DUE.
☒ **RESTITUTION FINES:** $ 300 (PC1202.4(b)) PLUS 10% (PC1202.4(I)) FORTHWITH (PC2085.5)
$ 300 (PC1202.44/PC1202.45) SUSPENDED UNLESS PROBATION/PAROLE/SUPERVISION REVOKED.
☒ **RESTITUTION TO VICTIM(S)** PER P.O.'S REPORT / RESTITUTION FUND (PC1202.4(f)) $ TBD / IN AN AMOUNT
TO BE DETERMINED. ☐ JOINT & SEVERAL. ☒ AT COMBINED RATE OF $ 35 PER MONTH TO START 60 DAYS AFTER RELEASE ON 08-13-24
☒ **REPORT TO** ☐ PROBATION ☐ REVENUE & RECOVERY ☒ COURT COLLECTIONS ☒ FORTHWITH. ☐ WITHIN 72 HRS. OF RELEASE FROM CUSTODY.
☒ **PROCEEDINGS SUSPENDED** ☐ PER PC1368. MENTAL COMPETENCY. (SEE BELOW FOR DATES OF EXAMINATION AND HEARING.)
**FUTURE HEARINGS** WAIVERS: ☐ TIME FOR JUDGMENT. ☐ PRESENCE FOR RESTITUTION HRG. ☐ REFERRED FOR DIAGNOSTIC EVAL. PER PC1203.03. / WI707.2.
_____ CONT. TO / SET FOR _____ AT _____ IN DEPT. _____ ON MOTION OF COURT / DDA / DEFT. / PROB. OFFICER.
☐ TO BE HEARD CONCURRENTLY WITH PRELIMINARY HEARING IN CASE _____ ☐ TO TRAIL CASE(S) _____
**CUSTODY STATUS** ☐ DEFENDANT REMANDED TO CUSTODY OF SHERIFF ☐ WITHOUT BAIL. ☐ WITH BAIL SET AT $_____
☐ MAY BE RELEASED TO REP. OF PD / PROB./APPROVED RES. TREATMENT PROG. ☐ STAY / SERVE BAL. OF CUST. ☐ WHEN BED AVAIL. ☐ AFTER _____ CUSTODY.
☐ DEFT. ORDERED RELEASED FROM CUSTODY ☐ ON PROBATION. ☐ ON OWN / SUPERVISED RECOGNIZANCE. ☐ ON DEJ. ☐ ON MANDATORY SUPERVISION.
☒ DEFENDANT TO REMAIN AT LIBERTY ☐ ON BOND POSTED $_____ ☒ ON PROBATION. ☐ ON DEJ. ☐ ON OWN / SUPERVISED RECOGNIZANCE.
**BONDS / WARRANTS** ☐ BENCH WARRANT TO ISSUE, BAIL SET AT $_____ ☐ COUNSEL REPORTS NO CONTACT WITH DEFENDANT.
☐ SERVICE FORTHWITH. ☐ ORDERED WITHHELD TO _____ ☐ BENCH WARRANT ISSUED / ORDERED _____ IS RECALLED / RESCINDED.
☐ DECLARATION OF NON-COLLUSION & RE-ASSUMPTION OF LIABILITY FILED. ☐ BAIL FORF. IS SET ASIDE. ☐ BAIL ☐ REINSTATED ☐ EXONERATED ☐ FORFEITED
☐ UPON PAYMENT OF COURT COST $_____ WITHIN 30 DAYS. ☐ COST WAIVED. BOND AMT $_____ BOND NO. _____
BOND COMPANY _____ AGENT _____
**OTHER** ☐ ALL PROPERTY IMPOUNDED, SEIZED, OR HELD IN CUSTODY IN THIS CASE TO BE DISPOSED OF PER POSSESSING AGENCY'S POLICY.
☐ PROBATION: PREPARE SUPPLEMENTAL REPORT. / SUBMIT POST-SENT. REPORT TO CDCR PER PC1203c. ☐ SEE ATTACHED MINUTES FOR ADDITIONAL ORDERS.
☐ CONCURRENT WITH / CONSECUTIVE TO: _____                    **CLERK:** ☐ REGISTRAR OF VOTERS. ☐ DMV ABSTRACT  B.A.C. _____

| DAYS CREDIT FOR TIME SERVED | |
|---|---|
| 103 | LOCAL |
| ____ | STATE INST. |
| ____ | PC4019 [2/4] |
| 102 | PC4019 [2/2] |
| ____ | PC4019 (b)(1)(c)(1) [2/2] |
| ____ | PC4019(b)(2)/(c)(2) limited [2/4] |
| ____ | PC2933(e)(1) [1/1] |
| ____ | PC2933(e)(3) disqualified [2/4] |
| ____ | PC2933.1 [15%] |
| ____ | RESIDENTIAL TREATMENT |
| 205 | TOTAL CREDITS |

Date: _____ ATTEST A TRUE COPY, Clerk of the Superior Court by _____, Deputy

Distribution by _____ on _____ to  JAIL  DEFT.  ATTY.  PROS.  PROB.  R&R  Other: _____

**FELONY MINUTES – PRONOUNCEMENT OF JUDGMENT**

SDSC CRM-002B (Rev. 7/21)

Exhibit 5

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CRIMINAL JUSTICE DIVISION**

STATE OF FLORIDA                             CASE NUMBER: 14CF000629A

v.

CIARANE L TEMPLAROBRIEN                       DIVISION: C

<u>**ORDER ADJUDGING DEFENDANT INCOMPETENT TO PROCEED
AND COMMITMENT TO THE DEPARTMENT OF CHILDREN AND FAMILIES**</u>

THIS CAUSE having come to be heard before the Court, and the questions of the

competency of the Defendant in this cause to proceed having been raised in accordance with the

provisions of Rule 3.210 of the Florida Rules of Criminal Procedure, and 3.211; and §§916.115

and 916.12, Fla. Stat. (2010), the Court appointed Dr. Walter Afield, Dr. Joseph Blitch, and Dr.

Michael Gamache to examine the Defendant and to report to the Court on whether the Defendant

is incompetent to proceed as defined in §916.106(11), Fla. Stat. (2016), and whether the

Defendant meets the criteria for commitment to the department of Children and Families as

provided in §916.13(1), Fla. Stat. (2016).  The Court, having received the written reports from

the above-named experts in relation to the issue of the Defendant's competency to proceed and

need for commitment, the Court hereby makes the following Findings of Fact and Conclusions

of Law:

<u>FINDINGS OF FACT</u>

A.    Dr. Afield evaluated the Defendant and determined that the Defendant:

1.    Suffers from a mental illness.

2.    Is incompetent to proceed in this cause.

3.    Should be involuntarily committed for treatment to the Department of

12/19/2016 11:28:03 AM Electronically Filed: Hillsborough County/13th Judicial Circuit. Page 1

5-01                                                                                      035

Children and Families.

B.    Dr. Gamache evaluated the Defendant and determined that the Defendant is competent to proceed in this cause.

C.    Dr. Blitch evaluated the Defendant and determined that the Defendant:

    1.    Suffers from a mental illness.

    2.    Is incompetent to proceed in this cause.

    3.    Should be involuntarily committed for treatment to the Department of Children and Families.

D.    Based upon these reports and pursuant to Fla. R. Crim. P. 3.211, the Court finds that the Defendant is mentally ill, incompetent to proceed, and requires commitment for treatment to the Department of Children and Families.

<u>CONCLUSIONS OF LAW</u>

1.    The Defendant is charged with a felony.

2.    The Defendant is mentally ill as defined in §916.106(13), Fla. Stat. (2010).

3.    The Defendant is incompetent to proceed as defined in §916.106(11), Fla. Stat., because of mental illness.

4.    The Defendant meets the criteria for involuntary placement with the Department of Children and Families as provided in §916.13(1), Fla. Stat., to wit:

    a.    The Defendant is manifestly incapable of surviving alone or with the help of willing and responsible family or friends, including available alternative services, and, without treatment, the Defendant is likely to suffer from neglect or to refuse to care for himself/herself, and such neglect or refusal poses a real and present threat of substantive harm to the Defendant's well-being; or, there is a substantial likelihood that in the near

12/19/2016 11:28:03 AM Electronically Filed: Hillsborough County/13th Judicial Circuit. Page 2

5-02                                                                                    036

future the Defendant will inflict serious bodily harm on himself/herself or another person, as evidenced by behaviors causing, attempting, or threatening such harm.

b. All available, less restrictive treatment alternatives, including treatment in community residential facilities or community inpatient or outpatient settings, which would offer an opportunity for improvement of the Defendant's condition have been judged to be inappropriate; and

c. There is substantial probability that the mental illness causing the Defendant's incompetence to proceed will respond to treatment and the Defendant will regain competency to proceed in the reasonably foreseeable future.

Based upon these FINDINGS OF FACT and CONCLUSIONS OF LAW, it is hereby, ORDERED and ADJUDGED that:

1. Because the Defendant is incompetent to proceed as defined in §916.106(11), Fla. Stat., due to mental illness as defined in §916.106(13), Fla. Stat., and meets the criteria set forth in §916.13, Fla. Stat., the Defendant is hereby committed to the Department of Children and Families to be placed in a mental health treatment facility pursuant to §916.13(2), Fla. Stat. (2010).

2. Pursuant to Fla. R. Crim. P. 3.212(c)(4), copies of this Order along with copies of any written reports filed with the Court pursuant to the order of examination, copies of any other psychiatric, psychological, or social work reports submitted to the Court relative to the mental state of the Defendant, and copies of the charging instrument and all supporting affidavits or other documents used in the determination of probable cause to:

Forensic Admissions Coordinator
Alcohol, Drug Abuse, Mental Health, Program Office

**12/19/2016 11:28:03 AM Electronically Filed: Hillsborough County/13th Judicial Circuit. Page 3**

5-03           037

1317 Winewood Boulevard
Building 6, Room 234
Tallahassee, Florida 32399-0700

3.      The Defendant may remain in the jail for up to 15 days from the date the Department receives a complete copy of the commitment order containing the documentation required by §916.107, Fla. Stat. (2010), Fla. R. Crim. P. 3.212.

4.      Upon notification of an admission date by the Department of Children and Families, the Sheriff of Hillsborough County shall, on the date specified, forthwith transport and deliver the Defendant to a treatment facility designated by the Department, together with a copy of this order.

5.      The Department, through the Administrator of the facility to which the Defendant is admitted, shall report directly to this Court with copies to the attorneys for the State and the Defense on the issues of competency to proceed and the need for continued commitment as provided in §916.13(2), Fla. Stat., and Fla. R. Crim. P. 3.212(5).

6.      In the event the Defendant's presence is required at any hearings in this cause, this Court will issue an Order to Transport, directing the Sheriff of Hillsborough County, or his designee, to resume custody of and transport the Defendant back to the jurisdiction of this Court.

7.      Upon this Court's finding that the Defendant is incompetent to stand trial at this time, and the requirements of Fla. R. Crim. P. 3.191 are hereby temporarily suspended.

**12/19/2016 11:28:03 AM Electronically Filed: Hillsborough County/13th Judicial Circuit. Page 4**

5-04                                                                                                  038

8.      This Court retains jurisdiction in this cause, and the Defendant shall not be discharged or released from commitment within the Department of Children and Families without further order of this Court.

DONE AND ORDERED at Tampa, Hillsborough County, on this _____ day of December, 2016.

14-CF-000629-A 12/19/2016 11:27:57 AM

__14-CF-000629-A 12/19/2016 11:27:57 AM____
THE HONORABLE ASHLEY B. MOODY
CIRCUIT COURT JUDGE
THIRTEENTH JUDICIAL CIRCUIT
HILLSBOROUGH COUNTY, FLORIDA


Copies furnished to:
Department of Children and Families: Alcohol, Drug Abuse, and Mental Health Program Office
Office of the Public Defender
Office of the State Attorney
Office of the Sheriff -- State Desk
Forensics Division:
        c/o Forensic Services Program Supervisor,
        220 Madison Street,
        Suite 1130,
        Tampa, FL 33602
State Mental Hospital Forensic Services:
        Forensic Coordinator, Department of Children and Families,
        Suncoast Regional Office,
        9393 N. Florida Ave.,
        Suite 902,
        Tampa, FL 33612

**12/19/2016 11:28:03 AM Electronically Filed: Hillsborough County/13th Judicial Circuit. Page 5**

5-05                                                                                  039

Exhibit 6

California Courts - Appellate Court Case Information    https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=4...

# Appellate Courts Case Information

## 4th Appellate District Division 1

Change court ⌄

### Docket (Register of Actions)

**The People v. Templar**
**Case Number D082875**

| Date | Description | Notes |
|------|-------------|-------|
| 10/06/2023 | Notice of appeal lodged/ received (criminal). | Filed September 25, 2023 - Templar |
| 10/06/2023 | Received copy of document filed in trial court. | Order certifying request for certificate of probable cause filed on September 27, 2023 |
| 11/27/2023 | RECORD ON APPEAL FILED.*********** | Clerk's-1 (90), Reporter's-3 (26), and 1-Prelim. Hearing |
| 11/27/2023 | Probation report filed. | |
| 11/27/2023 | Letter sent advising record on appeal has been filed. | |
| 01/12/2024 | Appellant notified pursuant to rule 8.220(a) (1). | Vacated |
| 01/30/2024 | Counsel appointment order filed. | John Staley; default vacated AOB due 2/29 |
| 01/31/2024 | Motion/application to augment record filed. | with eot |
| 02/16/2024 | Augmentation granted. (See order.) | Appellant's motion to augment the record on appeal, filed January 31, 2024, is GRANTED. The Clerk of the San Diego County Superior Court is directed to prepare and transmit to this court a supplemental transcript as outlined in the attached request. Copies of the augmentation shall be furnished to counsel of record.<br><br>The supplemental transcript is due 30 days from the date of this order. Appellant's opening brief is due 30 days after the augmented record is filed with this court. |
| 03/08/2024 | Augmented record filed. | Reporter's-2 (79) |
| 03/08/2024 | Letter sent advising record on appeal has been filed. | |
| 03/11/2024 | Wende brief filed. | Defendant and Appellant: Ellis Templar<br>Attorney: John L. Staley |
| 03/11/2024 | Wende order filed. | |

| 03/20/2024 | Motion/application to augment record filed. | aug + request for new counsel |
|---|---|---|
| 03/19/2024 | Supplemental brief filed by: | Defendant and Appellant: Ellis Templar<br>Attorney: John L. Staley |
| 03/19/2024 | CASE FULLY BRIEFED. | |
| 04/15/2024 | Order filed. | Appellant's request for appointment of new counsel, filed March 20, 2024, is DENIED.<br><br>Appellant's request to augment the record with the July 19, 2023 reporter's transcript is DENIED because the record on appeal contains that record. Appellant's request to augment the record with the reporter's transcript from the preliminary hearing will be considered concurrently with the appeal. |
| 07/12/2024 | Cause submitted. | |
| 07/12/2024 | Opinion filed. | (Signed Unpublished) The judgment is affirmed. |

**Click here** to request automatic e-mail notifications about this case.

Careers  |  Contact Us  |  Accessibility  |  Public Access to Records  |  Terms of Use  |  Privacy          © 2024 Judicial Council of California

Exhibit 7

Filed 7/12/24  P. v. Templar CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ELLIS TEMPLAR,<br><br>    Defendant and Appellant. | D082875<br><br><br><br>(Super. Ct. No. SCD295831) |

APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed.

Ellis Templar, in pro. per.; and John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Ellis Templar pleaded guilty to assault with force likely to cause great bodily injury (Pen. Code,[1] § 245, subd. (a)(4)).  Templar thereafter sought to set aside his guilty plea.  Templar was provided new counsel to address his

_____

[1]    All statutory references are to the Penal Code.

motion for new trial.  At one point, he was permitted to represent himself. The motion for new trial was denied and Templar again requested counsel.

The court granted two years formal probation with credit for 205 days served.  Templar filed a timely notice of appeal and obtained a certificate of probable cause (§ 1237.5).

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to independently review the record for error as mandated by *Wende*.  We advised Templar he could file his own brief on appeal.  He has responded with a lengthy submission and several motions.[2]  Templar requests new counsel because he contends appellate counsel is incompetent.

In his materials Templar, for the first time claims he was not properly charged.  "Ellis Templar" is a fictitious person.  He now claims his real name is Lachlan Rotechrek, thus he argues the trial court did not have jurisdiction to try the case because Ellis Templar does not exist.  Additionally, Templar claims all of his attorneys were ineffective, and the court erred in denying his motion to set aside his guilty plea.  Lastly, he contends his guilty plea was coerced.

Our review of Templar's brief and the record has not raised any arguable issues for reversal of his current conviction.  The issues Templar seeks to raise will have to await some other legal challenge if he chooses to pursue such proceedings.

---

[2]     Templar's motion to augment the reporter's transcript from the preliminary hearing, is denied.

## STATEMENT OF FACTS

This appeal follows a guilty plea.  Appellate counsel has submitted a brief statement from the plea process.  We will include that statement here for convenience.

Templar and H.L. were in a dating relationship which ended.  H.L. started dating M.B.  On July 6, 2022, H.L. and M.B. left the Tilted Stick Bar in Point Loma around 10:30 p.m. to walk to H.L. residence.  Templar assaulted M.B. from behind and struck his head multiple times with a metal or aluminum bottle. They grappled and Templar twice struck M.B. in the face.  Templar fled.  The police responded.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error.  To assist the court in its review, and in apparent compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified one possible issue that was considered in evaluating the potential merits of this appeal:  Whether the court erred in denying Templar's motion to withdraw his guilty plea.

We have reviewed the record as required by *Wende* and *Anders*.  We have not discovered any arguable issues for reversal on appeal.  Competent counsel has represented Templar on this appeal.

3

## DISPOSITION

The judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.

4

Exhibit 8

C. OBrien #1302860
520 Falkenburg Rd
Tampa, FL 33619
Pro Se

## IN THE SUPERIOR COURT IN AND FOR MARICOPA COUNTY, ARIZONA

STATE of Arizona,
     Plaintiff,

    v.

L. S. Templar,
     Defendant

No.: 2012-111474-001

FILED
4/23/14 8:43am
MICHAEL K. JEANES, Clerk
By L. Landeros
L. Landeros, Deputy

Emergency Ruling Requested

## DEMAND TO DISMISS:

## DEFECTIVE INFORMATION & ALIBI DEFENSE

Comes now Accused herein, pursuant the Ariz. R. Crim. P., respectfully demanding the lawfully required dismissal of this deficient & defective information, citing the following proven material facts, & for good cause being shown as a necessity as a matter of law, as follows:

1.) The charging document is fatally defective for failing to properly identify accused, pursuant the standards set forth in Cole v. Arkansas, 333 U S 196, 201 (1948) ; as accused bears an AZ Driver's License, D02972536, & that number having not changed, the State with any reasonable investigation & or effort should, & now does know it has never properly alleged or charged a criminal offense against me & proceeding now would violate U.S.C.A. Const. Amend.s 6, 14, due to this fundamental constitutional deficiency.

2.) The charging document is fatally defective, AND Accused is clearly innocent of the alleged offence(s) in their entirety as the attached records /exhibits clearly & irrefutably prove that at the time(s) alleged, accused resided, worked, & was at all times physically present within the state of Florida. See Exhibits.

## ARGUMENT

Pursuant Cole & its descendant federal & state cases, a charging document is fatally defective at all stages of a proceeding if it fails to accurately & correctly allege every element of an alleged offense, including the name/identity of the accused alleged to have committed the offense, & each element of the crime(s) alleged that must be shown or proven at trial. Typically, the required notice to defendant, so that they do not embarass themselves at trial or lack an opportunity to prepare, is such that the charging information alleges the same elements that will be shown on the jury instructions.

Where any reasonable investigation of the allegations would have shown that accused, to protect him from Lauri Mooly's extensive history, admitted & proven in both state & federal court of fraudulent & false charges & harassment of accused herein — usually for purposes of extorting accused & no lawful cause or purpose — accused changed names in 2009, well before any allegations were made. Any proper & competent investigation would have shown this fact to investigators, & thus the state has & had every reason to know & properly charge & identify accused. The State did not, & this resulting information must be dismissed as a result. The Arizona DMV record is & was easily accessible to any police & state investigator, & was simply never utilized or ignored. These charges violate Cole & accused's U.S.C.A. Const. 6th, 14th Amend's rights as a direct result.

The accompanying records also clearly show that accused was not present in Arizona, & certainly not in Maricopa County, at any of the times alleged in the charging document. The charging document clearly alleges crime(s) committed or performed " in Maricopa County, Arizona." It further alleges a continued three month period of occurence(s). Clearly, the exhibits establish a solid alibi for accused during that time(s).

Accused did & does reside in the state of Florida, & currently fights an undue extradition from his Florida home & residency, because these charges, as shown, are clearly improper, procedurally defective, & should never have been brought as alleged to begin with, for these reasons shown. Accused notes & argues that Lauri Moody's true intention(s) were to locate accused, whose whereabouts were unknown because accused wanted nothing to do with her & only wanted an end to her perpetual harassment & persecution of accused. I still only want to be left alone. Lauri Moody has for years continued to harass & plague my family members, trying to obtain my whereabouts, & resorted to this drastic resort of once again (despite 500+ proven false past police reports, see federal case record) filing a false police complaint after a privately retained investigator failed to locate me (see police report). The investigator failed because I resided, & still do, in Florida, as far from Lauri Moody as I could devise.

Neither I nor my family have any reason or desire for any contact with Lauri Moody, ever, for any reason. She continues to initiate contact with my family members, seeking me. I don't know why & I don't care. I want to be left alone.

Because of my clear alibi, if I must return to face these improper & deficient charges, I must also seek criminal charges against Lauri Moody & cite her proven record of false reporting & malicious prosecution.

Pursuant Cole, a host of descendent case precedents, U.S.C.A. Const. Amend.s 6, 14, & the attached exhibits, obtained from the certified records on file at the University South Florida in Tampa, Florida for accused, used to determine long term (prior year +) residency status, where accused pursued a medical degree until interrupted by this proceeding, accused demands recognition of the law & facts & demands dismissal.

## CONCLUSION

Cole & descendants cases, as well as accused's clear alibi defense show 1) the State's charging document is fatally defective, failing to properly allege any charged offense against accused (provable), & 2) shows by clear & convincing proof apparent accused's actual innocence of the crime(s) alleged. Either and both of these are clear & facially apparent reasons that demand, as a matter of law, dismissal of the charging information against accused. The state lacks any prima facie case against accused herein & has no material record or evidence, or any eyewitness that can place accused anywhere in Arizona at any of the alleged time(s), & certainly not in Maricopa County. It is facially apparent that this is in fact another fraudulent & harassing act by Lauri Moody, undertaken for malicious & spiteful purposes, to locate & further harass accused herein for unlawful & improper purpose(s).

WHEREFORE, IT IS RESPECTFULLY REQUESTED the State answer & respond, if possible, to these claims & evidence, & that this court not allow waste of taxpayer funds in needlessly & without cause extraditing accused by lawfully dismissing this case as required by law, & the evident facts noted & supplied herein, by DISMISSING this case against accused.

### CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2014, I did mail to the Clerk, & to the County Attorney at 301 W. Jefferson St, Phoenix, AZ 85003, a true & correct copy of the foregoing.

/s/ Ciaran Taylor-OBrien

Exhibit 9

CIRCUIT **FILED** BOROUGH COUNTY COURT
STATE OF FLORIDA

**2017 FEB 21  AM 9:08**

State

v.                **CLERK COUNTY COURT**
                  **HILLSBOROUGH CO. FL**
                  **TRAFFIC DIVISION**

Case No.   16-CF-15822

" C. Templarobrien "
    (incorrectly id'd)

## ADDENDUM TO PROSE PETITION FOR
## WRIT OF HABEAS CORPUS

Petitioner, noting no state response has been delivered, & no ruling on the merits has occurred, now supplements, for hearing his former petition as follows, citing applicable legal authority in support of his demands to quash/void the Governor's Warrant re this matter & release petitioner _at once._

Prisoner can challenge extradition & validity of Governor's Warrant, with or without counsel, & this court must, as a matter of law, hear & rule on the merits. See Florida Rev. Stat. § 941.10(1) & Payne v. Askew, 350 So.2d 831. The grounds for voiding the validity of the Gov.'s Warrant (GW) is set forth as "clear & convincing evidence." Identity of prisoner is also a valid & relevent factor. SEE State v. Luster, 596 So.2d 454 & its predecessor/antecedent cases for past 130 years.

In addition to the other deficiencies raised in the related petition, Petitioner now cites to this court, again, the fact that all I.D. (passport issued May/June 2016 & Driver License, both bank cards) bear my only name or legal identity at all times relevant. Never was this case caption's name my name or a valid name for me of any sort. My state, federal, & banking IDs in my possession & now held by the Hillsborough County Sheriff's Office, under my booking ID# proves this conclusively. That is well above the required legal threshold of "Clear & Convincing." There is & never was any evidence to the contrary for the state to hold or extradite me on this matter or to contradict the entire U.S.'s recognition & determination of my identity. The name(s) on my ID (Lachlan Rotscheck) are not the names - any of the names-listed on the GW. There is no error, confusion, or discrepancy on my IDs. They are verifiable in HCSO's custody, here & now. Pursuant Luster, et al, this court is hereby required, as a matter of law, to quash the GW & release me at once, without delay. & I HEREBY DEMAND such full release & the GW be voided for invalid identity, & other grounds.

Dated this 13th of February, 2017.

Prisoner At War v. Florida

mailed to the Clerk of this court for filing February 14, 2017 thru PSH mail services

9-01                                                                    054

Exhibit 10

July 26, 2017

Dear Clerk,

MICHAEL K. JEANES, CLERK
BY _____ DEP
FILED
17 AUG -2

I am informed I am being held (in the bit by bits are addressing) on a case out of your court: CR2013-111474 or CR2013-004727,-001 The number appears different in different places/paperwork. I'm trying to get to the bottom of how/why this was connected at all to me. I was told an attorney was assigned there, to represent "me", who might be able to shed light on the situation or help by providing something to document this is not valid or meant for another person.

Would you be so kind as to provide me the name & address of this defense attorney? I'm mute, so no phone number will be of use to me & I haven't been able to get the name or address of this supposed defense attorney here. As if it wasn't already confusing enough, I'm held here, under a name not mine & assigned to me (why I'm trying to figure out how I got caught up in this in the 1st place) & multiple names show on the paperwork I've been shown, so I don't know which you need. The last names include: Kharovsky, Templar, Campbell, Warren. Not sure if you have/show them all or which one you have.

Still NOT my name, but if you would send me the defense attorney's name & address to get to the bottom of this mess, please mail that to me at:

"C. Templarobrien" #16029987
520 Falkenburg Rd.
Tampa, FL 33619

Thank you very much,                    Yours Truly,

# Exhibit 11

"Aleksei Kharovsky" #T514174
_____
Name and Prisoner/Booking Number
4th Ave. Jail
_____
Place of Confinement
    3250 W. Buckeye Road
_____
Mailing Address
    Phoenix, AZ 85009
_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

FILED ☒    LODGED ☐
RECEIVED ☐    COPY ☐

JUN 1 2 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Lachlan Rötschrek,
_____  ,
(Full Name of Petitioner)

                    Petitioner,

v.

Paul Penzone, as Sheriff, Maricopa County,
_____  ,
(Name of the Director of the Department of
Corrections, Jailor or authorized person having custody
of Petitioner),

                    Respondent,
                    and
The Attorney General of the State of  ARIZONA,

                    Additional Respondent.

CASE NO. **CV-19-04450-PHX-ROS--CDB**

(To be supplied by the Clerk)

**PETITION UNDER 28 U.S.C. § 2254
FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY
(NON-DEATH PENALTY)**

## PETITION

1. (a)  Name and location of court that entered the judgment of conviction you are challenging: _____
    Maricopa County Superior Court, Phoenix, AZ
    _____

    (b)  Criminal docket or case number: CR2007-031265 & CR2006-140587

2. Date of judgment of conviction: January 12, 2009    &  January 17, 2008

3. In this case, were you convicted on more than one count or crime?    Yes ☒    No ☐

Revised 3/15/16                                        1                              **530**

4. Identify all counts and crimes for which you were convicted and sentenced in this case: _____
   Custodial interference, F4
   Trespass, F6
   Assault, M2

5. Length of sentence for each count or crime for which you were convicted in this case: _____
   2.5 years incarceration
   2 year probation
   2 year probation

6. (a) What was your plea?
   Not guilty              ☒  CR 2006·140 587
   Guilty                  ☐
   Nolo contendere (no contest)  ☒  CR 2007+031265

   (b) If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give
   details: _After losing trial due to lack of effort(s) & ineffectivity of counsel in defense in CR 2006140 587_
   _Counsel in CR 2007-031265 told me night before trial he was "ready" & "had called" everyone on my_
   _intended witness list. Immediately before jury selection he reversed, told me he was completely unprepared to_
   _go to trial & hadn't notified any witness & none would attend trial on my behalf, coercing my change of plea._

   (c) If you went to trial, what kind of trial did you have? (Check one) Jury ☒ Judge only ☐

7. Did you testify at the trial?      Yes ☐      No ☒

8. Did you file a direct appeal to the Arizona Court of Appeals from the judgment of conviction?
   Yes ☒      No ☐

   If yes, answer the following:

   (a) Date you filed: _____Unknown_____

   (b) Docket or case number: _____1 CA-CR 03-0117_____

   (c) Result: _____Affirmed_____

   (d) Date of result: _____August 10, 2009_____

   (e) Grounds raised: __unknown — ?: Lack of subject matter jurisdiction due to federal court__
   __removal being undecided ?__
   _____
   _____
   _____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

2

11-02                                                                                      059

9.  Did you appeal to the Arizona Supreme Court?  Yes ☐          No ☒

    If yes, answer the following:

    (a)  Date you filed: _____

    (b)  Docket or case number: _____

    (c)  Result: _____

    (d)  Date of result: _____

    (e)  Grounds raised: _____

    _____

    _____

    _____

    _____

    _____

    **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

10. Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐       No ☒

    If yes, answer the following:

    (a)  Date you filed: _____

    (b)  Docket or case number: _____

    (c)  Result: _____

    (d)  Date of result: _____

    (e)  Grounds raised: _____

    _____

    _____

    _____

    _____

    _____

    **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

11. Other than the direct appeals listed above, have you filed any other petitions, applications or motions concerning this judgment of conviction in any state court?  Yes ☒       No ☐

    If yes, answer the following:

3

(a) First Petition.

(1) Date you filed: _Unknown ~ relying on May 20, 2019 Order for details of history_

(2) Name of court: _Maricopa County Superior Court_

(3) Nature of the proceeding (Rule 32, special action or habeas corpus): _Rule 32_

(4) Docket or case number: _CR2006140587 & CR2007031265_

(5) Result: _Dismissed w/o relief_

(6) Date of result: _unknown_

(7) Grounds raised: _Ineffectiveness of counsel, including previous noted lies or change of counsel's stated preparedness for trial_

_Possible: Lack of Subject Matter Jurisdiction due to undecided filed Notice of Removal to Federal court filed after its bias became apparent, trial is being aware, issued & election to disregard & misconstrue that Notice to proceed herself_

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(b) Second Petition. ?

(1) Date you filed: _April 26, 2019_

(2) Name of court: _Maricopa County Superior Court_

(3) Nature of the proceeding (Rule 32, special action or habeas corpus): _Rule 32_

(4) Docket or case number: _CR2006140587 & CR2007031265_

(5) Result: _Dismissed w/o petition or review_

(6) Date of result: _May 20, 2019_

(7) Grounds raised: _Ineffectiveness of Counsel, Manifest Injustices: Actual Innocence & Lack of In Personam jurisdiction, both due to newly discovered evidence & legal defense the facts of which were known to counsel, which never even broached relevance as to a lack of in personam jurisdiction, all discovered & made evident by a very recent repeat performance by the same false Accuser, Lauri Moody, a violent addict & criminal who now boasts over her past deceptions of Maricopa County officials as she brings new false claims, & reuses_

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.** _former false._

4

11-04                                                                    061

(c)  Third Petition. ?

    (1)  Date you filed: _Unknown if any_____

    (2)  Name of court: _____

    (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4)  Docket or case number: _____

    (5)  Result: _____

    (6)  Date of result: _____

    (7)  Grounds raised: _____

        _____

        _____

        _____

        _____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(d)  Did you appeal the action taken on your petition, application, or motion to the:

|  | Arizona Court of Appeals: |  | Arizona Supreme Court: |  |
|---|---|---|---|---|
| (1) First petition: | Yes ☐ ? | No ☐ | Yes ☐ | No ☒ |
| (2) Second petition: | Yes ☐ | No ☒ | Yes ☐ | No ☒ |
| (3) Third petition | Yes ☐ | No ☐ | Yes ☐ | No ☐ |

(e)  If you did not appeal to the Arizona Court of Appeals, explain why you did not: _Ludicrous hypocrisy_
_contrary own extant law in prior decisions & determination to instead leave Arizona, never_
_return & thereby rid my life of the criminal misconduct & manifest injustice experienced at_
_the hands of belligerent obtuse state figures totally uninterested in any truth or justice._

_____No reason to appeal when every ⅃ in Arizona turns a blind eye or exacerbates the wrong._

12. For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.** Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

<u>**CAUTION:**</u> To proceed in the federal court, you must ordinarily first exhaust (use up) your available <u>state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

5

**GROUND ONE:** The trial court acted without jurisdiction required by state & federal constitutions when it proceeded to act without any charging document that properly identified petitioner's known name or legal identity.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

When it sentenced Petitioner to incarceration an undecided Notice of Removal to federal court was pending & this fact was known to trial judge & deprived her & that court of subject matter jurisdiction. Her violation resulted in no decision/action by the federal court BECAUSE she illegally violated jurisdiction & sentenced petitioner. The trial court lacked any in personam jurisdiction as no charging document ever named petitioner or listed his known legal name. State & defense counsel knew petitioner's name was different & that he bore official government ID with his legal name when arrested. It was the state's duty, before it could proceed, to correct this deficiency or dismiss the charges. It did not. It was also known to all parties WHY there was a marked difference between petitioner's true & legal names & that used by the state as reported by accuser Moody: that Moody's perpetual harassment & stalking of petitioner had spurred him to legally change his identity in order to conceal his home & work & life from Moody so as to limit her ability to locate or stalk petitioner or involve herself in his life & activities outside official supervised court related public function with lots of surveillance or witnesses close at hand. It was not until recently known or learned by petitioner this proper identity in charging document was/is also a due process requirement & basis for a legal defense.

(b) Did you present the issue raised in Ground One to the Arizona Court of Appeals? Yes ☐     No ☒

(c) If yes, did you present the issue in a:

     Direct appeal      ☐

     First petition      ☐

     Second petition    ☒

     Third petition      ☐

(d) If you did not present the issue in Ground One to the Arizona Court of Appeals, explain why: _____

It was previously unknown to petitioner & its legal ramifications & due process implications were never discussed or advised by counsel, despite their knowledge of the facts & background.

(e) Did you present the issue raised in Ground One to the Arizona Supreme Court? Yes ☐     No ☒

6

**GROUND TWO:** _Petitioner was denied any effective assistance by trial counsel_

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

Despite full knowledge of the facts & background set forth in Ground One, counsel never apprised petitioner or made use of at or prior trial or even thereafter the due process ramifications of the state's failure & refusal to I.D. petitioner by his known legal name, which petitioner had to discover inadvertently by himself many years later, aplicable to both cases /convictions & for identical cause & prejudice. Counsel made no effort to challenge the defect(s) of the charging document. Further as previously stated, Overnight reversal by William Shortale, Esq. on eve of trial so that he could coerse a no contest plea & not try the case as petitioner had intended & counsel had told petitioner he was prepared to do less than 24 hours earlier indicates clear disregard & contempt for petitioner & petitioner's efforts to defend himself from Moody's false allegations & persecutions & prove petitioner was worse off than having no counsel at all as "his" counsel actively betrayed & undermined petitioner's efforts & intent to go to trial by refusing to even call witnesses this night before trial AND LYING TO PETITIONER THE NIGHT BEFORE TRIAL BY SAYING HE HAD AND ALL WITNESSES FOR DEFENSE SOUGHT HAD AGREED TO BE PRESENT!
All of which clearly violated petitioner's right to effective assistance by counsel.

(b)  Did you present the issue raised in Ground Two to the Arizona Court of Appeals?  Yes ☐   ?   No ☐

(c)  If yes, did you present the issue in a:
  Direct appeal          ☐
  First petition          ☐
  Second petition         ☒
  Third petition          ☐

(d)  If you did not present the issue in Ground Two to the Arizona Court of Appeals, explain why: _____
"Exhaustion" of this claim is not required for fedgal relief. See e.g. Ortiz v. Stewart, 149 F.3d 923, at 932; Cockett v. Ray, 333 F.3d 938, at 943; Davila v. Davis, 137 S.Ct. 2058 (2017). For which reason, in light of having raised these by Rule 32 Notice or Petition to the state trial court, petitioner now proceeds here.

(e)  Did you present the issue raised in Ground Two to the Arizona Supreme Court?  Yes ☐          No ☒

7

**GROUND THREE:** _Actual Innocence, as indicated by newly discovered material evidence that indicates the exact opposite of state's criminal Allegation(s) were in fact true & that entire change & process were intended all along for extortion & accuser's personal financial enrichment._

(a) Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_October 20, 2016 Lauri Moody was interviewed by a County Investigator Joe Plummer in regards to an attempt by Moody to fraudulently sell real estate that didn't belong to her. In that interview she denied all involvement & tried to redirect attention & responsibility upon petitioner. To do this she noted details known only to her & petitioner as to the cases in this petition, including how she had visited petitioner in June 2008 while he was jailed on THESE charges, tried to extort a familial relationship (& financial support) & been refused by petitioner. In 2008 she denied any such visit & persuaded Tower Jail guard to allow her to remove documents she claimed that indicated her visit, to conceal its occurance on "privacy" grounds. She also denied her drug, alcohol & mental health issues which gave rise to the violence for which she was evicted in 2005. Moody made additional boasts which, with facts known to petitioner & his family whom Moody had also tried to coerce support from since 2008. It was discovered that Moody openly boasted in Facebook posts on her personal page of how she had "faked" County officials & police had in fact lied about all charges in order to file an Insurance claim for a new cell phone she could otherwise afford, to receive donated clothing, trips to Louisiana & Florida, & over $3,000 cash from churches & private citizens as well as "teach a lesson" to petitioner for rejecting her, insanity, addiction & violence included. In these posts Moody revealed that when she told police she or a school associate (her story changed over time) went to pick up her child & petitioner "no-showed" & "later refused all phone & Email contact," she had in fact been the one to no-show & later refuse all communications, as well as why: she went to Chapman Volkswagen in Scottsdale to test-drive & choose a new vehicle to lease. Chapman Volkswagen's Records & Sales Manager have since been consulted & various records, contracts, & credit card slips confirmed Moody's boasts as true but will not be released without subpoena or court order. Moody got her new phone, car, money & sympathy from those she deceived & used the open communication channels petitioner provided to send authorities to arrest him when he didn't abandon the child roadside or "return to her" (Moody). (Meets Schlup at 324._

(b) Did you present the issue raised in Ground Three to the Arizona Court of Appeals? Yes ☐     No ☑

(c) If yes, did you present the issue in a:
  Direct appeal  ☐
  First petition  ☐
  Second petition ☑
  Third petition  ☐

(d) If you did not present the issue in Ground Three to the Arizona Court of Appeals, explain why: _____
_It was presented in an April 26, 2019 Rule 32 proceeding after discovery of the October 20, 2016 interview & related subsequent discoveries, revealed to petitioner as part of the discovery in CR 2017-2810 in March 2019. Moody's latest attempt to frame / setup petitioner on false grounds, out of spite, to take the fall for her failed 2019 attempt; fraudulent sale while petitioner was out of area._

(e) Did you present the issue raised in Ground Three to the Arizona Supreme Court? Yes ☐     No ☑

**GROUND FOUR:** _____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  Did you present the issue raised in Ground Four to the Arizona Court of Appeals?   Yes ☐         No☐

(c)  If yes, did you present the issue in a:
        Direct appeal      ☐
        First petition      ☐
        Second petition    ☐
        Third petition     ☐

(d)  If you did not present the issue in Ground Four to the Arizona Court of Appeals, explain why: _____

_____

_____

_____

(e)  Did you present the issue raised in Ground Four to the Arizona Supreme Court?   Yes ☐         No ☐

9

**Please answer these additional questions about this petition:**

13. Have you previously filed any type of petition, application or motion in a federal court regarding the conviction that you challenge in this petition?     Yes ☐          No ☒ *To best of my knowledge*

    If yes, give the date of filing, the name and location of the court, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.   Attach a copy of any court opinion or order, if available: _____

_____

_____

_____

_____

_____

14. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, as to the judgment you are challenging?     Yes ☒          No ☐

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: *Circa May 26 I sent a Motion to Reconsider, on these same grounds, to Maricopa Superior Court's arbitrary, out of hand dismissal of his Notice for Rule 32 (no petition filed, summary dismissal prior any petition or record prepared)*

_____

_____

15. Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?  Yes ☐          No ☒ *Not related to this... in other derivative illegal custody at present*

    If yes, answer the following:

    (a) Name and location of the court that imposed the sentence to be served in the future:

_____

_____

    (b)  Date that the other sentence was imposed: _____

    (c)  Length of the other sentence: _____

    (d)  Have you filed, or do you plan to file, any petition challenging the judgment or sentence to be served in the future?      Yes ☐          No ☐

**16.** TIMELINESS OF PETITION: If your judgment of conviction became final more than one year ago, you must explain why the one-year statute of limitations in 28 U.S.C. ˚ 2244(d) does not bar your petition.*

An untimely first federal habeas petition that raises a convincing claim of actual innocence is not barred. See Schlup v. Delo, 133 S.Ct. 1924, 1935 (2013). It is more likely than not that no reasonable juror would convict petitioner if exposed to Mosby's new admissions. Facebook posts & Chapman Volkswagen's records of her test drive & lease thru them at the time she lied & told state authorities petitioner rather than she, had-chased & later avoided all communication & custody exchange, or her statements that "setting up" petitioner so she could file a fraudulent insurance claim was the only way she could afford a fancy new smartphone when petitioner refused to buy her one. Her own statements & belief she is beyond any statute of limitations & the orders untouchable are very strong evidence indeed that the indictments did not come to pass sooner, clear petitioner & prevent further abuse by her (& now does) endured. As a result of her lies & malice.

*Section 2244(d) provides in part that:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**17.** Petitioner asks that the Court grant the following relief: Order Production & examination of all those Facebook & Chapman Volkswagen of Scottsdale records & reverse conviction upon their review & corroboration of Acuña's claim of actual innocence & any further possible Order in interest of justice to incarcerate Mosby for her frauds or at least end her persecution of petitioner herein.

or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)

I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ___June 9, 2019___ (month, day, year).

_____
**Signature of Petitioner**

_____            ___June 9, 2019___
Signature of attorney, if any                           Date

# MARICOPA COUNTY SHERIFF'S OFFICE

## <u>CERTIFICATION</u>

I hereby certify that on this date _____ **June 7, 2019** _____

I mailed the original and one (1) copy to the Clerk of the United States District Court, District of Arizona.

I further certify that copies of the original have been forwarded to:

___ Hon _____ United States District Court, District of Arizona.

___ Hon _____ United States District Court, District of Arizona.

___ Attorney General, State of Arizona, _____

___ Judge _____ Superior Court, Maricopa County, State of Arizona.

___ County Attorney, Maricopa County, State of Arizona _____

___ Public Defender, Maricopa County, State of Arizona _____

___ Attorney _____

___ Other _____

___ _____

___ _____


_____    **B3853**
Legal Support Specialist Signature    S/N

INMATE LEGAL SERVICES
Maricopa County Sheriff's Office
3250 W. Lower Buckeye Rd.
Phoenix, AZ 85009

USDC Certification        10/17/16

# Exhibit 12

13TH JUDICIAL CIRCUIT COURT, HILLSBOROUGH COUNTY
FLORIDA

State,                                        No. : 14-CF-629

v.

"C. Templarobrien"                            Division "C"

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO CORRECT SENTENCING ERRORS

Intentionally misidentified Accused herein, Lachlan Rötschesk, submits the following additional legal authorities in support of the evident facts & omissions of record.

_Peer v. State_, 983 So.2d 34,35 (1st DCA 2008). Defendant is entitled to relief for being sentenced to prison in violation of Rule 3.710(a) due to the lack of evidence on record of a prior felony conviction or a PSI report when sentenced. Must be resentenced pursuant to Rule 3.710(a) limitations.

_Hardwick v. State_, 630 So.2d 1212 (5th DCA 1994). Resentencing to a nonprison sanction is required when Rule 3.710(a) has been violated. Petitioner is entitled to immediate release from prison.

Fla. R. Crim. P. 3.704 (d)(14)(D). "Any uncertainty in ... prior record must be resolved in favor of the offender." No matching certified record, no conviction.

_Rollins v. Baker_, 683 So.2d 1138; _State v. Shaw_, 643 So.2d 1163. Prejudice against defendant is presumptive on the face by the presence of a motion to disqualify a judge. — Basis & standard of pending Petition for Writ of Prohibition barring j. Nash as judge herein.

RESPECTFULLY SUBMITTED,

CERTIFICATE OF SERVICE

I hereby certify I sent the foregoing to the clerk, with a copy therewith for the SAO, via: 800 E. Twiggs St., Tampa, FL 33601-1110, this March 28, 2018.

/s. _LRötschesk_
Lachlan Rötschesk, Accused

12-01                                                                 071

"C. Templare bntr." C12076
CFRC - Main
7000 H.C. Kelly Rd.
Orlando, FL 32831

LEGAL MAIL

Clerk of Circuit Court
Hillsborough County
800 E. Twiggy St.
P.O. Box 1110
Tampa, FL 33601-1110

33601-111010



CRITIMAILED
FL 326
29 MAR '18
PM 3 L

U.S. POSTAGE >> PITNEY BOWES

ZIP 32831 $ 000.68⁰
02 1W
0001394038 MAR 29 2018

# Exhibit 13

MARICOPA SUPERIOR COURT
ARIZONA

CLERK OF THE SUPERIOR COURT
FILED
OCT 31 2022  10:40am
A. McLellan, Deputy

State of Arizona,                    CR 2013-004727-001

vs.

"Aleksei Kharovsky"

## MOTION TO EXTEND TIME(S)

Misidentified defendant/petitioner, pro se, hereby moves for good cause for an extension of 30 days to any time(s) ordered or allowed in this matter, for filing ordered since September 12, 2022, upon which date he entered custody following an incident of self defense while attempting to address a familial situation. The clerk has concurrently with this filing been provided a current mailing address valid until December 23, 2022, & between Sep. 12th & now this party has been entirely deprived of opportunity or ability to otherwise advise or update this court, & absent direct notification by this court in a lawful fashion, any opportunity to follow the proceedings or otherwise learn of any order(s) on pending motions since Sep. 12th due to the total unlawful lack of access & provision to research or review this proceeding while held pending his self defense trial. For which reason(s), he now requests any M.C. or order(s) issued since Sep. 12 be reissued to him, with a 30 day extension to comply.

Dated this 19 October 2022.

LACHLAN RÖTSCHREE, pro per
C/o "Eliot Taylor" #2622347 GBOF
451 Riverview Pkwy Bld. C
Santee, CA 92071

Copy of foregoing mailed to:

Clerk of court; State Attorney General's Office

s.

13-01                                                    074

Exhibit 14

3-13-17

#125398

P.O. BOX 1000, CHATTAHOOCHEE, FL 32324-1000

3-20-17
Copies to:
Debra Bell
Maria Dunker

**RECEIVED**

MAR 20 2017

ASHLEY B. MOODY
~~CIRCUIT JUDGE~~

a. Moody,

You were previously placed on Notice in Case #14-CF-629 of your official error & misconduct. Your failure to correct these errors, & refusal to answer the related Petition for Writ of Habeas Corpus clearly illustrate your willful intent to violate my civil rights, actionable as a felony criminal offense under 18 U.S.C. §542 & others. I NEVER met any criteria for involuntary placement at the Florida State Hospital, where, as a result of your wanton misconduct, I have been very seriously abused & assaulted, including a premeditated & coordinated attempt to murder me on March 8th, 2017, days after another individual was murdered here, Kyle Lawson, on March 4th. The clinicians noted your error from the moment I arrived. Under F.S. §916.17, you had both the ability & absolute duty to assign me to outpatient treatment & release me from custody for that treatment. You did not. Because you violated my civil rights, it was brought to your attention in multiple ways, & you refused to correct your error & misconduct, this is your final warning. You will take immediate corrective action as required & prescribed by Florida Law, or I will refer this matter to state & federal authorities, detailing my resulting injuries, & demanding full investigation & criminal charges be brought against you. This is a very serious matter. It is time you stopped acting as a prosecutorial doormat & protected my supposedly 'guaranteed' rights, instead of ignoring & abusing them.

Still a Prisoner of War in the Corrupt State of FL

14-01                    076

HILLSBOROUGH COUNTY, CIRCUIT COURT
FLORIDA

State

v.                                    # 14-CF-629

"C. Templarobrien"

PETITION FOR WRIT OF HABEAS CORPUS

This court, & j. Moody, have illegally held (falsely identified) petitioner since May 26, 2016. Per F.S. § 916,107, illegal confinement or conditions to state hospital MUST be challenged by Habeas. Excessive Bail is likewise challenged by Habeas & is a matter of right. See: Nicholas v. Cochran, 673 So.2d 882; Alvarez v. Crowder, 645 So.2d 863; Sikes v. McMillian, 564 So.2d 1206; Kelsey v. McMillan, 560 So.2d 1343; Rawls v. State, 540 So.2d 946. This court issued all orders being challenged & has jurisdiction & requirement to hear matter. This is 2nd petition in Hillsborough County, prior filed before Xmas 2016 war ignored & remains unanswered, prompting this petition & additional challenge: "no bond" status as excessive bail, in violation of Florida law & constitution. These errors occurred in part due to a total lack of any competent defense counsel.

This court has held Petitioner, since May 26, 2016 in Honduras, "No Bail." There is not a single aspect of any of the false charges in this matter that warrant, or are even allowed to be set "No Bond" under any Florida law. Further, there has never been an FTA in this case as petitioner has NEVER been given notice or summons of any kind, by any party whatsoever, & hasn't even seen the supposed related appellate decision that allowed reinstation of these false charges. That refiling did, as a matter of law, REQUIRE notice & summons to petitioner, & state did NOT do this. Even state's lies as to 'attempted service' do not meet their required legal duty: they claim to have sent notice to an address not used in over 10 years & never lived at, used only to prevent harassment by a psychopathic ex/stalker whose antics still persist even after her obsession has stripped her of her medical license & all parental rights to her children — no mean feat in any state. The state here would have been more legitimate & honest in an attempt to deliver notice to the much more recent Florida addresses of residence — the last U.S. addresses of record, but they made no such attempt & never intended to act with integrity or fulfill their duty, only to get a warrant for an arrest on charges that this court will soon be forced to acknowledge were foundless from the beginning & based solely on the lies & ambition of a single crooked cop. The depositions & hearing transcripts that prove this fact are already of record & to determine which cop's tale is true, need only look & compare with the police dispatch, or "CAD" log, & final phone call of petitioner's, which conclusively prove initial arrest, from day one, on June 28, 2013, was entirely without any probable cause or any legal basis, §901.15.

①

Therefore, there neither is, nor ever was, _any_ basis for "No Bond" in this case, & "No Bond" is absolutely excessive & unwarranted. This case was mistried once due to state error/misconduct in trial, & dismissed a 2nd time in 2014. Under court policies & precedent, a "ROR" bond status is the only warranted & reasonable option, yet petitioner has served a 2+ year sentence, in custody, without any conviction whatsoever. 3 of the 5 counts can not be lawfully run consecutive & as misdemeanors cannot carry more than a single year sentence total, yet they too are "No Bond," by this court's unlawful order.

On December 19, 2016, J. Moody erred further: despite no evidence of record that _any_ term of F.S. § 916.13(1)(a) was in effect & apparent in this case, J. Moody unlawfully committed petitioner to the Florida State Hospital. An absolute violation of Florida law, due process, & petitioner's civil rights. 18 U.S.C.A. §542.

There is _no_ evidence of _any_ "Recent violence or threat of violence..." as stated in 916.13(1)(a)2 to allow commitment to any secure facility for "treatment." Further, there is no such history to draw on in the 2 years before, or any time since for any such finding to be even alleged. Even after assaults & Attempted Murder of petitioner @ F.S.H.

There is _no_ evidence of record that petitioner is in any way unable to provide for himself & his daily needs, as grounds for commitment permitted under 916.13(1)(a)1. Petitioner is absolutely able to survive most adequately alone, with no more assistance than a single smartphone app to handle all communication needs.

Further, § 916.13 _REQUIRES_ the "least restrictive" possible treatment scenario. Outpatient only treatment is available in Tampa & throughout Florida sufficient to meet the court's statutory needs. The court & J. Moody ignored this fact & willfully violated petitioner's rights — a criminal offense, under 18 U.S.C.A. §542 & others.

Further, to facilitate this requirement, F.S. § 916.17 specifically authorizes J. Moody & this court, in order to fulfill this court's _REQUIRED DUTY_, to "ROR" or "conditional release" petitioner to obtain & pursue this outpatient treatment. J. Moody again ignored Florida law & her duty, as well as petitioner's 'guaranteed' rights under the law.

As a direct result of J. Moody's misconduct & error, petitioner has been illegally sent, committed & held at the Florida State Hospital, contrary Florida law, due process, & all his guaranteed civil liberties, without any valid cause since Jan. 9th, 2017.

Also as a direct result, petitioner was brutally assaulted by staff, w/o cause, on 1.9.17, 2x in February by another resident "Harris," & endured abuse & continual death threats from 1.9.17 thru 3.8.17, when 4 residents attempted to Murder him, clearly stating their intent. 4 days earlier another F.S.H. resident had been murdered. The assault & attempted murder, with video & staff witnesses to attacker's declared intents, was reported to Chattahoochee Police Dept. on 3.14.17 for prosecution.

J. Moody should never have accepted reports from 2 doctors who did NOT examine petitioner — both REFUSED to examine petitioner because he was Mute.

If such reports were accepted though, there remained no basis to commit to F.S.H., & this fact was noted & cited by F.S.H. clinician on 1.9.17 & multiple times since then, puzzled as to what they were expected to do or why petitioner was even sent.

F.S.H. clinicians, who under F.S.§916.13(2)a had an immediate responsibility to notify the court, file a report, & inform the court, w/ petitioner's return, that petitioner DID NOT meet the requirements for any lawful commitment to F.S.H. did not occur either, even when petitioner brought it to their attention on Feb. 1st, 2017 & several times since. Further, because petitioner was NEVER lawfully committed, under any law, & should have been returned at once for a proper disposition & the only reason he wasn't is the clinician's fear of upsetting J. Mody, petitioner is under absolutely no obligation whatsoever to participate in any F.S.H. activity.

Petitioner must, as a matter of law, be released from F.S.H. & sent to outpatient 'treatment' or a hearing held at once on the false arrest, reviewing the transcripts & police dispatch which all confirm the facts that: the name identified in this case caption is not & was not ever petitioner/accused's at any time relevant to this proceeding, & police later confirmed that petitioner did NOT identify himself as Templaro brien in any way, bore no ID whatsoever, & police on scene agreed they had no probable cause & told petitioner he was free to go, that arrest did NOT occur following ANY ID of petitioner, that cop claiming to have made such ID, in person & on scene prior to arrest, was not even present until minutes after all seizures & subsequent arrest, took place & were finished. Both police hearing testimony & dispatch log from 2013 prove that, w/ depositions, & Givens's police report, depositions, & hearing testimony in 2014 show he lied from the very beginning, falsified reports, wasn't even present as he claims, & additional testimony & evidence, if this doesn't dismiss case, will prove he tampered with at least some of the electronic records the state claims to rely on as 'evidence' in this case — the only 'evidence.'

Regardless which way the court proceeds, it is absolutely clear it is intentionally & willfully abusing & violating the rights, safety & causing irreparable injury, including permanent vision loss, to a man innocent of all alleged wrongdoing in this matter.

(3)

14-04                              079

For all of the foregoing factual & legal reasons, it is now imperative, & as a matter of law, required, that this court issue an immediate Writ of Habeas Corpus & release petitioner in accordance with the law & facts — either to 'treatment' or following dismissal/discharge of these false charges against him.

The only 'wise' course of action, in light of the evidence at hand, & already of record, for the state is to save as much face as it can & discharge petitioner, unless it wants a j's ruling as basis to pursue criminal charges against Givens, in which case the state should approach petitioner, who possesses knowledge of very damning evidence against Givens of other felony-serious felony offenses & ongoing activities. F.S.H. lacks ANY TDD/TDY facilities to assist petitioner in any way — an American Disability Act & civil rights violation.

I hereby DEMAND this court issue a Writ of Habeas Corpus & order my release from Florida State Hospital at once, immediately, & other such orders as are necessary & prudent to correct these noted errors.

Dated this 14th March, 2017, by:

_____
Petitioner

mailed via F.S.H. mail on 15, March, 2017

④
14-05                    080



C+
Admin

UNIT/DEPARTMENT _FA.D_
FLORIDA STATE HOSPITAL
P.O. BOX 1000
CHATTAHOOCHEE, FL 32324-1000
(Templar) #125398

Attn: Ashley Moody
Clerk of Court
P.O. Box 1110
Tampa, FL. 33601

neopost
03/16/2017
US POSTAGE $000.46°

FIRST-CLASS MAIL

ZIP 32324
041L11252120

14-06    081

Exhibit 15

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF SAN DIEGO
## CENTRAL

### MINUTE ORDER        [X] Amended on 05/06/2024

DATE: 05/06/2024                TIME: 12:26:00 PM        DEPT: C-68

JUDICIAL OFFICER PRESIDING: Richard S. Whitney
CLERK: Richard Cersosimo
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT:

CASE NO: **37-2023-00018980-CU-NP-CTL** CASE INIT.DATE: 05/04/2023
CASE TITLE: **Obtenebrix vs Maxwell [IMAGED]**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Non-PI/PD/WD tort - Other

---

### APPEARANCES

---

The Court, having taken the above-entitled matter under submission on 5/3/2024, and having fully considered the argument of all parties, both written and oral, as well as the evidence presented, now rules as follows:

**(1) DEFENDANTS' MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED and (2) DEFENDANTS' MOTION TO COMPEL INITIAL DISCOVERY RESPONSES are GRANTED.**

Defendants David Maxwell and Maria Maxwell ("Defendants") served Plaintiff AEllis Obtenebrix, aka AEllis D'Artisan ("Plaintiff") with requests for admission, special interrogatories, form interrogatories, and requests for production on December 21, 2023. Plaintiff responded with an email stating that he refuses to respond to any requests because they are "null & void as a matter of law." Plaintiff's position was based on the assertion that Defendants' answer was improper. This Court already declined to strike the answer. Plaintiff's general objection is not legally proper. Plaintiff was required to respond to each request separately. (Code Civ. Proc., §§ 2030.210, 2031.210, and 2033.210.) Plaintiff's failure to respond to each request individually amounts to no response to any of the requests, which resulted in a waiver of Plaintiff's right to object. (Code Civ. Proc., §§ 2030.290, 2031.300, and 2033.280.) Therefore, the motions are granted. Plaintiff is ordered to serve responses, without objections, to Defendants' requests for special interrogatories, form interrogatories, and requests for production within fifteen (15) calendar days. Defendants' requests for admission are hereby deemed admitted by Plaintiff. As Plaintiff has failed to provide substantial justification for his positions, Defendants are awarded $2,000 in sanctions against Plaintiff for these two motions. Plaintiff is ordered to pay the sanctions within fifteen (15) calendar days.

**(3) DEFENDANTS' MOTION TO DEEM PLAINTIFF AELLIS OBTENEBRIX, AKA AELLIS D'ARTISAN, A VEXATIOUS LITIGANT is GRANTED.**

Defendants David Maxwell and Maria Maxwell ("Defendants") asks this Court to deem Plaintiff AEllis Obtenebrix, aka AEllis D'Artisan ("Plaintiff") a vexatious litigant, to enter a prefiling order, require Plaintiff to furnish a security to proceed in the litigation, and to dismiss the case.

---

CASE TITLE: Obtenebrix vs Maxwell [IMAGED]          CASE NO: **37-2023-00018980-CU-NP-CTL**

A litigant may be deemed a vexatious litigant if that person meets one of the following statutory definitions:

(1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.
(2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.
(3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

(Code Civ. Proc., § 391.)

For purposes of the statute, "finally determined adversely" means that all avenues for appeal have been exhausted and/or the time for appeal has expired. (See *Childs v. PaineWebber Inc.* (1994) 29 Cal.App.4th 982, 992-94.) "Litigation" means any civil action in state or federal court. (Code Civ. Proc. § 391(a); see also *Shalant v. Girardi* (2011) 51 Cal.4th 1164.) "A party who repeatedly files baseless actions only to dismiss them is no less vexatious than the party who follows the actions through to completion. The difference is one of degree, not kind." (*Tokerud v. Capitolbank Sacramento* (1995) 38 Cal.App.4th 775, 779.) To satisfy the "repeatedly" language of CCP section 391, subdivision (b)(2), there should be more than two attempts at relitigation. (See *Holcomb v. U.S. Bank Nat. Ass'n* (2005) 129 Cal.App.4th 1494, 1504-05.)

Defendants provide judicially noticeable information that demonstrates Plaintiff has filed more than three different actions that have been finally determined adversely. Defendants' requests for judicial notice are granted. While Plaintiff claims there is continuing conduct related to some of these matters, Plaintiff fails to demonstrate that not all avenues for appeal have been exhausted and/or the time for appeal has not expired. Plaintiff does not deny the matters were dismissed. Thus, Defendants have demonstrated Plaintiff meets the definition of vexatious litigant under CCP section 391(b)(1).

Defendants also demonstrate Plaintiff meets the definition of vexatious litigant under CCP section 391(b)(2). Plaintiff does not deny that he filed the same action against Tony Cox more than once. Plaintiff does not deny that he filed the same action against Kelli Connor more than three times. Consequently, the motion is granted. Plaintiff is hereby deemed a vexatious litigant.

CCP section 391.1(a) provides:

In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security or for an order dismissing the litigation pursuant to subdivision (b) of Section 391.3. The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that they will prevail in the litigation against the moving defendant.

CASE TITLE: Obtenebrix vs Maxwell [IMAGED]                CASE NO: **37-2023-00018980-CU-NP-CTL**

---

(Code Civ. Proc., § 391.1(a).

If, after hearing evidence on the motion, the court determines that the litigation has no merit and has been filed for the purposes of harassment or delay, the court shall order the litigation dismissed. This subdivision shall only apply to litigation filed in a court of this state by a vexatious litigant subject to a prefiling order pursuant to Section 391.7 who was represented by counsel at the time the litigation was filed and who became in propria persona after the withdrawal of his or her attorney.

(Code Civ. Proc., § 391.3(b).)

As Plaintiff was not already subject to a prefiling order pursuant to CCP section 391.7 nor previously represented by counsel prior to the filing of this motion, the Court finds it would not be appropriate to dismiss this action under CCP section 391.1 and 391.3. However, this Court may require Plaintiff to furnish security if Plaintiff is a vexatious litigant and there is not a reasonable probability that Plaintiff will prevail in the litigation against Defendants.

Defendants point out that Plaintiff has not identified specific items Defendants did not return to Plaintiff and Plaintiff alleges a gratuitous promise without consideration. Further, Plaintiff has not alleged a fiduciary relationship. Plaintiff, in responses, asserts that the consideration supporting the purported contract was Plaintiff's "continued professional apprenticeship." Plaintiff does not provide any evidence to support this assertion. Plaintiff does not identify specific items Defendants did not return. Given Plaintiff's refusal to participate in discovery and to proffer evidence to support that Plaintiff has a reasonable probability of succeeding on the merits, the Court finds Defendants have demonstrated Plaintiff's allegations indicate Plaintiff does not have a reasonable probability of succeeding on the merits. Consequently, the Court may require Plaintiff provide security as a condition of continuing the litigation. The Court elects to require Plaintiff to post an undertaking in the amount of $25,000 as a condition of continuing this litigation. If Plaintiff fails to post the undertaking within twenty (20) calendar days, the Court will dismiss this action.

Further, the Court, on motion, may "enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice of the court where the litigation is proposed to be filed." (Code Civ. Proc. § 391.7(a).) The Court finds it should enter a prefiling order as to Plaintiff for the reasons discussed above. The Court hereby orders the entrance of a prefiling order as to Plaintiff.

_____
Judge Richard S. Whitney

---

# Exhibit 16

AEllis Obtenebrix
2037 S Coast Hwy
Laguna Beach, CA 92651
obtenebrix@protonmail.com
(808)800.7477

**FILED**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

FEB 0 9 2022

DAVID H. YAMASAKI, Clerk of the Court

BY: J. GARCIA ,DEPUTY

# SUPERIOR COURT OF CALIFORNIA

# ORANGE COUNTY

| | |
|---|---|
| AELLIS OBTENEBRIX,<br><br>        Plaintiff,<br><br>vs.<br>TONY COX, WOODS COVE ART<br>STUDIO AND GALLERY LLC,<br><br>        Defendants | Case No.: 30-2022-01243681<br><br>**AMENDED COMPLAINT**<br><br>**1: BREACH OF CONTRACT<br>2-22: COPYRIGHT<br>INFRINGEMENT<br>3: LIBEL** |

Assigned for All Purposes
**JUDGE DEREK W. HUNT**

## JURISDICTION

All Parties reside and conduct business within Orange County, California.
All related events occurred within Orange County, California. The subject contract was
both entered into and breached within Orange County, California. The principal amount
of actual damages sought in this complaint is less than $25,000. The amount of statutory
damages for the infringement of copyright varies and could in this instance rise to as
much as $150,000 per instance with a total of twenty one (21) instances of violation
actionable under 17 USC 106.

COMPLAINT - 1

## COMPLAINT

Plaintiff and defendants became acquainted due to close proximity and parallel business efforts in the summer of 2021. Defendant Tony Cox is and was employed as general manager for the retail location of defendant Woods Cove Art Studio and Gallery LLC ("WC"). Defendant Cox made a number of verbal contracts with plaintiff over the months that followed and repeatedly refused to commit any of these contracts to writing. When pressed, Cox offered a wide range of excuses to postpone execution of any written contract, but continued to seek and request services and assistance from plaintiff, and displayed some fine art pieces crafted by plaintiff for sale, but not in accordance with prior agreements and overtures made by defendants by and thru defendant Cox. As a result, plaintiff expended significant time and efforts without any compensation by defendants. In fact, in most instances, plaintiff was out of pocket minor expenses as well as time and effort that were never reimbursed contrary to repeated promises and assurances by defendant Cox.

Between September and November 2021 defendant Cox, as general manager for defendant WC, requested a number of photographs be taken by plaintiff for use by both defendants in promoting another artist shown at WC's retail location. Once again, defendant Cox made a number of binding verbal contracts and offered repetitive assurances that in exchange for the photos and their use, plaintiff would receive proper accreditation, promotion, and marketing for plaintiff and his other businesses which involve photography, as compensation for the preparation and provision of these images to promote another artist at the gallery. That other artist was unaware of defendant Cox's intention, offer, or any terms and was not a party to the contract.

The verbal contract entered by Tony Cox, as general manager and representing WC provided WC a limited use licensing agreement for plaintiff's copyrighted work

COMPLAINT - 2

product, so long as defendants posted the proper credit tagline on all images, which was to reciprocate in promoting plaintiff's business. In return, defendants received images without branding or watermark identifying their maker on or about November 30, 2021 by email[1]. At no time was there any express or implied transfer of copyright ownership. There was never any discussion or agreement that could be construed in any fashion to have transferred copyrights of any sort to defendants at any time.

Defendant Cox posted and displayed the 20 images provided on the WC website[2], without the provided tagline credit as required in the licensing agreement he had solicited and entered into as a binding verbal contract with plaintiff. In doing so he violated the defendants' express limited licensing agreement for use of those same images, some of which are and were displayed in multiple instances on WC's website. Each instance of the display of those images absent the provided tagline credit is an express violation of plaintiff's copyright and the licensing agreement for their use. Each work and instance results in minimum actual damages to plaintiff of two hundred fifty dollars ($250) as well as statutory damages for each act of infringement.

A product photography image costs at least two hundred fifty dollars ($250) for production and license for commercial use from a professional photographer. Market rates for the images provided vary based on a number of factors. In the calendar year 2021, it was normal and typical countrywide to pay anywhere from thirty five to one hundred seventy dollars ($35-170) per image for similar product photography when purchased in bulk, and prices in the location relevant to these events as well as the subject matter are substantially higher than the prevailing market for product images.

Plaintiff is a professional photographer with the appropriate skills, experience, and equipment to charge and receive these rates. At no time has plaintiff ever been an employee of the defendants, nor are or were the works defendants' property.

---

[1] Exhibit #B, attached.
[2] woodscoveart.com

COMPLAINT - 3

Under the Copyright Act of 1976, any original work of authorship fixed in any tangible medium of expression can receive copyright protection. This protection attaches to the work as soon as it has been "fixed" by being written down, recorded, or embodied in a stable and permanent way. This includes photographic images. Section 504 of the Copyright Act designates statutory damages in an amount from seven hundred fifty ($750) to thirty thousand ($30,000) dollars for each act of infringement upon an owner's copyright. Each individual work attaches separate copyright. Twenty separate images and works delivered to defendants and used by defendants outside of the provided license in violation of their contract and in violation of plaintiff's copyright, for commercial purpose: the advertisement of fine art for retail sale. A minimum of twenty separate instances of copyright infringement by the defendants as all twenty images were listed, without the required tagline on their public retail website, some images more than once. In doing so, the defendants violated 17 USC 504 by unlawfully disseminating copyrighted works to the public and by displaying the copyrighted works in a public fashion outside of any licensing agreement.

These images were posted, published, and displayed  by defendants for commercial use on their public commercial retail site, at http://woodscoveart.com in a slideshow with multiple infringing images[3] and at http://woodscoveart.com/collections/detail/nicholas-hernandez where all twenty images were displayed without the required credit. These images were displayed for weeks as they are found in Exhibit #A and have never been shown with the proper tagline credit as provided to defendant Cox by email with the original images themselves attached to that same email[4]. Therefore defendants have made deliberate unlawful commercial use of these twenty copyrighted works in violation of extant law and for their intended pecuniary gain. Such willful infringement of copyright by a corporate entity permits this

---

[3] Exhibit #A, attached.
[4] Exhibit #B, attached.

COMPLAINT - 4

court to increase the statutory damages to as much as one hundred fifty thousand dollars ($150,000) per work infringed pursuant 17 USC 504.

In addition, defendants are in breach of the contract with plaintiff made by defendant Cox made as general manager of WC on behalf of defendant WC as the subject images have never been used as agreed.

Following discovery of defendants' willful breach of contract and infringement upon plaintiff's copyright in regards to the subject images and on or about December 29 and 30, 2021 plaintiff made an immediate cease and desist demand in person upon defendant Cox, on behalf of both defendants, requiring defendants abide by the contracted terms of the images use. Defendant Cox promised again that this would occur on Monday January 3, 2022 as he lacked access and ability to do so himself any sooner. When that did not occur, plaintiff again confronted defendant Cox in person on the issue and defendant Cox repeated his false assurances the matter would be corrected. Plaintiff immediately followed this demand up with a written invoice sent to defendant Cox on behalf of both defendants for provision of immediate licensing of the images as used[5]. Defendants ignored this invoice and its reminders on subsequent days, refused to pay the invoice, refused to respond to the invoice, and refused to make the required corrections to the posted images.

At the time of initial complaint defendants continued to display the images in question without the provided tagline to credit them under the parties' binding verbal contract for their license and use by defendants. This appears to have changed January 11, 2022 when the images were removed from defendant WC's website following an in person visit to the gallery by the controlling member of WC, Rob Hoover. Further, plaintiff and Rob Hoover conversed at length on or about October 7, 2021 and November 4, 2021 regarding the general incompetence, shortcomings, and repetitive failures of defendant Cox, which same are general public knowledge, and Mr Hoover

---

[5] Exhibit #C, attached.

COMPLAINT - 5

acknowledged. Nonetheless, Rob Hoover and WC continue to enable, ampower, and thereby encourage defendant Cox's unlawful behaviors, which escalated thereafter.

Following reasonable legal notices to the defendants and Rob Hoover as controlling member of WC that were intended to encourage resolution of these matters without the necessity of formal legal proceedings, defendants began a public misinformation campaign against plaintiff. One or more of the named defendants published a public statement of fact on a Google service as the "owner" of WC that was false, unprivileged, and caused harm to plaintiff's reputation and had a chilling effect on other business dealings between plaintiff AEllis and other artists and galleries in the vicinity. The town of Laguna Beach remains the demesne of a large number and wide spectrum of artists and art galleries. The majority of the publication[6] was false for stating:

> *"...a former artist who has harassed one of our employees and others since we do not wish to present his work at our gallery. We don't steal from artists or anyone."*

The facts relevant to this false statement are as follows: defendant Cox was at all times resistant to showing any of plaintiff's work, to such a degree that he repeatedly refused to provide any written contract whatsoever between plaintiff artist and the gallery and for weeks refused to even post the required label with the artist's name and price of the pieces for sale, which same resulted in documented lost sales for both WC and plaintiff; when one piece in particular[7] of plaintiff's garnered significantly more attention and interest from visitors to the gallery, defendant Cox took increasing efforts to sideline and conceal that work from visitors, by placing it an unlit area that would diminish its impact, appearance, and visibility, later further concealing it under plastic in partial sight and later out of any sight of visitors, while continuing to display less captivating and engaging pieces of plaintiff artist's on the gallery walls with incorrect information; that

---

[6] Exhibit #D, attached. First image. https://goo.gl/maps/xiyeUay9ceW5DSDBA January 26, 2022.
[7] *"Peekabo Cabana Sunrise" L.Ed.#2*

COMPLAINT - 6

beginning in late December 2021 after discovery of defendant Cox's failure to perform as agreed in regards the publication of the images central to the original dispute, subsequent and in partner with months of deception and nonperformance by defendant Cox in all of his dealings with plaintiff up to that point, including issues of labor and compensation as yet unreimbursed to plaintiff at any time whatsoever but promised by defendant Cox on behalf of himself and or WC, plaintiff did make a reasonable personal demand of defendant Cox no more than once per day and more often once in three or more days that defendant Cox perform as agreed in full or provide immediate compensation for plaintiff's intellectual property and work products misused by defendants Cox and WC; that plaintiff at no time harassed anyone else employed by WC; that plaintiff withdrew his art of his own accord and without notice from the walls where it was displayed and concealed on the evening of January 6, 2022 after learning that the controlling member of WC[8] with whom plaintiff had hoped to consult in person to discuss and resolve the issues at hand related to defendant Cox's chronic and perpetual misconduct would not be in attendance; that defendants do not steal from artists, where copyright infringement by defendants is theft of property as a matter of law, where deceptive practices by defendant Cox to induce uncompensated professional services and labor from plaintiff on behalf of defendant WC or himself can likewise be considered theft, where defendant Cox misrepresents or has misrepresented time(s) worked at the gallery for his own payroll purposes to WC and in return receives or received pecuniary gain for time(s) not worked, in effect stealing from defendant WC much the same as he manipulated and stole time and efforts from plaintiff via numerous false and unfulfilled representations to plaintiff.

This publication on Google was at all times within defendants' ready access and control to edit or remove entire as they see fit and so remains. They have made no apparent effort to correct their publication with its false statements.

---

[8] Rob Hoover.

COMPLAINT - 7

Plaintiff discovered the false statements in the publication noted in Exhibit #D attached hereto on January 21, 2022. Plaintiff immediately took a screen capture photograph of the false statement and sent it by SMS text message direct to Rob Hoover, controlling member of WC with a demand that such false statements cease and desist immediately or face additional legal action. Plaintiff revisited the same Google post on January 24, 2022 and discovered it intact and unchanged whereupon plaintiff made another screen capture photograph[9] for the purpose of documenting defendants' negligent or deliberate intent to defame and malign plaintiff in this matter as well as to preserve a copy for this proceeding. At least defendant Cox continues active defamation of plaintiff.

Plaintiff's interactions and dealings with other artists and galleries within the art community of his hometown Laguna Beach has been chilled as a result of this continued publication of false statements by one or more of these defendants. This amounts to harm in that it forecloses other opportunities to promote and sell plaintiff's artwork in other professional venues more interested in making sales of artwork than the current management of WC due to the deliberate misrepresentation of the facts surrounding plaintiff's termination of the display of his work and relationship with WC. This false publication and further verbal promotion of the related false narrative by at least defendant Cox around Laguna Beach has impacted plaintiff's professional reputation in the community, for which plaintiff now seeks compensation and relief.

For all of which plaintiff now brings complaint on: count one of breach of contract, counts two thru twenty two of copyright infringement(s), and count twenty three of libel for the noted conduct of defendants in violation of all applicable law.

---

[9] Exhibit #D, attached, second image.

COMPLAINT - 8

## **RELIEF SOUGHT**

1.    Injunctive Relief barring defendants from unlawful use of the subject works,

2.    Injunctive relief to defendants for the immediate removal or deletion of all related false statements;

3.    Actual compensatory damages to plaintiff at the market rate of two hundred fifty dollars ($250) per image for each commercial use;

4.    Statutory compensatory damages to plaintiff;

5.    Compensatory damages to plaintiff for libel in an amount of two hundred fifty thousand dollars ($250,000);

6.    Punitive or exemplary damages;

7.    All costs, fees, and expenses related to this litigation;

8.    Any other relief the court deems just and equitable.


Dated this 5th day of February, 2022

AELLIS OBTENEBRIX
plaintiff, pro se
obtenebrix@protonmail.com (all service
to be by electronic delivery this email)

COMPLAINT - 9

16-09

095

## **VERIFICATION**

### STATE OF CALIFORNIA, COUNTY OF ORANGE

I, AEllis Obtenebrix, hereby declare:

I am the plaintiff in this action. I have read the foregoing complaint and know

its contents. The matters stated in the foregoing complaint are true of my own

knowledge and belief and I believe them to be true in their entirety as presented and

documented. I hereby declare penalty of perjury under the laws of the State of

California that the foregoing is true and correct.

Executed on this _5ᵗʰ_ day of _February_____, 2022 in Orange County,

California.

_____
AELLIS OBTENEBRIX
plaintiff, pro se
obtenebrix@protonmail.com

COMPLAINT - 10

# EXHIBIT #A



Screenshot taken January 6, 2022.

COMPLAINT - 11

# EXHIBIT #B



COMPLAINT - 12

# EXHIBIT #C

COMPLAINT - 13

(21) All mail | seasideboudoir@pm.me | ProtonMail    https://mail.protonmail.com/u/0/all-mail/OQgRgvszXEeg...

## A new invoice was created for Tony Cox (#Woods Cove, Gen Mgr)

From: Square <invoicing@messaging.squareup.com>

To:    seasideboudoir@pm.me <seasideboudoir@pm.me>

Date: Thursday, December 30th, 2021 at 6:55 PM



**Seaside Boudoir**

Invoice Sent

# $1,623.75

Due on December 30, 2021

**Product Photography - Fine Art**
Invoice #Woods Cove, Gen Mgr
December 30, 2021

**Customer**
Tony Cox
Woods Cove
tcox8082@gmail.com

**Date of service**
November 29, 2021

**Message**
Forward to Rob asap as authorized by General Manager of
Woods Cove Gallery. No pricing add for edits performed to
specification. Copyright violation noted.

1 of 2                                                                1/7/22, 05:12

**Invoice summary**

**Product Photography -** _____ **$1,500.00**
($75.00 ea.) x 20
*Market Rates from $35-170 per image,*
*Copyright Violation noted,*

Subtotal                                    $1,500.00

California Sales Tax                         $123.75

**Total Due**                              **$1,623.75**

**Seaside Boudoir**
seasideboudoir@pm.me
808-800-7477

© 2021 Block, Inc.

Square Privacy Policy | Security



2 of 2                                                        1/7/22, 05:12

# EXHIBIT #D

23:18 📷
see and read for themselves. The
proofs are attached to the
complaint. "Copyright
Infringement" is a legal term that
simply defined = THEFT.

The LIES posted below are another
foolish act, very likely by one of the
named defendants who doesn't
realize posting and publishing
such false statements (multiple)
here constitute libel as well and
may now require the complaint be
amended to seek additional
damages for these acts.

👍 Helpful (5)    👎 Not Helpful

Woods Cove Art... Gallery (Owner)
5 days ago

This is a former artist who has
harassed one of our employees
and others since we do not wish to
present his work at our gallery. We
don't steal from artists or anyone.

III        ○        ‹

The LIES posted below are another foolish act, very
likely by one of the named defendants who doesn't
realize posting and publishing such false statements
(multiple) here constitute libel as well and may now
require the complaint be amended to seek additional
damages for these acts.

SUPERIOR COURT OF CALIFORNIA

ORANGE COUNTY

ALLEN ORTLUND BELL,          Case No.
Plaintiff,
COMPLAINT
vs.                          1. BREACH OF CONTRACT
TONY COX, WOODS COVE ART     2-22- COPYRIGHT
STUDIO AND GALLERY LLC,      INFRINGEMENT
Defendant

JURISDICTION
All Parties reside and conduct business within Orange County.
California. All related events occurred within Orange County, California. The subject

👍 5        ‹ Share

Response from the owner  2 days ago
This is a former artist who has harassed one of our
employees and others since we do not wish to
present his work at our gallery. We don't steal from
artists or anyone.

COMPLAINT - 14

16-16                                          102

Exhibit 17

### SUPERIOR COURT OF CALIFORNIA,
### COUNTY OF ORANGE
### CENTRAL JUSTICE CENTER

### MINUTE ORDER

DATE: 08/01/2022                     TIME: 09:00:00 AM          DEPT:  C23

JUDICIAL OFFICER PRESIDING: Derek W. Hunt
CLERK: M. Nakata
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: J. Rodriguez Almaraz

CASE NO: **30-2022-01243681-CU-BC-CJC**  CASE INIT.DATE: 01/25/2022
CASE TITLE: **Obtenebrix vs. Cox**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Breach of Contract/Warranty

---

EVENT ID/DOCUMENT ID: 73804500

**EVENT TYPE:** Order to Show Cause re: Dismissal

---

EVENT ID/DOCUMENT ID: 73804501,115225059

**EVENT TYPE:** Case Management Conference
MOVING PARTY: Aellis Obtenebrix
CAUSAL DOCUMENT/DATE FILED: Complaint, 01/25/2022

---

**APPEARANCES**
Aellis Obtenebrix, self represented Plaintiff, present remotely.
Michaela Sozio, from Tressler LLP, present for Defendant(s) remotely.

Hearing held, all participants appearing remotely.

Pursuant to the written request of plaintiff the Court now orders the following:

All named and DOE defendants not served are ordered dismissed.  All complaints and cross-complaints
not reduced to judgment are ordered dismissed.

The Court orders the entire action dismissed without prejudice.

Court orders clerk to give notice.

**IT IS SO ORDERED:**

---

**Hon. Derek W. Hunt**
**Judge of the Superior Court**

---