1

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA



AELLIS D'ARTISAN,

*Plaintiff,*

v.

KELLI MARIE CONNOR OBA KELLI MARIE PHOTOGRAPHY OBA BOUDOIR BY KELLI, JILL LEUER, ALICIA MILLER, ERIC MILLER, JEFFREY BENNION, SARA PASTRANO, THERESA STRATTON GARRETT, JOHN DOE(s) 1-100, JANE DOE(s) 1-100,

*Defendants.*

Case No. 3:24-cv-0017-JO-DEB

### DEFENDANT ERIC MILLER'S MOTION TO DISMISS

Defendant Eric Miller, appearing pro se, submits this Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). Plaintiff's allegations are unsubstantiated, legally insufficient, and represent an improper exploitation of judicial resources aimed at causing disruption rather than seeking genuine relief. Defendant respectfully requests the Court dismiss Plaintiff's Complaint with prejudice, as the allegations

2

are not only unsupported by factual evidence but also indicative of Plaintiff's continued misuse of the judicial process. Allowing this case to proceed would result in unnecessary expenditure of judicial resources and perpetuate Plaintiff's pattern of baseless litigation.

## I. INTRODUCTION

Plaintiff's Complaint is devoid of factual foundation and relies instead on conjecture and demonstrably inaccurate assertions. This filing continues Plaintiff's established pattern of initiating frivolous and harassing litigation. Defendant Eric Miller's inclusion in this matter appears to be a contrived attempt to fabricate claims and assign blame without any credible basis. For these reasons, dismissal of the Complaint is warranted.

## II. BACKGROUND

This dispute arises from Plaintiff's use of intellectual property belonging to Defendant's spouse, Alicia Miller. In June 2021, Defendant and Mrs. Miller lawfully requested the removal of the infringing material. Rather than addressing the issue in good faith, Plaintiff retaliated with a campaign of defamatory statements and harassment. Plaintiff has made unfounded allegations of death threats and conspiracy, which lack any evidentiary support.

Defendant's involvement in this matter is limited solely to advocating for the protection of Mrs. Miller's intellectual property. Defendant denies any relationship or involvement with the other named Defendants or participation in the activities alleged by Plaintiff, as these claims lack

evidentiary support and are irrelevant to the present legal issues. This lawsuit appears to reflect Plaintiff's broader pattern of exploiting the judicial system to intimidate others and to pursue financial gain without merit, while dedicating substantial time to perpetuating harassment rather than constructive resolution.

## III. LEGAL ARGUMENT

### A. Failure to State a Claim (FRCP 12(b)(6))

Plaintiff's Complaint fails to meet the pleading standards established in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The allegations presented lack specificity, fail to allege any cognizable harm caused by Defendant, and are conclusory in nature. Plaintiff has not articulated any plausible legal theory connecting Defendant to the alleged damages.

### B. Lack of Subject Matter Jurisdiction (FRCP 12(b)(1))

Plaintiff has not satisfied the requirements for federal jurisdiction under 28 U.S.C. § 1332 or any other statute. The claims asserted are rooted in state law—such as libel and conspiracy—and do not present a federal question. Furthermore, Plaintiff has failed to demonstrate diversity of citizenship or meet the jurisdictional amount in controversy.

### C. Lack of Personal Jurisdiction (FRCP 12(b)(2))

4

Defendant is a resident of Indiana and lacks sufficient contacts with California to establish personal jurisdiction under *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). Plaintiff has failed to allege any substantial connection between Defendant and the forum state that would satisfy the minimum contacts test. Plaintiff's claims of harm stemming from online activity are insufficient to confer jurisdiction.

## D. DEFENDANT HAS NOT CONCEDED ANY ALLEGATIONS IN PLAINTIFF'S COMPLAINT

Plaintiff's assertion that Defendant has admitted to allegations in the Complaint by failing to explicitly deny them within this Motion is legally incorrect. Under *Fed. R. Civ. P. 12(b)*, a Defendant may challenge the sufficiency of the Complaint without filing an Answer or addressing each allegation individually.

The filing of a Rule 12(b) motion does not constitute an admission of any allegations contained in the Complaint. Defendant's Motion appropriately addresses the deficiencies in Plaintiff's pleading without conceding any factual assertions. Should this Motion not result in dismissal, Defendant reserves the right to respond to specific allegations in subsequent pleadings.

### E. Plaintiff's Misuse of Legal Process

Plaintiff has a documented history of filing meritless lawsuits to harass and intimidate others. The inclusion of unrelated parties and unsupported claims in this action exemplifies Plaintiff's misuse of the judicial system. Plaintiff's vexatious conduct has been recognized under California law, further underscoring the frivolous nature of this litigation.

5

## IV. AFFIRMATIVE DEFENSES

1. Plaintiff's alleged damages are speculative, self-inflicted, and unsupported.
2. Plaintiff has failed to mitigate any claimed damages.
3. Plaintiff's claims are barred under the doctrine of unclean hands.
4. Defendant reserves the right to assert additional defenses as discovery unfolds.

## V. REQUEST FOR SANCTIONS

Pursuant to Federal Rule of Civil Procedure 11, Defendant seeks sanctions against Plaintiff for filing this baseless and harassing lawsuit, including monetary penalties and an order enjoining Plaintiff from pursuing further meritless litigation. These sanctions are justified based on Plaintiff's established pattern of abusing the judicial process, as well as the need to deter future frivolous filings that burden the court and other parties. Plaintiff's actions constitute an abuse of the judicial process, and sanctions are necessary to deter further frivolous filings.

## VI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice. Defendant further requests the Court award costs and impose sanctions as appropriate to deter Plaintiff's ongoing misuse of the judicial system.

6

**DATED:** December 08, 2024

Respectfully submitted,

Eric Miller

*Pro Se Defendant*