UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AELLIS D'ARTISAN,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>KELLI MARIE CONNOR dba KELLI MARIE PHOTOGRAPHY dba BOUDOIR BY KELLY; JILL LEUER; ALICIA MILLER; ERIC MILLER; JEFFREY BENNION aka JEFF BENNION aka JEFFREY MARK BENNION aka JEFF B PHOTOGRAPHY; SARA PASTRANO; THERESA STRATTON GARRETT; COREY ANN BELAZOWHICH; JOHN DOES 1-100; JANE DOES 1-100,<br>　　　　　　　　　Defendants. | Case No.: 24cv17-JO-DEB<br><br>**ORDER (1) GRANTING DEFENDANTS JEFFREY BENNION'S AND KELLI MARIE CONNER'S MOTIONS TO DISMISS; (2) DENYING REQUEST TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT; (3) DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS** |

*Pro se* Plaintiff Aellis D'Artisan brought this action alleging that several photographers violated the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), and various state laws by disparaging Plaintiff and his photography business on the internet. Dkt. 3. Defendants Jeffrey Bennion and Kellie Marie Conner filed motions to dismiss. Dkts. 15, 33. Defendant Bennion's motion to dismiss also requested the Court declare Plaintiff a vexatious litigant. Dkt. 15. For the reasons below, the Court grants Defendants Bennion's and Connor's motions to dismiss but denies the request to declare Plaintiff a vexatious

1

litigant.

## I. BACKGROUND

Plaintiff alleges that fellow photographers took offense at something he posted in a Facebook group and engaged in a campaign to disparage him and hurt his business, Seaside Boudoir Photography. *See generally* Dkt. 3, First Amended Complaint ("FAC"). According to Plaintiff, this started when he posted a business tip in a Facebook group for boudoir photographers (i.e. photographers who specialize in taking sensual, erotic, and/or nude photos). *See id.* ¶ 26. Offended by this unspecified post, other boudoir photographers, including Defendants Kellie Marie Connor, Alicia Miller, Eric Miller, Jill Leuer, Jeffrey Bennion, Sara Pastrano, Theresa Stratton Garrett, and Corey Ann Balazowich (collectively, "Defendants"), started to make false accusations that Plaintiff (1) stole other photographers' images and passed them off as his own; (2) used the stolen images to "induce[] underage women"; (3) operated under a false name; (5) had previously been "kicked out of every large Facebook Boudoir Group"; and (6) was implicated in his ex-girlfriend's murder. *Id.* ¶¶ 12(A)(1)–(5), (B)(1)–(5), (C)(1)–(2), (D)(1)–(2), (E)(1)–(6), (F)(1)–(4), (G), (H)(1)–(3), (J)(1)–(4), (K)(1)–(4), 26. Plaintiff also alleges that Defendants Connor, Alicia Miller, and Eric Miller falsely claimed that they were dissatisfied customers of Plaintiff's photography services. *Id.* ¶¶ 12(A), (B)(2), (C)(2). Plaintiff alleges that Defendants published these false statements on various social media platforms and websites, such as Facebook, Instagram, Yelp, bark.com, and "stopstealingphotos.com,"[1] to harm his reputation and business prospects. *Id.* at 5, 8, 10, 11, 13, 16. Plaintiff claims Defendants' false statements caused him to lose potential clients, deprived him of income, and forced him to close Seaside Boudoir. *Id.* ¶¶ 34, 39.

Based on these facts, Plaintiff brought this action against Defendants alleging that

---

[1] Plaintiff also alleges Defendants' statements were "published on" Google. *See* FAC at 13, 16, 19, 22, 24, 26–27, 30. The Court construes this as an allegation that this false information is searchable through the search engine Google.

this Court has both diversity and federal question jurisdiction. Dkt. 1.[2] In his FAC, Plaintiff brings four claims against Defendants: (1) defamation; (2) conspiracy to commit libel; (3) violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) ("Lanham Act"); and (4) violation of California's Unfair Competition Law, California Business and Professional Code § 17200 *et seq.* ("UCL"). FAC at 5–18. Two of these Defendants, Jeffrey Bennion and Kellie Marie Connor, filed motions to dismiss challenging the validity of Plaintiff's pleadings. Dkts. 15, 33. Defendant Bennion also requested that the Court declare Plaintiff a vexatious litigant. Dkt. 15. Along with his opposition briefs, Plaintiff filed several motions in relation to Defendants Bennion and Connor's motions to dismiss, and Defendants Theresa Stratton Garrett, Corey Ann Balazowich, and Alicia Miller's pleadings. Dkts. 21, 24, 25, 27, 39, 44, 45.

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences that can be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). "A court, however, need not accept all conclusory allegations as true. Rather, it must examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 115, 1121 (9th Cir. 1992). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility

---

[2] Plaintiff filed his original complaint on January 3, 2024 but never served it. Dkt. 1. On his own accord, without requesting leave to amend, on February 5, 2024, he filed his FAC. Dkt. 3.

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

*Pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). Courts construe a *pro se* plaintiff's complaint liberally to determine whether it states a claim. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). However, a *pro se* litigant's pleadings still must provide the defendants with notice of what it is that they allegedly did wrong. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

When a court dismisses a complaint, it must then decide whether to grant leave to amend. A district court should "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a), but may deny leave to amend when a proposed amendment would be futile. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725–26 (9th Cir. 2000). Amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (overruled on other grounds).

### III.   DEFENDANTS' MOTION TO DISMISS

The Court will first consider whether Plaintiff has validly pled a violation of the Lanham Act, which requires that the false speech be promotional in nature and stem from an economic motive rather than a personal one. If the Court dismisses Plaintiff's Lanham Act claim, his only federal claim, it will then determine whether it should retain jurisdiction over his remaining state law claims of defamation, conspiracy to commit libel, and violations of California's UCL.

**A. False Advertising Under the Lanham Act**

The Court first analyzes whether Plaintiff validly pleads his only federal claim of false advertising in violation of the Lanham Act. FAC ¶ J. In doing so, the Court focuses on whether Plaintiff sufficiently alleges that the false statements in his FAC are commercial or promotional in nature.

Section 43(a) of the Lanham Act provides for civil liability against

> (1) [a]ny person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
> . . .
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities[.]

15 U.S.C. § 1225(a)(1)(B). To bring a false advertising suit under the Lanham Act, a plaintiff must show "(1) the defendant made a false statement either about the plaintiff's or its own product; (2) the statement was made in a commercial advertisement or promotion; (3) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (4) the deception is material, in that it is likely to influence the purchasing decision; (5) the defendant caused its false statement to enter interstate commerce; and (6) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to the defendant, or by a lessening of goodwill associated with the plaintiff's product." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 n.4 (9th Cir. 2002) (citing *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997) for *prima facie* requirements of false advertising claim).

The Lanham Act's prohibition against false advertising only applies to statements made in the context of commercial advertising or promotion. *Ariix, LLC v. NutriSearch Corp.*, 985 F.3d 1107, 1120 n.9 (9th Cir. 2021). Although the Lanham Act does not define "advertising" or "promotion," the Ninth Circuit has adopted the following definition: "(1) commercial speech, (2) by a defendant who is in commercial competition with plaintiff, (3) for the purpose of influencing consumers to buy defendant's goods or services, and (4) that is sufficiently disseminated to the relevant purchasing public" to constitute "advertising" or "promotion" within that industry. *Id.* at 1115. "The core notion of

commercial speech is 'speech which does no more than propose a commercial transaction.'" *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1181 (9th Cir. 2003) (quoting *City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 422 (1993)). "Where the facts present a close question, 'strong support' that the speech should be characterized as commercial speech is found where the speech is an advertisement, the speech refers to a particular product, and the speaker has an economic motivation." *Hunt v. City of Los Angeles*, 638 F.3d 703, 715 (9th Cir. 2011) (citing *Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 66–67 (1983)). "Speech is not advertising speech where it does not promote the speaker's product for sale or encourage a commercial transaction with the user." *New. Net., Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1111 (C.D. Cal. 2004).

Here, Plaintiff does not allege that Defendants were trying to promote their own photography services at his expense or had any other economic motive when they made their alleged statements. The statements that he accuses these photographers of making do not propose any commercial transaction or indirectly seek to influence consumer behavior for financial gain. While Plaintiff complains of accusations that may dissuade consumers, including that (1) his photographs are plagiarized; (2) that he lured underage girls with these stolen photographs; (3) certain customers are dissatisfied; (4) is not allowed in any boudoir photography Facebook groups; and (6) he threatens women and may be a murderer, he does not explain how these statements were designed to promote Defendants' sales. *Ariix*, 985 F.3d at 1115 (finding that even if the communication does not directly solicit a commercial transaction it can rise to commercial speech if the communication is directly designed to promote sales). For example, there are no allegations that any of these Defendants made these statements as an advertisement for their own services or to direct services toward their own photography businesses by diverting it away from Plaintiff. *See* FAC. Here, based on the current pleadings, its appears that Defendants acted out of indignation for Plaintiff's actions—in Plaintiff's own words, to "ostracize" and "cancel" him within the photographer community—but nothing indicates that there was an economic motive for these actions. FAC at 16, 21–22, 24, 32–33 (describing Defendants'

actions as a "cancel culture campaign" "with the implicit intent of ostracizing" him). Because Plaintiff does not plausibly allege any of the Defendants made false statements in the context of commercial advertisement or promotion, he fails to state a claim for a violation of the Lanham Act.[3]  Therefore, the Court DISMISSES Plaintiff's claim for false advertising under § 43(a) of the Lanham Act.[4]

In light of Plaintiff's *pro se* status, however, the Court grants him leave to amend to address the deficiencies in his pleading if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'").

**B. Supplemental Jurisdiction**

Because the Court has dismissed Plaintiff's federal claim, it declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.[5]  A Court may

---

[3] Given the Court's dismissal of Plaintiff's federal claim under Rules 12(b)(6) and 12(b)(1), the Court does not reach the question of whether Defendant Connor has consented to personal jurisdiction under Rule 12(b)(2).

[4] Defendant Bennion requested that the Court judicially notice court records that would show that the name "Aellis D'Artisan" is not Plaintiff's true identity and that he is proceeding in this action under an alias. Dkt. 15-2. Because the Court did not consider this information in its analysis of the sufficiency of Plaintiff's pleading and its conclusion to decline supplemental jurisdiction over Plaintiff's state law claims, the Court DENIES as moot this request for judicial notice.

The Court GRANTS Defendant Connor's request to judicially notice court records showing that this case is Plaintiff's fourth attempt to file the same, or substantially the same, causes of action against Defendant Connor. Dkt. 33-2; *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("A court may take judicial notice of matters of public record... [b]ut a court cannot take judicial notice of disputed facts contained in such public records.") (internal quotation marks and citations omitted).

[5] Plaintiff claims diversity jurisdiction but failed to allege his own citizenship, much less that his citizenship differs from the citizenship of all Defendants. *In re Mexico City Aircrash of October 31, 1979*, 708 F.2d 400, 404 n. 4 (9th Cir.1983) (a plaintiff must affirmatively allege essential elements of diversity jurisdiction).

Plaintiff's FAC generally alleges that he operates a photography business "out of Southern California." FAC at 2; *see e.g.*, *Mann v. City of Tucson, Dep't of Police*, 782 F.2d 790, 794 (9th Cir. 1986) (holding that even though a *pro se* plaintiff failed to specifically allege his own citizenship, his identifying the location of his temporary housing and a California mailing address was sufficient to establish citizenship in California). To the extent that he seeks to plead that he is a citizen of California with the above statement, Plaintiff fails to demonstrate that complete diversity exists because Defendant Bennion

exercise supplemental jurisdiction to hear a plaintiff's state law claims that "derive from a common nucleus of operative fact[s]" as his or her federal claims. 28 U.S.C. § 1367(c); *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1174 (9th Cir. 2002). But where it has dismissed all federal claims over which it had original jurisdiction, it may decline to extend its jurisdiction to the remaining state claims. *See id.*; *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010).

Here, because the Court has dismissed all of Plaintiff's federal claims—the claims that conferred original jurisdiction—the Court need not exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c); *Sanford*, 625 F.3d at 561 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.") (internal citations omitted). Thus, Plaintiff's state law claims are DISMISSED without prejudice to refiling in state court.

## IV.  VEXATIOUS LITIGANT

The Court next addresses Defendant Bennion's request to declare Plaintiff a vexatious litigant. Dkt. 15 at 13–15.

Federal courts have the authority to regulate the conduct of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances. *Ringgold–Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014). One such restriction is provided by the All Writs Act, 28 U.S.C. § 1651(a), which permits a court to enjoin filing by litigants with abusive and lengthy litigation histories. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). A court may enjoin a litigant's filings when it finds that a plaintiff's claims are frivolous, or that his litigation conduct constitutes a pattern of

---

is also a citizen of California. Dkt. 70, Suppl. Decl. of Jeffery M. Bennion in Supp. of Mot. Dismiss; *see Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004) ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest."). Accordingly, the Court does not have diversity jurisdiction over Plaintiff's state law claims.

harassment towards the defendant or the court. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1059 (9th Cir. 2007); *De Long*, 912 F.2d at 1148 n.3 (citation omitted). A frivolous claim is either "patently without merit," *Molski*, 500 F.3d at 1059, or has "some measure of a legitimate claim" but asserts "facts that are grossly exaggerated or totally false." *Id.* at 1060–61. Manipulative or coercive litigation tactics can constitute harassment. *Id.* at 1060.

While Defendant Bennion cites to a total of four other federal cases filed by Plaintiff, three which involve the same facts as this complaint, he does not establish that these filings are either patently without merit or demonstrate an intent to harass, as required for the Court to declare Plaintiff a vexatious litigant.[6] Simply filing many claims is not sufficient reason. *See id.* at 1059. Even though Plaintiff's three prior federal cases were dismissed, none of the courts found that these complaints were patently without merit, grossly exaggerated, or totally false to constitute frivolousness. Instead, two of the dismissals never reached the substance of Plaintiff's claims, and the third one was dismissed for failure to prosecute after Plaintiff failed to amend his pleadings as directed by the Court. *See O. v. Connor et al.*, 3:22-cv-00200-JLS-WVG (initially dismissed without prejudice for failure to state a claim and subsequently dismissed for failure to prosecute and amend complaint); *Obtenebrix v. Connor*, 3:22-cv-00597-JO-AHG (dismissed for failure to prosecute on grounds of insufficient *in forma pauperis* ("IFP") application); *Obtenebrix v. Connor et al.*, 3:23-cv-00814-RSH-VET (dismissal for failure to comply with court's order to submit supplementary evidence for IFP application). Defendant Bennion also fails to

---

[6] Defendant Bennion also cites to, and incorrectly relies on, 28 U.S.C § 1915(g) as a basis for arguing that Plaintiff should be declared a vexatious litigant. Section 1915(g) provides that a prisoner with three or more "strikes," i.e., prior civil cases or appeals dismissed as frivolous, malicious, or for failing to state a claim, "cannot proceed IFP" absent a plausible allegation of "imminent danger of serious physical injury" at the time of filing. Dkt. 15–16; *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (quoting 28 U.S.C. § 1915(g)). Notwithstanding the fact that Plaintiff is not a prisoner as defined by § 1915, as explained by the Court, only one of Plaintiff's three prior federal cases were found to have failed to state a claim.

explain how these cases demonstrate a pattern of harassment aside from their multiplicity. *Contra Sepehry-Fard v. Select Portfolio Servicing, Inc.*, No. 14-CV-05142-LHK, 2015 WL 1063070, at *9 (N.D. Cal. Mar. 10, 2015) (finding plaintiff's litigation conduct harassing where Plaintiff continued to file lawsuits aimed at delaying the same foreclosure proceedings despite his failure to prevail in any of his eight lawsuits and the district court's repeated warnings that his meritless theory of liability had been rejected).

Based on the above, the Court DENIES without prejudice Defendant Bennion's request to declare Plaintiff a vexatious litigant.

## V. PLAINTIFF'S OTHER MOTIONS

The Court next addresses the numerous motions Plaintiff filed in relation to Defendants Bennion's and Connor's motions to dismiss, and the pleadings of Defendants Theresa Stratton Garrett, Corey Ann Balazowich, and Alicia Miller.

### A. "Motion to Extend Time to Serve" – Dkt. 21

Plaintiff filed a "Motion to Extend Time to Serve" requesting (1) 90 additional days to serve Defendant Sara Pastrano and (2) additional time to serve Defendant Kelli Marie Connor, Dkt. 21. Because (1) the Court has already granted Plaintiff's request for an extension of time to serve Defendant Pastrano, Dkt. 35, and (2) Defendant Connor appeared in this action and did not challenge service, Dkt. 33, the Court DENIES these requests as moot.

### B. Response and Motion to Strike Defendant Jeffrey Bennion's Motion to Dismiss – Dkt. 25

Plaintiff requested that the Court strike Defendant Bennion's motion to dismiss or extend Plaintiff's time to respond to this motion on the grounds that he received e-mail service but no paper copy. Dkt. 25. Upon review, the Court finds that service was valid because Plaintiff consented to e-mail service. Fed. R. Civ. P. 5(b)(2)(E) (authorizing service by electronic means when a party consents to it in writing); Dkt. 3 at 35 (Plaintiff consenting to and directing e-mail service to the e-mail address listed in his FAC). Further, it appears Plaintiff received Defendant Bennion's motion because Plaintiff filed a

"Response and Motion to Strike Defendant Jeffrey Bennion's Motion to Dismiss Plaintiff's Complaint." Dkt. 25. Thus, this motion is DENIED.

### C. Motion for Extension of Time to File Response – Dkt. 39

Next, Plaintiff filed a "Motion for Extension of Time to Respond" requesting ten additional days to respond to "any orders or pleadings filed between September 21, 2024 thru November 23, 2024" due to delayed mail processing while Plaintiff was detained at Los Colinas Detention Facility. Dkt. 39. The Court DENIES as moot Plaintiff's request for an extension considering Plaintiff timely filed a "Response and Motion to Strike Defendant Kelli Marie Connor's Motion to Dismiss Plaintiff's Complaint." Dkt. 45.

### D. Response and Motion to Strike Defendant Kelli Marie Connor's Motion to Dismiss – Dkt. 45

Plaintiff captions his opposition brief to Defendant Connor's motion to dismiss as a "Response and Motion to Strike." Dkt. 45. Upon review of the filing, the Court finds that this briefing opposes Defendant Connor's motion to dismiss but makes no specific request for striking the responsive pleading. *See* Dkt. 45. Thus, the Court DENIES this motion as moot.

### E. Motions to Strike Responsive Pleadings of Defendant Theresa Stratton Garrett, Corey Ann Balazowich, and Alicia Miller – Dkts. 24, 27, 44

Plaintiff also filed motions requesting that the Court strike Defendants Theresa Stratton Garrett and Corey Ann Balazowich's Answers, and Defendant Alicia Miller's Answer and Counterclaim, and enter default judgment against all three defendants. Dkts. 24, 27, 44. Motions to strike are appropriate to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see Whittlestone, Inc. v. Handi-Craft Co.*, 618 F3d 970, 973–974 (9th Cir. 2010) (allegations to be struck must fit one of these specified categories).

Here, Plaintiff argues Defendant Garrett and Balazowich's Answers and Defendant Alicia Miller's Answer and Counterclaim must be stricken because they are not verified pleadings. Dkts. 24, 27, 44. Contrary to Plaintiff's assertion, answers need not be verified,

and the Federal Rules of Civil Procedure do not explicitly require that pleadings be verified. *See* Fed. R. Civ. P. 11(a) ("Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit."); *Walker v. Washington Mut. Bank FA*, 63 F. App'x 316, 317 (9th Cir. 2003) (affirming district court's denial of plaintiff's motion to strike on the grounds that answer was not verified because the Federal Rules of Civil Procedure do not require verified answers). Next, Plaintiff attacks the factual accuracy of Defendants Garrett, Balazowich, and Alicia Miller's assertions in their respective Answers. Dkts. 24, 27, 44. These factual disputes, however, are not proper grounds for striking an answer. *Whittlestone*, 618 F3d at 973–974 ("[C]ourts may not resolve disputed and substantial factual or legal issues in deciding a motion to strike.") (internal quotations omitted). Because Plaintiff's motions do not establish that these pleadings warrant striking as insufficient, redundant, immaterial, impertinent, or scandalous as set forth in Rule 12(f), the Court DENIES these motions.

## VI. CONCLUSION

Based on the above, the Court:

1. **GRANTS** Defendant Bennion and Connor's motions to dismiss [Dkts. 15, 33.]
2. **DISMISSES** all claims against all Defendants in the First Amended Complaint without prejudice and with leave to amend.
3. **GRANTS** Plaintiff fourteen (14) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted in this Order. Plaintiff's Second Amended Complaint must be complete by itself without reference to any previous version of his pleading; Defendants not named and any claims not re-alleged in the Second Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).
4. Plaintiff must file an amended complaint that complies with this order by **March 27, 2025**, otherwise the Clerk of Court shall enter a dismissal of the action without further notice to Plaintiff. Because Plaintiff is proceeding IFP, any

proposed Second Amended Complaint to be filed by Plaintiff will be subject to the Court's *sua sponte* screening under 28 U.S.C. § 1915(e).

5. **DENIES** Defendant Bennion's request to declare Plaintiff a Vexatious Litigant [Dkt. 15].

6. **DENIES** as moot Plaintiff's "Motion to Extend Time to Serve" [Dkt. 21]; Plaintiff's Response and Motion to Strike Defendant Jeffrey Bennion's Motion to Dismiss Plaintiff's Complaint [Dkt. 25]; "Motion for Extension of Time to Respond" [Dkt. 39]; Response and Motion to Strike Defendant Kelli Marie Connor's Motion to Dismiss Plaintiff's Complaint [Dkt. 45].

7. **DENIES** Plaintiff's motions to strike the Answers of Defendants Theresa Stratton Garrett and Corey Ann Balazowich [Dkts. 24, 27].

8. **DENIES** Plaintiff's motion to strike the Answer and Counterclaim of Defendant Alicia Miller [Dkt. 44].

**IT IS SO ORDERED.**

Dated: March 13, 2025

_____
Honorable Jinsook Ohta
United States District Judge